```
 1  PERKINS COIE LLP

 2  Elise Edlin, Bar No. 293756
    EEdlin@perkinscoie.com
 3  Torryn T. Rodgers, Bar No. 319126
    TRodgers@perkinscoie.com
 4  505 Howard Street, Suite 1000
    San Francisco, California 94105-3204
 5  Telephone: +1.415.344.7000
    Facsimile:  +1.415.344.7050
 6
    Todd M. Hinnen (pro hac forthcoming)
 7  THinnen@perkinscoie.com
    1301 Second Avenue, Suite 4200
 8  Seattle, Washington 98101-3804
    Telephone: +1.206.359.8000
 9  Facsimile:  +1.206.359.9000

10
    Attorneys for Non-Party
11  Google LLC
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE DMCA 512(h) SUBPOENA TO GOOGLE LLC, | Case No. 4:25-mc-80164-DMR<br><br>NON-PARTY GOOGLE LLC'S MOTION TO STRIKE MOVANT'S MOTION TO COMPEL COMPLIANCE WITH DMCA SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date:     November 4, 2025<br>Time:    1:00 p.m.<br>Judge:   Donna M. Ryu |

|   |   |
|---|---|
| 1 | **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:** |
| 2 | **PLEASE TAKE NOTICE** that on November 4, 2025, at 1:00 p.m., or as soon as the matter |
| 3 | may be heard by the Judge to whom this matter is reassigned in the above-entitled Court located at |
| 4 | 1301 Clay Street, Courtroom 4 – 3rd floor, Oakland, California 94612, Non-party Google LLC |
| 5 | ("**Google**") will and hereby does move this Court to strike Movant Nima Gharavi's Motion |
| 6 | To Compel Compliance With DMCA Subpoena (ECF No. 3) ("**Motion**"), as well as all |
| 7 | explicit or implicit references thereto. This Motion is made on the grounds that Mr. |
| 8 | Gharavi's motion to compel is prohibited by Local Rule No. 7-1 and is inconsistent with the |
| 9 | standing orders of this Court regarding discovery disputes. |
| 10 | This Motion is based on this Notice of Motion and accompanying Memorandum of |
| 11 | Points and Authorities with exhibits, all pleadings and papers on file in this action, and any further |
| 12 | matters, arguments, and authorities that may be properly presented at the forthcoming |
| 13 | hearing on the Motion. |

Dated: October 13, 2025                    **PERKINS COIE LLP**

By: */s/ Elise Edlin*
    Elise Edlin, Bar No. 293756
    Torryn T. Rodgers, Bar No. 319126
    Todd M. Hinnen, *pro hac* forthcoming

Attorneys for Non-Party
Google LLC

## I.  INTRODUCTION

The Federal Rules, Local Rules, and Judges' Standing Orders encourage parties to resolve discovery disputes without Court intervention, or streamline them if intervention is necessary. For example, Judge Ryu, who was assigned this case when Movant Nima Gharavi filed his Motion to Compel Compliance with DMCA Subpoena (the "**Motion**"), requires that if a discovery issue remains unresolved after good faith meet and confers, the parties must submit a joint letter brief—limited to five cumulative pages—within five business days of their last discussion, clearly stating their respective positions. The *only* permitted exhibit, in such a circumstance, is "one exhibit that sets forth each disputed discovery request in full, followed immediately by the objections and/or responses thereto." *Standing Order for Magistrate Judge Donna M. Ryu* § 14 (the "**Standing Order**"). Every other Judge or Magistrate Judge in the Oakland Division of this District has a similar standing order with similar requirements.

Mr. Gharavi's Motion violates each of these rules. At the time the Motion was filed, it had been nearly six weeks since the parties last met and conferred. Mr. Gharavi's statement of his position is ten times the page limit allotted to an individual party by the Standing Order. And he has submitted more than 100 pages of exhibits. To the extent Mr. Gharavi relies on his declination of Magistrate jurisdiction, he cannot claim to have created a void in which no Judge's rules apply. Regardless of the Judge to whom it is reassigned, the Motion will be subject to similar limitations; each imposes similar meet and confer, page limit, and exhibit limitations.

Recognizing that Mr. Gharavi is proceeding *pro se*, counsel for Google explained the requirements of Magistrate Ryu's rules, and those of the Oakland Division generally, to Mr. Gharavi and requested that he wait until the Clerk has reassigned the matter and proceed according to the assigned Judge's rules. Mr. Gharavi refused. His Motion, consequently, imposes an undue burden on the Court and on Google. It should be stricken, without prejudice to Mr. Gharavi's ability to pursue his remedy before a duly appointed Judge, when one is assigned, in accordance with her or his rules. In the alternative, should the Court consider the Motion, Google requests a two-week extension to prepare a concise response to Mr. Gharavi's overlength brief and extensive exhibit set.

