| | |
|---|---|
| 1 | PERKINS COIE LLP |
| 2 | Elise Edlin, Bar No. 293756<br>EEdlin@perkinscoie.com |
| 3 | Torryn T. Rodgers, Bar No. 319126<br>TRodgers@perkinscoie.com |
| 4 | 505 Howard Street, Suite 1000<br>San Francisco, California 94105-3204 |
| 5 | Telephone: +1.415.344.7000<br>Facsimile:  +1.415.344.7050 |
| 6 | |
| 7 | Todd M. Hinnen (*pro hac* forthcoming)<br>THinnen@perkinscoie.com |
| 8 | 1301 Second Avenue, Suite 4200<br>Seattle, Washington 98101-3804 |
| 9 | Telephone: +1.206.359.8000<br>Facsimile:  +1.206.359.9000 |
| 10 | |
| 11 | Attorneys for Non-Party<br>Google LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE DMCA 512(h) SUBPOENA TO GOOGLE LLC, | Case No. 4:25-mc-80164-DMR<br><br>DECLARATION OF ELISE EDLIN IN SUPPORT OF NON-PARTY GOOGLE LLC'S MOTION TO STRIKE MOVANT'S MOTION TO COMPEL COMPLIANCE WITH DMCA SUBPOENA<br><br>Date:    November 4, 2025<br>Time:   1:00 p.m.<br>Judge:  Donna M. Ryu |

I, Elise Edlin, declare as follows:

1. I am a partner at Perkins Coie LLP and one of the attorneys representing Non-Party Google LLC ("**Google**") in the above-captioned matter. I submit this declaration in support of Google's Motion to Strike Movant's Motion to Compel Compliance with DMCA Subpoena. I have personal knowledge of the facts set forth in this declaration and am competent to testify to its contents.

2. On August 15, 2025, my partner Todd Hinnen and I participated in a telephonic meet and confer with Nima Gharavi regarding his DMCA Subpoena (the "**Subpoena**"). During this call, we explained to Mr. Gharavi Google's position that it had fully complied with the requirements of the Subpoena by producing all identifying information for the specific YouTube accounts identified in the Subpoena and maintained by YouTube as "basic subscriber information" or "YouTube BSI."

3. On August 22, 2025, Mr. Hinnen and I participated in a second meet and confer with Mr. Gharavi over a videoconferencing platform. During this conference, recognizing that Mr. Gharavi is representing himself *pro se*, Mr. Hinnen and I also explained that matters in the Oakland Division were required to comply with the assigned Magistrate or Judge's standing order—in this case, Magistrate Judge Donna M. Ryu. Mr. Gharavi indicated that he may decline Magistrate jurisdiction, but no agreement was made on the format or procedure of any motion in these circumstances. Mr. Hinnen and I also agreed to provide Mr. Gharavi with a written email outlining Google's substantive position with regard to his Subpoena request. During this call, Mr. Gharavi inquired whether we would be able to accept service on behalf of Google in the event he needed to make any filing in connection with the matter. We responded that while we did not expect there to be any problem with accepting service, we would need to confirm with Google. Prior to the filing of Mr. Gharavi's Motion, this was the last meet and confer between the parties.

4. On August 25, 2025, Mr. Hinnen emailed Mr. Gharavi to provide the requested written outline of Google's position. *See* **Exhibit A** to Declaration of Nima Gharavi in Support of Motion of Compel Compliance with DMCA Subpoena (Dkt. 3 at 56–7). In response, Mr. Gharavi sought to confirm the issue of service and informed us that with respect to any prospective filing

he would "of course, let [us] know as soon as it's filed." *Id.* at 56. Because we were still seeking confirmation from Google with respect to our ability to do so, we did not respond.

5. On October 7, 2025, my colleagues and I received a forwarded copy of Mr. Gharavi's Motion, from Google, who informed us that Mr. Gharavi had served Google's formal agent of process, Corporation Service Company, on October 6, 2025. Counsel did not receive notice from Mr. Gharavi himself, nor did we receive a courtesy copy of the Motion.

6. On October 9, I emailed Mr. Gharavi requesting a short extension so that a Judge could be assigned to the matter and the parties could proceed according to that Judge's rules and standing order, and because we had only received his Motion the day before. In a lengthy response late in the evening, Mr. Gharavi declined my request. The next morning, on October 10, Mr. Hinnen again requested a short extension, further explaining the procedural aspects at play, including the fact that with no assigned Judge, there were not yet applicable rules with regard to his Motion, and further that we had not met and conferred for roughly six weeks, he did not inform us of his plans to file the Motion, and identifying several procedural defects with his Motion that would need to be altered in any event regardless of which Judge was ultimately assigned. Mr. Gharavi responded to that email and again declined the extension request. Attached as **Exhibit 1** is a true and correct copy of my and Mr. Hinnen's email exchange with Mr. Gharavi.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 13th day of October, 2025 in Walnut Creek, California.

By: */s/ Elise Edlin*
Elise Edlin