## II.   BACKGROUND

On June 25, 2025, Mr. Gharavi served on Google a subpoena issued by this Court under Section 512(h) of the Digital Millenium Copyright Act (the "**DMCA Subpoena**" or "**Subpoena**") purporting to require Google to produce information sufficient to identify the YouTube subscribers corresponding to eight YouTube accounts by July 18, 2025. ECF No. 2. Google produced the YouTube subscriber information for each account on July 18, 2025. Motion at 10.[1] Less than two weeks later, after further correspondence with Mr. Gharavi, Google also produced the Google subscriber information associated with each account. *Id.* On August 4, 2025, Mr. Gharavi demanded that, in addition, Google produce AdSense and monetization information for the @WiscoWrestler account, including AdSense ID(s), physical mailing address(es), linked YouTube channels, and MCN affiliation information. ECF No. 3-1 at 30 (Gharavi Decl. Ex. A).

On August 12, 2025, outside counsel for Google contacted Mr. Gharavi, requesting a meet and confer to express concern that his demand exceeded the limited scope of Section 512(h). The parties met and conferred on August 15, and again on August 22. Edlin Decl. ¶¶ 2–3. During the meet and confers, because Mr. Gharavi was proceeding *pro se*, Google's counsel made sure that Mr. Gharavi understood that matters proceeding before the Oakland Division were required to comply with the assigned Magistrate Judge's or Judge's standing order. *Id.* at ¶ 3. Mr. Gharavi asked whether counsel would accept service of any filing he made in connection with the matter. *Id.* Google's counsel responded that they did not expect there to be any problem with them accepting service, but they would confirm that with their client. *Id.* The next business day, on August 25, Mr. Gharavi followed up by email to confirm that counsel would accept service of any forthcoming motion; counsel were still seeking confirmation from Google, and did not respond. *Id.* at ¶ 4; *see also* ECF No. 3-1 at 18 (Gharavi Decl. Ex. A).

Six weeks later on October 2, 2025, with no further communication or attempt to resolve the lone outstanding issue or discuss the appropriate procedure, Mr. Gharavi filed this Motion and, shortly thereafter, a declination of Magistrate jurisdiction. *See* ECF Nos. 3, 5. Despite Google's

---

[1] For clarity, Google's pincites to the Motion refer to the ECF-stamped page numbering, as the Motion contains multiple documents with varying pagination.

express and demonstrated intent to cooperate, and Mr. Gharavi's written assurance that he would notice Google's outside counsel of any filing, Mr. Gharavi served the Motion in-person on Google's formal agent of process, and did not notify or provide a courtesy copy of the Motion to any of the attorneys with whom he had previously been in regular correspondence. Edlin Decl. ¶ 5. Google's counsel received the Motion on October 7, 2025. *Id.* His 26-page Motion, accompanied by more than 100 pages of exhibits, violates Judge Ryu's Standing Order and the standing orders of every other Judge and Magistrate Judge in the Oakland Division. It addresses issues well beyond the outstanding narrow issue upon which the parties met and conferred, including over two entire pages of argument requesting sanctions, which Mr. Gharavi never mentioned previously. It does not, in violation of Local Rule 7-2(b)(2), list a hearing date.

As of the date of this filing, no Judge has been assigned to this matter. As a result, the rules applicable to this discovery dispute—including key procedural rules, such as the requirement to meet and confer, the form and page limits, and the timeline—have not yet been determined. Regardless, the Motion does not comply with the standing orders of any of the eight possible Magistrate or District Judges in the Oakland Division to which this case may be assigned. *See Standing Orders for Judges Westmore, Ryu, Tigar, White, Wilken, Hamilton, Gonzalez Rogers, and Gilliam*.

Were this Motion proper, and were it properly submitted and noticed, Google's response would be due on October 16, 2025. On October 9, 2025, Google asked that Mr. Gharavi grant a short extension so that a Judge could be assigned to the matter and the parties could proceed according to that Judge's rules, and because Google's counsel only received Mr. Gharavi's improperly lengthy motion and exhibits several days after they were filed. Edlin Decl. ¶ 6, Ex. 1. Mr. Gharavi declined Google's request. *Id.* Google again requested that Mr. Gharavi allow sufficient time for a judge to be appointed, and for the parties to consult and proceed according to the applicable rules. *Id.* Mr. Gharavi again declined. *Id.* Accordingly, Google has no choice but to file this Motion, which it understands Mr. Gharavi opposes.

### III. LEGAL STANDARD

Magistrate Judge Ryu's[2] Standing Order states: "[t]he parties shall not file formal discovery motions." Ryu Standing Order ("Standing Or.") § 14. Instead, parties "shall first meet and confer to try to resolve their disagreements." *Id.* Only "[i]f disagreements remain," should the parties proceed to "file a joint letter **no later than five business days** after the meet and confer session, unless otherwise directed by the court." *Id.* (emphasis original). The letter "shall include an attestation that the parties met and conferred . . . regarding all issues prior to filing the letter." *Id.* In addition, the joint letter, which "shall describe each unresolved issue, summarize each party's position with appropriate legal authority, and **provide each party's final proposed compromise before moving to the next issue**," *id.* (emphasis original), "shall not exceed **five** pages . . . without leave of court." *Id.* (emphasis original).

Even if, as a result of Mr. Gharavi's declination, Judge Ryu's Standing Order no longer applies (Google disagrees), the matter will be reassigned to and proceed before one of the six District Court Judges in the Oakland Division (and possibly be referred back to one of two Magistrate Judges, including Magistrate Ryu). No Judge or Magistrate Judge in the Oakland Division permits discovery disputes to proceed by formal motion. All require the parties to submit a joint letter brief. The longest page limit allowed by any Judge or Magistrate Judge for a joint letter brief is eight pages total, four per party. The lengthiest number of exhibit pages permitted by any Judge or Magistrate Judge is twelve pages total, six per party. Mr. Gharavi's Motion is improper under any of these standards. Even if it were construed as his portion of a joint letter brief, it would be close to eight times the allowed page limit, and be accompanied by more than ten times the allowed number of pages of exhibits, regardless of which Judge or Magistrate Judge it proceeded before.

---

[2] Magistrate Judge Ryu issued the DMCA Subpoena at issue and her Standing Order and procedures therewith apply *at least* up until Mr. Gharavi's filing of his declination of consent, filed concurrently with the Motion.

## IV. ARGUMENT

### A. Mr. Gharavi's Motion is procedurally improper.

#### 1. Judge Ryu's standing order governs discovery.

As a practical matter, in the Oakland Division, a 512(h) subpoena matter is assigned to a Magistrate Judge, unless and until one of the parties declines consent to Magistrate jurisdiction. Here, it is undisputed that Judge Ryu maintained jurisdiction *at least* through Mr. Gharavi's filing of the Motion on October 2, 2025. *See* ECF No. 3 (Motion filed October 2, 2025); ECF No. 5 (Consent/Declination to Proceed Before a Magistrate Judge). Because Judge Ryu maintained jurisdiction throughout the requisite meet and confer period, the duration of Mr. Gharavi's drafting of the Motion, and up until the time of his filing of that Motion, her Standing Order governing discovery disputes controls. To assume otherwise would create an untenable procedural vacuum in which no rules apply.

#### 2. Mr. Gharavi failed to timely meet and confer or coordinate the filing of a 5-page joint letter brief, as required by Judge Ryu's Standing Order.

Judge Ryu's Standing Order states unambiguously that "[t]he parties shall not file formal discovery motions." Standing Or. § 14. Judge Ryu's Standing Order requires any party seeking resolution of a discovery dispute to file a ***joint*** letter brief (of no more than five pages) **no later than 5 days** following a meet and confer. *Id*. Further, the joint letter brief must include an attestation by both parties that they met and conferred pursuant to the Order and that "all issues" in dispute were discussed. *Id.* None of this occurred. First, as Mr. Gharavi admits, the parties "second and final meet and confer" was on August 22, 2025. ECF No. 3-1 at 75 (Gharavi Decl. ¶ 21); *see also* Edlin Decl. ¶¶ 3–4. After his follow-up email on August 25, Mr. Gharavi made no further contact with Google—a full 41 days prior to his filing of the Motion. *Id.* at ¶ 5. Second, contrary to the Standing Order, Mr. Gharavi seeks to proceed by formal motion, not by joint letter brief. Third, his Motion significantly exceeds both the number of pages and the number of pages of exhibits permitted by the Standing Order—or the standing order of any of the seven other Magistrate or District Court Judges in this Division to whom this matter could be eventually reassigned.

Understanding Mr. Gharavi's *pro se* status, Google explained carefully and clearly the requirements of the Magistrate Ryu's Standing Order, and the standing orders of other Judges and Magistrate Judges in the Oakland Division, and asked him to withdraw the Motion and proceed consistent with the rules of this Court. Edlin Decl. ¶¶ 2–3. Mr. Gharavi refused to do so. *Id.*

**3.    Even if Magistrate jurisdiction was timely declined (it was not), the Motion remains improper under any of the District Court Judge's rules.**

As Google explained to Mr. Gharavi in its October 9, 2025 request for an extension of time, the sprawling 26-page Motion (with over 100 pages in exhibits) does not comply with any of the standing orders of the Oakland Division's District Court Judges. The Judges who consider discovery motions without a Magistrate (Judges Tigar, White, Hamilton, Gonzalez Rogers, and Gilliam) range in their limit of letter brief pages to 4 per side (in Judge White's case) to 2 per side (in Judge Gonzalez Rogers' case). The only remaining Judge, Judge Wilken, refers all discovery disputes to a Magistrate (under which discovery motions are consequently governed by the respective standing orders of the assigned Magistrate) for a Report and Recommendation. And *all* Judges require the parties to meet and confer in good faith in attempt to resolve the dispute without Court intervention. *See generally Standing Orders for Judges Westmore, Ryu, Tigar, White, Wilken, Hamilton, Gonzalez Rogers, and Gilliam.*

**4.    Mr. Gharavi has not met and conferred in good faith.**

In federal practice, the meet-and-confer serves as a mandatory, good-faith effort by parties to resolve discovery disagreements without court intervention. By requiring candid dialogue and concrete proposals, the meet-and-confer process promotes efficiency, reduces motion practice, preserves judicial resources, and creates a clear record of the parties' positions and efforts to resolve issues before seeking relief.

Mr. Gharavi's argument that a failure to respond to a single email sent a month and a half ago on August 25, 2025 (requesting Google's counsel accept service of as-yet theoretical motion) caused Mr. Gharavi to spend six weeks drafting a 145-page filing and absolved him of any requirement to meet and confer in good faith to resolve the issues, is unconvincing. Despite Mr. Gharavi's previous and consistent communication with both Google and its counsel, between

August 25 and October 2, 2025, Mr. Gharavi did not attempt to contact anyone to discuss his outstanding requests, to inquire about the correct procedure for declining magistrate jurisdiction, or seek clarity—as a *pro se* litigant—on how to proceed in those circumstances. Moreover, the Motion includes further substantive issues that have to date never been discussed with Google's counsel. *See e.g.*, Motion at 30–32 (requesting sanctions).

Mr. Gharavi did not even notify Google's attorneys upon filing the Motion, as he stated he would in his August 25 email. *See* ECF No.3-1 at 18 (Gharavi Decl. Ex. A) ("I will, of course, let you know as soon as [a motion is] filed."). This, combined with Mr. Gharavi's repeated refusal to allow Google a reasonable extension to oppose the Motion (given Google's significant delay in receiving it due to lack of notice) reveals no attempt to resolve the outstanding issue in good faith. In the end, Mr. Gharavi's Motion is in violation of the Federal and Local Rules and of any of the potentially applicable standing orders. Consequently, the Court should strike the non-compliant Motion so that the parties may proceed according to the rules once a Judge has been assigned and the applicable standing order governing the dispute has been determined. Any complaint by Mr. Gharavi about delay caused by this additional wait is contradictory to his actions: he could have expediently resolved the issue presented by the Motion by proceeding six weeks ago under Judge Ryu's Standing Order.

**B.    Should the Court decline Google's Motion to Strike, Google requests a short extension to prepare its opposition.**

On October 9, 2025—after receiving Mr. Gharavi's unexpected 26-page Motion and more than 100 pages of accompanying exhibits, with only one week until an opposition would be due if the Motion were proper—counsel for Google reached out to Mr. Gharavi seeking a brief, reasonable extension. Edlin Decl. ¶ 6. Mr. Gharavi "respectfully decline[d]" counsel's request. *Id.* In a subsequent email, counsel for Google—understanding that Mr. Gharavi is representing himself *pro se*—explained why an extension would be appropriate, if not necessary, under the circumstances, including but not limited to the fact that the matter has not yet been re-assigned from Magistrate Ryu (and the parties consequently do not know which Judge's rules apply, if not Magistrate Ryu's). *Id.* Mr. Gharavi refused counsel's extension request a second time. *Id.* For these reasons, in the

event that the Court denies Google's Motion to Strike, Google respectfully requests that the Court grant a two-week extension from the date of this Court's order so that Google can brief the substantive issues with appropriate attention to the Judge that will decide the matter and their rules for submissions regarding discovery disputes.

## V. CONCLUSION

For the foregoing reasons, Google respectfully requests the Court strike Movant's Motion to Compel Compliance with DMCA Subpoena, without prejudice to Movant's ability to seek to compel compliance consistent with the Local Rules and applicable standing order, or in the alternative, grant Google a two-week extension from the date of this Court's order to fully brief the issue on the merits.

Dated:  October 13, 2025            **PERKINS COIE LLP**

By: */s/ Elise Edlin*
Elise Edlin, Bar No. 293756
Torryn T. Rodgers, Bar No. 319126
Todd M. Hinnen, *pro hac* forthcoming

Attorneys for Non-Party
Google LLC

## CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury under the laws of the State of California that, on October 13, 2025, caused to be served a copy of Motion and supporting documents upon the following person(s) via email to the following:

Nima Gharavi:  nima@midwestwrestle.com

DATED this 13th of October, 2025, at San Francisco, California.

*/s/ Elise Edlin*
Elise Edlin