**EXHIBIT 1**

| | |
|---|---|
| **From:** | Nima Gharavi |
| **To:** | Hinnen, Todd M. (SEA) |
| **Cc:** | Edlin, Elise (SFO); Taylor Rodgers, Torryn (SFO) |
| **Subject:** | RE: Final Meet and Confer Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216) |
| **Date:** | Friday, October 10, 2025 2:17:56 PM |

Hi Todd,

Thank you for your email. Tuesday, October 14, 2025 at 10:00 am PT / 12:00 pm CT works well for me.

**Regarding Your Extension Request:**

I must again respectfully decline your request for an extension. Your email states that "we clearly expressed to you on our last call that we didn't think it would be a problem for us to accept service" and that "we have been responsive to you and engaged in good faith throughout our interactions."

While it is true that during our August 22 call you indicated it would likely be acceptable for you to accept service and that you would confirm, the critical issue is that you never provided that confirmation despite committing to do so *and* despite my August 25 follow-up email explicitly requesting it. Expressing that something is likely, subject to confirmation, and then never confirming, is not the same as being "responsive" or acting in "good faith."

During our August 22, 2025 meet and confer—now nearly seven weeks ago—I specifically asked whether Google would authorize Perkins Coie to accept service via email. You and Elise committed to following up on this question. Three days later, on August 25, 2025, I sent a follow-up email to you and Elise explicitly asking: "Relatedly, may I ask if Google has confirmed whether you will be authorized to accept service on their behalf?" That email received no response.

Your statement that "there was and is no reason for you to believe that if you followed up with us to confirm, we wouldn't have done so promptly" is contradicted by the fact that I *did* follow up—in writing—and received no response for over five weeks.

The consequences of this silence were substantial. Google's objections to the subpoena—including new objections raised as late as our August 22, 2025 meet and confer—necessitated significant time and resources over five weeks researching applicable law and drafting a comprehensive motion. Additionally, your failure to fulfill your commitment to follow up on service procedures and your subsequent failure to respond to my August 25 email explicitly asking that same question forced me to incur $150 in costs for formal service that could have been avoided had you simply fulfilled your commitment or responded to my email.

**Regarding Notice of Filing:**

Your assertion that I "did not inform [you] of [my] plans to file" is inconsistent with the record. During our August 22 meet and confer, you referenced Judge Ryu's standing order regarding discovery letter briefs, making clear that motion practice was the anticipated next step. In my August

25 email response, I stated that "it would seem we have a ripe, justiciable controversy," asked whether you had "any objection to the inclusion of your email this morning as an exhibit," and noted that "as a pro se party concurrently running a solo business, I imagine it will take me more time than you might be traditionally accustomed to for a counterparty to perform the requisite legal research and motion drafting."

These statements made clear that I was preparing to file a motion. Your choice not to respond to that email—despite having an "open line of communication"—does not transform into a lack of notice on my part.

**Regarding Procedural Arguments:**

Your concerns about judicial assignment and standing orders do not constitute good cause for an extension. As a pro se party with no legal education, I filed this motion in good faith reliance on the standard local rules. After declining magistrate jurisdiction, I reasonably anticipated reassignment to a district judge due to jurisdictional requirements, but could not know which district judge would be assigned at the time of drafting and filing my motion. Accordingly, I applied the standard local rules, including the 25-page limit for motions under Local Rule 7-2(b).

I specifically anticipated that Judge Ryu's standing order regarding discovery letter briefs would not apply in these circumstances, consistent with how miscellaneous matters regarding motions to compel or quash are typically handled. See *In re DMCA Subpoena to X Corp. dba Twitter*, No. 3:23-mc-80294, Dkt. No. 9, at 2 (N.D. Cal. Jan. 17, 2024) (citing *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 880 (N.D. Cal. 2020)) (magistrate judge lacks jurisdiction over dispositive matters in standalone miscellaneous proceedings absent consent of both parties). This seemed to me the natural consequence of the procedural posture of a freestanding miscellaneous proceeding where consent was declined.

I left the hearing date blank on my motion in anticipation of reassignment to a district judge, as I could not predict which judge would be assigned or their scheduling procedures. On October 7, 2025, I contacted Judge Ryu's courtroom deputy to inquire about case management procedures and was informed that chambers is awaiting Google's response before determining next steps, including scheduling.

If any modifications to the motion format are required, that is a matter for the Court to address through appropriate case management procedures. However, requiring a pro se party who acted in good faith based on reasonable interpretation of applicable rules to substantially rewrite a comprehensive brief would be *manifestly unjust*—particularly where the need for the motion arose entirely from Google's untimely, boilerplate, and waived objections to the subpoena, including objections raised months after the deadline and as late as our August 22 meet and confer.

**Regarding Your Proposed Motion to Strike:**

Your statement that you will "file an opposed motion for extension and motion to strike [my] motion as improper" is noted. However, I respectfully submit that my motion was filed in good faith

compliance with what I reasonably understood to be the applicable rules for a miscellaneous matter following declination of magistrate jurisdiction where I anticipated reassignment but could not know which district judge would be assigned.

As a pro se party, I invested substantial time and resources—over five weeks of work—researching applicable law and drafting what I believed to be a properly formatted motion under the standard local rules. Your suggestion that the motion should be stricken, and that I should be required to "substantially change" it, effectively penalizes me for: (1) your failure to fulfill your commitment from our August 22 meet and confer to follow up on service procedures, (2) your failure to respond to my August 25 inquiry explicitly asking that same question, (3) my good faith interpretation of applicable procedural rules, and (4) my pro se status.

Courts construe pro se filings liberally and do not impose technical procedural penalties where parties have acted in good faith. Any procedural concerns can and should be addressed through appropriate case management procedures, not through striking a substantive motion that addresses genuine discovery disputes.

**Conclusion:**

I filed my motion in good faith reliance on the standard local rules applicable to miscellaneous matters following my declination of magistrate jurisdiction. Your firm committed during our August 22 meet and confer to follow up on whether Google would authorize you to accept service via email, failed to fulfill that commitment, then chose not to respond to my August 25 follow-up email explicitly asking that same question and signaling imminent motion practice, and now seeks additional time based on procedural concerns that could have been avoided entirely had you simply fulfilled your commitment or responded to my email.

The current timeline provides you with the full 14-day period contemplated by Local Rule 7-3(a) to file your opposition—more than adequate time for a firm with approximately 1,200 attorneys to respond to the substantive issues raised in the motion. Any procedural concerns about format or length are matters for the Court to address through appropriate case management procedures, not grounds for delay.

For these reasons, I maintain my position declining the extension. I look forward to our discussion on Tuesday, October 14, 2025 at 10:00 am PT / 12:00 pm CT, and to reviewing Google's written opposition on October 16, 2025.

Best regards,
Nima Gharavi
(773) 899-4688

---

**From:** Hinnen, Todd M. (Perkins Coie) <THinnen@perkinscoie.com>
**Sent:** Friday, October 10, 2025 2:11 PM
**To:** Nima Gharavi <nima@midwestwrestle.com>; Edlin, Elise (Perkins Coie)
<EEdlin@perkinscoie.com>

**Cc:** Taylor Rodgers, Torryn (Perkins Coie) <TRodgers@perkinscoie.com>
**Subject:** RE: Final Meet and Confer Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)
**Importance:** High

[External email - use caution]

Hi Nima,

Thank you for your email.  Why don't we schedule a call early next week?  There is a possibility we will have some information to share regarding your requests.  I will be travelling all day on Monday.  How would Tuesday sometime between 9 and 11 work for you?

I don't think it will be productive to respond point-by-point to your email. I do want to note that we clearly expressed to you on our last call that we didn't think it would be a problem for us to accept service.  I grant that we didn't close the loop with you on that issue, but we have been responsive to you and engaged in good faith throughout our interactions.  There was and is no reason for you to believe that if you followed up with us to confirm, we wouldn't have done so promptly.

I'd like to renew our request for an extension.  Google has no desire to delay resolution of the legal issues raised by this matter, but your declination means that this matter will proceed before a different judge pursuant to a different set of rules.  There are six district court judges in the Oakland Division, all of whom have standing orders governing civil discovery disputes.  Those orders vary substantially – some refer discovery disputes back to magistrate judges for resolution (and, as you know, those magistrate judges, in turn, have their own standing orders that would then apply – it's entirely possible that this matter is referred back to MJ Ryu, for instance), others impose specific procedures and page limits on letter briefs to be submitted to the district court judge (none of which even approaches 25 pages *for both parties*, let alone for one party). While I have not carefully studied all six judges' standing orders – doing so would be an unreasonable waste of time and resources when the case will be assigned to one judge, clarifying which order applies – I don't believe your lengthy motion and exhibits would be proper under any of them. In short, we simply cannot proceed with this discovery dispute until we know which judge we're in front of and what rules apply.

Because changing judges and rules is consequential to discovery matters, parties generally have another meet and confer when a matter is reassigned or transferred to a new judge.  We have not had a meet and confer for roughly six weeks and reassignment to a district court judge will result in a significant change, the precise contours of which are as yet unknown. In addition, no hearing date has been noticed (as required by the rules), and you did not inform us of your plans to file or filing even though you had an open line of communication with us and told us you would do so. In light of all of these factors, our strong preference is to await assignment of a judge, review the applicable standing order, have a meet and confer with you, and proceed. It is highly likely that to

comply with the applicable rules, you will have to substantially change your motion. Large portions of it proceed based on misunderstandings and mischaracterizations of Google's position and arguments that could be clarified in an additional meet and confer, resulting in shorter, cleaner briefing of the issues for the judge. I hope you will reconsider.

If you do not, to preserve Google's ability to brief these issues when a judge has been assigned and the applicable rules have been determined, we will file an opposed motion for extension and motion to strike your motion as improper as soon as possible. **Please let us know no later than 4 pm today** if at all possible whether you continue to decline our request to extend this matter so that a judge may be assigned, the applicable rules determined, and we can proceed accordingly. Also, please let us know whether the time offered above is convenient for you to have another discussion.

Thank you,

Todd

**Todd Hinnen**
PARTNER

**Perkins Coie**
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
+1.206.359.3384
THinnen@perkinscoie.com
perkinscoie.com

---

**From:** Nima Gharavi <nima@midwestwrestle.com>
**Sent:** Thursday, October 09, 2025 10:05 PM
**To:** Edlin, Elise (SFO) <EEdlin@perkinscoie.com>
**Cc:** Taylor Rodgers, Torryn (SFO) <TRodgers@perkinscoie.com>; Hinnen, Todd M. (SEA) <THinnen@perkinscoie.com>
**Subject:** RE: Final Meet and Confer Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

Dear Elise,

Thank you for your emails dated October 9, 2025.

**Regarding the Extension Request:**

I must respectfully decline your request for an extension to October 24, 2025. During our August 22, 2025 meet and confer, I specifically asked whether Google would authorize Perkins Coie to accept service via email—a question I reinforced in my August 25, 2025 follow-up email. Despite multiple

opportunities spanning over a month, neither you nor Todd provided a response to this straightforward procedural question.

The consequence of that silence was that I had no choice but to effect formal service, which I accomplished on October 2, 2025—providing you with the full 14 days contemplated by Local Rule 7-3(a) to file your opposition by October 16, 2025. Had you simply responded to my August 25 inquiry—or fulfilled the commitment Todd and you made during our August 22 conference to follow up on Google's position regarding email service—you would have received the motion via email concurrent with filing, rather than through formal service days later.

I note that Perkins Coie employs approximately 1,200 attorneys. The circumstances leading to your receipt of the motion on October 8 rather than concurrent with filing on October 2 are entirely the result of your firm's decision not to respond to my explicit and repeated inquiries. This does not constitute good cause for an extension under Local Rule 6-3.

**Regarding Tomorrow's Conference:**

I remain available at 1:00 pm PST / 3:00 pm CST tomorrow, October 10, 2025, as confirmed in my earlier email. As I noted in my initial response, my only request—out of respect for everyone's time —is that anyone who intends to ask questions on the call have the opportunity to thoroughly review the Motion to Compel, the Declaration of Nima Gharavi (and its exhibits), and the Proposed Order in advance.

If your team needs additional time beyond tomorrow to conduct that review, I'm completely amenable to rescheduling to a mutually convenient time next week. The timing of our call has no bearing on your October 16, 2025 opposition deadline, so I'm happy to accommodate whatever schedule allows for the most productive discussion.

Please let me know your preference, and if rescheduling would be helpful, feel free to suggest some alternative times that work for your team.

**Regarding Your Comment About "Other Filings":**

Your statement that you were "surprised...to learn that there had been other filings with the court of which we'd been unaware" warrants clarification. As documented in the Certificate of Service I filed with the Court, on October 2, 2025, at 3:59 p.m. Central Time, I personally hand-delivered complete copies of all motion papers to Joel Benson of Corporation Service Company at Google LLC's registered agent address. The documents served included the Motion to Compel, my Declaration with all exhibits (A through N), and the Proposed Order.

The two other filings you reference are: (1) my Consent or Declination to Magistrate Judge Jurisdiction—which we discussed extensively during our August 22 conference—and (2) the Certification of Conflicts and Interested Entities or Persons. Neither document has any bearing on Google's ability to defend this motion, and neither was required to be served on Google.

To be clear: Google received complete and proper service of all motion papers on October 2, 2025. Any suggestion to the contrary is incorrect.

**Final Thoughts:**

During our previous conferences, both you and Todd extended professional courtesy that I genuinely appreciated and reciprocated—including when I took time to research and send you case law you requested even after it became moot for our matter. I had hoped that same spirit of professional courtesy would be reciprocated when I made a simple, specific request regarding service procedures.

The failure to respond to that basic question cost me $150 in service expenses and significant time. Under these circumstances, I cannot agree to an extension that would reward that lack of reciprocal courtesy with additional time to respond.

I look forward to speaking with you tomorrow if you determine that would be productive, or alternatively to reviewing your written opposition on October 16, 2025.

Best regards,
Nima Gharavi
(773) 899-4688

---

**From:** Edlin, Elise (Perkins Coie) <EEdlin@perkinscoie.com>
**Sent:** Thursday, October 9, 2025 7:14 PM
**To:** Nima Gharavi <nima@midwestwrestle.com>
**Cc:** Taylor Rodgers, Torryn (Perkins Coie) <TRodgers@perkinscoie.com>; Hinnen, Todd M. (Perkins Coie) <THinnen@perkinscoie.com>
**Subject:** RE: Final Meet and Confer Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

[External email - use caution]

Nima,

Thank you for your email. We suggested tomorrow because we thought you'd be anxious to discuss as soon as possible.  If that's not the case, early next week would be great – please suggest some times that you're available.

Thank you,

**Elise Edlin** | **Perkins Coie LLP**
PARTNER (She/Her/Hers)
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
D. +1.415.344.7191
F. +1.415.344.7391
E. EEdlin@perkinscoie.com

**From:** Nima Gharavi <nima@midwestwrestle.com>
**Sent:** Thursday, October 9, 2025 3:02 PM
**To:** Edlin, Elise (SFO) <EEdlin@perkinscoie.com>
**Cc:** Taylor Rodgers, Torryn (SFO) <TRodgers@perkinscoie.com>; Hinnen, Todd M. (SEA) <thinnen@perkinscoie.com>
**Subject:** RE: Final Meet and Confer Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

Hi Elise,

Thank you for reaching out. In the interest of providing you an expeditious reply and affording you the maximum amount of time to plan for tomorrow, I am happy to meet and confer at the time you proposed: 1:00 pm PST / 3:00 pm CST on October 10, 2025.

My only request—out of respect for everyone's time—is that any person who intends to ask questions on the call have thoroughly reviewed the Motion to Compel, the Declaration of Nima Gharavi (and its exhibits), and the Proposed Order in advance. If you need to reschedule in light of this request, I completely understand; please let me know as soon as possible.

I plan to follow up with a more substantive response to the remainder of your message later tonight.

Best regards,

Nima Gharavi
(773) 899-4688

---

**From:** Edlin, Elise (Perkins Coie) <EEdlin@perkinscoie.com>
**Sent:** Thursday, October 9, 2025 12:38 PM
**To:** Nima Gharavi <nima@midwestwrestle.com>
**Cc:** Hinnen, Todd M. (Perkins Coie) <THinnen@perkinscoie.com>; Taylor Rodgers, Torryn (Perkins Coie) <TRodgers@perkinscoie.com>
**Subject:** In re DMCA 512(h) Subpoena to Google LLC

[External email - use caution]

Hi Nima,

Given our close contact and cooperation when we last spoke in August, we were surprised to receive your motion yesterday afternoon through formal service of process, and to learn that there had been other filings with the court of which we'd been unaware. Are you available to discuss this tomorrow? We could schedule a call at 1 or 2 pm PST if that works for you. In the meanwhile, accepting (without conceding) for the sake of this discussion that your motion and the timeline based upon it is procedurally proper, will you agree to an extension for our response until 10/24 since we did not receive the motion until yesterday?

Thank you,

**Elise Edlin** | **Perkins Coie LLP**
PARTNER (She/Her/Hers)
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
D. +1.415.344.7191
F. +1.415.344.7391
E. EEdlin@perkinscoie.com

---

**From:** Nima Gharavi <nima@midwestwrestle.com>
**Sent:** Monday, August 25, 2025 11:55 AM
**To:** 'Hinnen, Todd M. (Perkins Coie)' <thinnen@perkinscoie.com>
**Cc:** 'Edlin, Elise (Perkins Coie)' <EEdlin@perkinscoie.com>
**Subject:** RE: Final Meet and Confer Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

Thank you, Todd.

The position articulated here relies upon, *inter alia*, an interpretation of 17 USC § 512(k)(1) that I respectfully believe is inconsistent with congressional intent and the *Cox Communications* decision. Given this, it would seem we have a ripe, justiciable controversy.

May I ask if you have any objection to the inclusion of your email this morning as an exhibit? I haven't affirmatively decided to do so yet, but as a courtesy, I wanted to confirm—just in case.

Lastly, as a pro se party concurrently running a solo business, I imagine it will take me more time than you might be traditionally accustomed to for a counterparty to perform the requisite legal research and motion drafting. I will, of course, let you know as soon as it's filed.

Relatedly, may I ask if Google has confirmed whether you will be authorized to accept service on their behalf?

Regards,
Nima Gharavi
(773) 899-4688

---

**From:** Hinnen, Todd M. (Perkins Coie) <thinnen@perkinscoie.com>
**Sent:** Monday, August 25, 2025 10:32 AM
**To:** Nima Gharavi <nima@midwestwrestle.com>
**Cc:** Edlin, Elise (Perkins Coie) <EEdlin@perkinscoie.com>
**Subject:** RE: Final Meet and Confer Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

[External email - use caution]

Nima,

Thank you for speaking with us on Friday.  As we indicated, this email outlines part of the basis for Google's position that the 512(h) subpoena received in this matter requires it to disclose only the alleged infringer's YouTube identifying information, as YouTube is the service provider for the service upon which the alleged infringement occurred.

Section 512 distinguishes between different types of service providers and imposes different obligations and offers different protections depending on the type. *See, e.g.*, 17 U.S.C. 512(a)-(d). It authorizes issuance of a subpoena only to a 512(c) service provider, i.e., a service provider that stores the allegedly infringing content on behalf of a user. Here, YouTube is the service provider, and the information YouTube uses to identify its users is the BSI package  which has already been disclosed in response to your subpoena.

It does not matter that Google, the company, supports many different types of service providers. There is no allegation that the allegedly infringing content was stored on Gmail, Search, Chrome, or any of Google's other service offerings; rather, it was stored on YouTube and Google has produced the users' identifying information associated with their accounts on that service. The Ninth Circuit recently endorsed this fine-grained approach to interpreting and applying Section 512, stating that the limitations, obligations, and protections imposed by the statute "depend[] on the function the service provider performed with respect to the infringement at issue." *In re: Subpoena of Internet Subscribers of Cox Communications, LLC and Coxcom, LLC*,  2025 WL 2371947, at *9 (9th Cir. Aug. 15, 2025).

We hope this brief explanation is helpful. We look forward to discussing this matter with you further.

Best,

Todd & Elise

**Todd Hinnen**
PARTNER

**Perkins Coie**
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
+1.206.359.3384
THinnen@perkinscoie.com
perkinscoie.com

**From:** Nima Gharavi <nima@midwestwrestle.com>
**Sent:** Saturday, August 23, 2025 5:51 AM
**To:** Hinnen, Todd M. (SEA) <thinnen@perkinscoie.com>
**Cc:** Edlin, Elise (SFO) <EEdlin@perkinscoie.com>
**Subject:** RE: Final Meet and Confer Request - In re DMCA 512(h) Subpoena to Google LLC (Internal

Ref. No. 99290216)

Todd: You're more than welcome.

Elise: It just occurred to me that an order from Judge Kang in the same case I referenced below does a better job of eloquently articulating what I was attempting to communicate on our call yesterday with regard to magistrate jurisdiction over dispositive matters: Order – #9 in In re DMCA Subpoena to X Corp. dba Twitter (N.D. Cal., 3:23-mc-80294) – CourtListener.com

Regards,
Nima Gharavi
(773) 899-4688

---

**From:** Hinnen, Todd M. (Perkins Coie) <thinnen@perkinscoie.com>
**Sent:** Friday, August 22, 2025 5:09 PM
**To:** Nima Gharavi <nima@midwestwrestle.com>
**Cc:** Edlin, Elise (Perkins Coie) <EEdlin@perkinscoie.com>
**Subject:** RE: Final Meet and Confer Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

[External email - use caution]

Thank you, Nima – I appreciate the professional courtesy. Have a good weekend,

Todd

**Todd Hinnen**
**PARTNER**

**Perkins Coie**
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
+1.206.359.3384
THinnen@perkinscoie.com
perkinscoie.com

---

**From:** Nima Gharavi <nima@midwestwrestle.com>
**Sent:** Friday, August 22, 2025 3:01 PM
**To:** Hinnen, Todd M. (SEA) <thinnen@perkinscoie.com>
**Cc:** Edlin, Elise (SFO) <EEdlin@perkinscoie.com>
**Subject:** RE: Final Meet and Confer Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

Hi Todd,

Thank you for your time this afternoon.

Even though it's technically no longer applicable to our current matter, you mentioned you would like me to send you precedent regarding the applicability of magistrate standing orders pertaining to joint discovery letter briefs when a matter is a free-standing miscellaneous proceeding rather than a traditional civil proceeding:

- Docket: In re DMCA Subpoena to X Corp. dba Twitter, 3:23-mc-80294 – CourtListener.com
- Initial Discovery Letter Brief: Discovery Letter Brief – #7 in In re DMCA Subpoena to X Corp. dba Twitter (N.D. Cal., 3:23-mc-80294) – CourtListener.com
- Supplemental Discovery Letter Brief: Discovery Letter Brief – #17 in In re DMCA Subpoena to X Corp. dba Twitter (N.D. Cal., 3:23-mc-80294) – CourtListener.com

Granted, this was a different magistrate (Peter H. Kang), but I imagine Judge Kang would have ordered an alternative form of briefing if a rule deemed discovery letter briefs improper for free-standing miscellaneous subpoena proceedings.

Regards,
Nima Gharavi
(773) 899-4688

---

**From:** Nima Gharavi
**Sent:** Friday, August 22, 2025 11:54 AM
**To:** Hinnen, Todd M. (Perkins Coie) <thinnen@perkinscoie.com>; Nima Gharavi <nima@midwestwrestle.com>
**Cc:** Edlin, Elise (Perkins Coie) <EEdlin@perkinscoie.com>
**Subject:** RE: Final Meet and Confer Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

Yes—thank you.

-Nima

---

**From:** Hinnen, Todd M. (Perkins Coie) <thinnen@perkinscoie.com>
**Sent:** Friday, August 22, 2025 11:53 AM
**To:** Nima Gharavi <nima@midwestwrestle.com>
**Cc:** Edlin, Elise (Perkins Coie) <EEdlin@perkinscoie.com>
**Subject:** RE: Final Meet and Confer Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

[External email - use caution]

Hi Nima,

Yes – my apologies for the delay in getting back to you.  Does 2 pm Pacific work for you?  If so, I'll send a calendar invite.

Thank you,

Todd

**Todd Hinnen**
PARTNER

**Perkins Coie**
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
+1.206.359.3384
THinnen@perkinscoie.com
perkinscoie.com

---

**From:** Nima Gharavi <nima@midwestwrestle.com>
**Sent:** Friday, August 22, 2025 8:05 AM
**To:** Hinnen, Todd M. (SEA) <thinnen@perkinscoie.com>
**Cc:** Edlin, Elise (SFO) <EEdlin@perkinscoie.com>
**Subject:** RE: Final Meet and Confer Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

Good morning, Todd,

Are we still on for today?

Thank you,
Nima Gharavi
(773) 899-4688

---

**From:** Nima Gharavi <nima@midwestwrestle.com>
**Sent:** Thursday, August 21, 2025 12:00 PM
**To:** 'Hinnen, Todd M. (Perkins Coie)' <thinnen@perkinscoie.com>
**Cc:** 'Edlin, Elise (Perkins Coie)' <EEdlin@perkinscoie.com>
**Subject:** RE: Final Meet and Confer Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

Good morning, Todd,

Regarding tomorrow, I am available from 10 am PT onward.

Thank you,
Nima Gharavi
(773) 899-4688

---

**From:** Hinnen, Todd M. (Perkins Coie) <thinnen@perkinscoie.com>
**Sent:** Thursday, August 21, 2025 11:56 AM
**To:** Nima Gharavi <nima@midwestwrestle.com>; Edlin, Elise (Perkins Coie)
<EEdlin@perkinscoie.com>
**Subject:** RE: Final Meet and Confer Request - In re DMCA 512(h) Subpoena to Google LLC (Internal
Ref. No. 99290216)

[External email - use caution]

Hi Nima,

Thanks for your email, and for your patience as we make sure we have a chance to thoroughly
discuss these issues with our client despite summer schedules.  If there are some times you're
available for a brief call tomorrow, I hope that we'll then be in a position to communicate
Google's final position on this issue.

Thank you, Nima,

Todd

**Todd Hinnen**
PARTNER

**Perkins Coie**
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
+1.206.359.3384
THinnen@perkinscoie.com
perkinscoie.com

---

**From:** Nima Gharavi <nima@midwestwrestle.com>
**Sent:** Wednesday, August 20, 2025 9:28 AM
**To:** Edlin, Elise (SFO) <EEdlin@perkinscoie.com>
**Cc:** Hinnen, Todd M. (SEA) <thinnen@perkinscoie.com>
**Subject:** RE: Final Meet and Confer Request - In re DMCA 512(h) Subpoena to Google LLC (Internal
Ref. No. 99290216)

Good morning, Elise,

I just received Todd's out-of-office message indicating he's been away since our Friday call.

I understand you and Todd may have only been brought into this matter on August 12th, but my original meet and confer request to Google was August 5th—so we're now approaching two weeks overall. Given this broader timeline, I'm hoping you might be able to convey some urgency to your client regarding next steps.

Could you provide any update on Google's position or timing for a response?

Thank you,
Nima Gharavi
(773) 899-4688

---

**From:** Nima Gharavi <[nima@midwestwrestle.com](mailto:nima@midwestwrestle.com)>
**Sent:** Wednesday, August 20, 2025 11:17 AM
**To:** 'Hinnen, Todd M. (Perkins Coie)' <[thinnen@perkinscoie.com](mailto:thinnen@perkinscoie.com)>
**Cc:** 'Edlin, Elise (Perkins Coie)' <[EEdlin@perkinscoie.com](mailto:EEdlin@perkinscoie.com)>
**Subject:** RE: Final Meet and Confer Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

Todd,

I hope you had a good weekend.

I wanted to follow up on our productive discussion last Friday. I appreciated the thoughtful questions you and Elise raised, and I hope my responses were helpful in addressing Google's concerns.

I wanted to check on the status and see if there are any updates on Google's position or next steps. I understand these matters can require internal coordination, but wanted to touch base given that it's been several business days since our call.

Please let me know if there's any additional information that I can provide to help move this forward, or if you have a sense of timing for Google's response.

Thanks again for the collaborative approach—I'm hopeful we can continue working toward a resolution.

Regards,
Nima Gharavi
(773) 899-4688

---

**From:** Nima Gharavi <[nima@midwestwrestle.com](mailto:nima@midwestwrestle.com)>
**Sent:** Tuesday, August 12, 2025 4:00 PM
**To:** 'Hinnen, Todd M. (Perkins Coie)' <[thinnen@perkinscoie.com](mailto:thinnen@perkinscoie.com)>

**Cc:** 'Edlin, Elise (Perkins Coie)' <EEdlin@perkinscoie.com>
**Subject:** RE: Final Meet and Confer Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

Todd,

Please feel free to do the same.  And, thank you for coordinating—I look forward to our discussion on Friday.

Regards,
Nima Gharavi
(773) 899-4688

---

**From:** Hinnen, Todd M. (Perkins Coie) <thinnen@perkinscoie.com>
**Sent:** Tuesday, August 12, 2025 2:37 PM
**To:** Nima Gharavi <nima@midwestwrestle.com>
**Cc:** Edlin, Elise (Perkins Coie) <EEdlin@perkinscoie.com>
**Subject:** RE: Final Meet and Confer Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

[External email - use caution]

Please, feel free to call me Todd.

Great.  Teams works fine for us. We'll send you an invitation and look forward to discussing this matter with you Friday.

Best,

Todd

**Todd Hinnen**
**PARTNER**

**Perkins Coie**
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
+1.206.359.3384
THinnen@perkinscoie.com
perkinscoie.com

---

**From:** Nima Gharavi <nima@midwestwrestle.com>
**Sent:** Tuesday, August 12, 2025 12:31 PM
**To:** Hinnen, Todd M. (SEA) <thinnen@perkinscoie.com>

**Cc:** Edlin, Elise (SFO) <EEdlin@perkinscoie.com>
**Subject:** RE: Final Meet and Confer Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

Good afternoon, Mr. Hinnen,

Thank you for your quick response and flexibility. I genuinely appreciate it.

Friday, August 15th from 10:00-10:30 AM Pacific (12:00-12:30 PM CDT) works well for me.

Given that there will be multiple participants, would you prefer to use Zoom, Teams, or another videoconference platform?  Alternatively, I can be reached at (773) 899-4688.

I look forward to speaking with you as well.

Regards,
Nima Gharavi
(773) 899-4688

---

**From:** Hinnen, Todd M. (Perkins Coie) <thinnen@perkinscoie.com>
**Sent:** Tuesday, August 12, 2025 1:36 PM
**To:** Nima Gharavi <nima@midwestwrestle.com>
**Cc:** Edlin, Elise (Perkins Coie) <EEdlin@perkinscoie.com>
**Subject:** RE: Final Meet and Confer Request – In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

[External email - use caution]

[Google to bcc]

Mr. Gharavi,

Nice to meet you by email.  I understand your desire to get something scheduled as soon as possible, and we're happy to facilitate that.  I'm traveling all day tomorrow, but we're available Friday, August 15 from 10:00-11:00 Pacific time.  Is there a 30-minute slot in that window that works for you?

Thank you.  We look forward to speaking with you.

Todd

**Todd Hinnen**
**PARTNER**

**Perkins Coie**

1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
+1.206.359.3384
THinnen@perkinscoie.com
perkinscoie.com

---

**From:** Nima Gharavi <nima@midwestwrestle.com>
**Sent:** Tuesday, August 12, 2025 10:14 AM
**To:** google-legal-support@google.com
**Cc:** Hinnen, Todd M. (SEA) <thinnen@perkinscoie.com>
**Subject:** RE: Final Meet and Confer Request – In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

Dear Legal Investigations Support,

I acknowledge Google's last-minute cancellation of today's confirmed meet and confer conference.

As you will recall, I set a deadline of **August 13, 2025** in my August 6th correspondence for Google to confirm availability for a meet and confer. Google's unilateral cancellation today does not extend that deadline.

**Google's outside counsel must confirm their availability for a meet and confer by August 13, 2025** (tomorrow), with the actual conference occurring no later than **Monday, August 18th**. Given Google's pattern of delays in this matter—from initially ignoring meet and confer requests to requiring formal procedural demands to engage—I will not consider any extension of these deadlines unless outside counsel can articulate good cause.

Please ensure that Google's outside counsel has reviewed the complete correspondence history in this matter, including my detailed legal analysis addressing Google's arguments, so they can engage substantively rather than requiring additional time to familiarize themselves with issues that have been pending for weeks.

In the interest of judicial economy and preserving scarce court resources, I hope Google's outside counsel will be prepared to resolve this discovery dispute without further delay.

Regards,
Nima Gharavi
(773) 899-4688

**CC:** thinnen@perkinscoie.com

---

**From:** google-legal-support@google.com <google-legal-support@google.com>
**Sent:** Tuesday, August 12, 2025 10:23 AM
**To:** nima@midwestwrestle.com

**Cc:** thinnen@perkinscoie.com
**Subject:** RE: Final Meet and Confer Request – In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

[External email - use caution]

Hi Nima,

We apologise for the inconvenience but we are unable to take the meet and confer as scheduled on August 12th due to scheduling conflicts. I have copied Google's outside counsel above, and they will follow up with you directly in the coming days to further discuss the matter.

Regards,
Legal Investigations Support
Google LLC

---

**From:** google-legal-support@google.com <google-legal-support@google.com>
**Sent:** Friday, August 8, 2025 5:47 PM
**To:** nima@midwestwrestle.com
**Subject:** RE: Final Meet and Confer Request – In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

[External email - use caution]

Hi Nima,

Confirmed. We will call you at (773) 899-4688 on Tuesday August 12th at 3:00pm PST.

Regards,
Meghan on behalf of Google LLC
Legal Investigations Support

**From:** Nima Gharavi <nima@midwestwrestle.com>
**Sent:** Friday, August 8, 2025 5:26 PM
**To:** 'google-legal-support@google.com' <google-legal-support@google.com>
**Subject:** RE: Final Meet and Confer Request – In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

Dear Meghan,

Thank you for providing your availability for the meet and confer.

Tuesday, August 12th from 1 - 1:30pm PST (3 - 3:30pm CDT) works well for me.

Rather than a phone call, I would prefer a videoconference if possible. Courts generally favor videoconferences as they tend to be more conducive to resolving disputes, and I believe this format would be beneficial for our discussion. I am available on any major platform including Google Meet,

Zoom, Microsoft Teams, or any other platform that works best for Google.

If videoconference is not possible, please call me at (773) 899-4688 at the scheduled time.

I look forward to our discussion and hopefully resolving this matter without further court intervention.

Regards,
Nima Gharavi
(773) 899-4688

**From:** google-legal-support@google.com <google-legal-support@google.com>
**Sent:** Friday, August 8, 2025 4:55 PM
**To:** nima@midwestwrestle.com
**Subject:** Re: Final Meet and Confer Request – In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

[External email - use caution]

Hi Nima,

Thank you for your message.

Our earliest availability for a meet and confer is Tuesday August 12th from 1 - 1:30pm PST and Wednesday August 13th from 10:30 - 11:00 am PST. Please advise which time works best for you as well as provide a phone number we can reach you at and we will initiate the call. If neither time works for you, we can provide our alternate availability.

Regards,
Meghan on behalf of Google LLC
Legal Investigations Support

**From:** Nima Gharavi <nima@midwestwrestle.com>
**Sent:** Wednesday, August 6, 2025 11:58 PM
**To:** 'google-legal-support@google.com' <google-legal-support@google.com>
**Subject:** Final Meet and Confer Request – In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

Dear Google Legal Investigations Support,

I am writing to follow up on my August 5, 2025 email requesting a meet and confer concerning Google's response to the DMCA subpoena in this matter.

Google's most recent reply simply repeats its earlier position and does not address any of the substantive legal or factual points I raised, nor does it acknowledge or respond to my explicit request for a meet and confer. I invested considerable effort to comprehensively address Google's arguments and to advance this dispute towards resolution without judicial involvement. It appears,

to date, Google is unwilling to engage in a good faith dialogue to resolve these issues.

This omission is particularly notable in light of Google's own July 11, 2025 boilerplate objection letter, in which Google wrote: "should you wish to seek any judicial relief in connection with this matter, Google requests the opportunity to meet and confer in advance of any such filing." I have now requested a meet and confer consistent with N.D. Cal. Local Rule 37-1(a) and Google's own stated position, but have not received any response to this procedural requirement.

Federal courts in this Circuit recognize that a party's refusal to meet and confer after a reasonable request may result in sanctions, including orders compelling discovery and requiring payment of expenses. "If counsel for the moving party seeks to arrange such a conference and opposing counsel refuses or fails to confer, the Judge may impose an appropriate sanction, which may include an order requiring payment of all reasonable expenses, including attorney's fees, caused by the refusal or failure to confer." *Stein v. City of San Ramon, No. C 10-00786 SI, 2010 WL 4955708, at 2 (N.D. Cal. Dec. 1, 2010).* See also *Slovin v. CallFire, Inc.*, No. CV17MC00091DMGJEMX, 2017 WL 11549627, at *1 (C.D. Cal. July 24, 2017) ("Plaintiffs' counsel reports that [Respondent] failed to meet and confer. Accordingly, the Court hereby issues an Order to Show Cause ("OSC") why the Motion to Compel should not be granted in its entirety based on [Respondent]'s failure to meet and confer.").

Accordingly, this constitutes my second and final request for a meet and confer before I proceed with a motion to compel. I am available for a conference by phone or videoconference on a mutually agreeable date within the next seven days. If I do not receive confirmation of your availability by **August 13, 2025**, I will note Google's failure to participate in the meet and confer process in any motion filed.

**In the interest of judicial economy and preserving scarce court resources, I sincerely hope we can resolve this dispute without requiring judicial intervention.**

Regards,
Nima Gharavi
(773) 899-4688

---

**From:** google-legal-support@google.com <google-legal-support@google.com>
**Sent:** Wednesday, August 6, 2025 1:30 PM
**To:** nima@midwestwrestle.com
**Subject:** RE: Appreciation for Supplemental Production and Final Information Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

[External email - use caution]

Hi Nima,

It is Google's position that we have produced responsive identifying information sufficient to identify the alleged infringer thereby complying with the subpoena. To the extent you seek information beyond the allowable scope of 512(h) subpoenas, Google requires issuance of a new subpoena, e.g., a rule 45 subpoena, that identifies the relevant account(s) and names the

product or service at issue.

Regards,
Meghan on behalf of Google LLC
Legal Investigations Support

---

**From:** Nima Gharavi <nima@midwestwrestle.com>
**Sent:** Tuesday, August 5, 2025 6:57 PM
**To:** 'google-legal-support@google.com' <google-legal-support@google.com>
**Subject:** RE: Appreciation for Supplemental Production and Final Information Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

Dear Google Legal Investigations Support,

After reviewing your August 5th response, **I respectfully disagree** with your legal analysis for several reasons, particularly regarding the controlling precedent in this circuit.

**1. Controlling Circuit Precedent Supports Address Production**
**This circuit has explicitly authorized production of physical addresses in 512(h) subpoenas.** In *In re DMCA Subpoena to eBay, Inc.*, No. 15-CV-922-BEN-MDD, 2015 WL 3555270, at *4 (S.D. Cal. June 5, 2015), the court enforced a DMCA subpoena requiring production of "the name, last known address, last known telephone number, any electronic mail addresses associated with each account from January 1, 2012, to the date of the subpoena and any logs of Internet Protocol addresses used to access the subject accounts." **This precedent from the controlling circuit directly contradicts your legal position.**

**2. Mischaracterization of Charter Communications Precedent**
Your reliance on *Recording Indus. Ass'n v. Charter Communs., Inc.*, 393 F.3d 771, 786 (8th Cir. 2005) is legally problematic:
**First**, the instant matter is pending in the Northern District of California, where Eighth Circuit precedent is not controlling authority.
**Second**, your citation fundamentally mischaracterizes the holding. The quoted language appears in **Judge Murphy's dissenting opinion**, not the majority decision. Even within the Eighth Circuit, dissenting opinions carry no precedential value.
**Third**, the dissent's statement addressed whether email addresses could be disclosed **in addition to** other identifying information, not as a **limitation on** required production. The context concerned First Amendment anonymity rights, not establishing discovery scope limitations.

**3. Practical Necessity of Physical Addresses**
Email addresses alone render subpoenaed information practically useless for enforcement:
- **Federal Rules of Civil Procedure do not authorize service of process via email.** Fed. R. Civ. P. 4(e) requires personal service on individuals or service at a dwelling or usual place of abode. When traditional service methods are impracticable, alternative service requires court approval.
- **The Copyright Claims Board requires physical addresses** to initiate proceedings and will not accept cases without verified mailing addresses.

**4. Insufficient Search of Google Systems**

Your representation that you provided "all responsive identifying information to the extent reasonably accessible from our system associated with the Youtube account(s)" suggests a limited search of YouTube-specific databases. However:

- **The subpoena was served on Google LLC**, not YouTube individually
- **Monetized YouTube channels require verified identity and tax information** maintained in Google's AdSense system
- **A reasonable search must encompass all Google systems** where responsive information may be maintained

**5. Resolution Path Forward**

**If Google is prepared to certify under penalty of perjury** that it has conducted a comprehensive search of all Google products, services, and systems associated with the subpoenaed accounts and possesses no additional physical address information beyond what has been produced, this matter can be concluded.

**If Google cannot make such certification**, then pursuant to N.D. Cal. Local Rule 37-1(a), I formally request a meet and confer conference to resolve these discovery disputes before filing a motion to compel compliance with the subpoena's clear requirements.

The subpoena's Attachment A clearly requests physical address information, controlling circuit precedent supports such production, and Google's legal arguments lack merit under applicable authority.

I look forward to your response clarifying Google's position and availability for a meet and confer if necessary.

Regards,

Nima Gharavi

(773) 899-4688

---

**From:** google-legal-support@google.com <google-legal-support@google.com>
**Sent:** Tuesday, August 5, 2025 5:15 PM
**To:** nima@midwestwrestle.com
**Subject:** RE: Appreciation for Supplemental Production and Final Information Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

[External email - use caution]

Hello,

We have provided all responsive identifying information to the extent reasonably accessible from our system associated with the Youtube account(s) mentioned in the subpoena. Please note that Google does not verify names upon account creation nor is a mailing address required.

Regarding your request for Adsense, billing, and tax information, note that a service provider's obligation goes no further than the production of a claimed infringing user's email address. See Recording Indus. Ass'n v. Charter Communs., Inc. (In re Charter Communs., Inc.), 393 F.3d 771, 786 (8th Cir. 2005) ("Since electronic mail provides the fastest and surest means of contacting individuals alleged to have engaged in digital piracy over the internet, email addresses are a most appropriate form of identification.").

As stated, Google has produced responsive identifying information that is sufficient to identify the alleged infringer thereby complying with the subpoena. To the extent you seek information beyond the allowable scope of 512(h) subpoenas, Google requires issuance of a new subpoena that identifies all the relevant accounts and names the product or service at issue.

Regards,
Legal Investigations Support
Google LLC

---

**From:** Nima Gharavi <nima@midwestwrestle.com>
**Sent:** Monday, August 4, 2025 3:59 PM
**To:** 'google-legal-support@google.com' <google-legal-support@google.com>
**Subject:** RE: Appreciation for Supplemental Production and Final Information Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

Hello,

Thank you for your July 28, 2025 supplemental production providing the Google Subscriber Information files for each account. This comprehensive production addresses virtually all of the outstanding requirements from the previous correspondence.

After reviewing the supplemental materials, there appears to be one final piece of information needed to fully satisfy the subpoena requirements:

AdSense and Monetization Information for @WiscoWrestler: Given that this channel has over 11,000 subscribers, it likely participates in YouTube's monetization program through Google AdSense. The original subpoena requests address information, which for monetizing creators would be maintained in their AdSense account records for tax and payment purposes.

Specific Request: For the @WiscoWrestler account, please provide (to the extent available):
- Google AdSense ID(s) linked to the YouTube monetization
- Physical mailing address(es) linked to the AdSense account
- All YouTube channels that are or have been linked to the same AdSense account(s)
- Any Multi-Channel Network (MCN) affiliation information, including the name of the MCN, date of integration, and contact details

This information would complete the address and identifying information requirements specified in the subpoena's Attachment A.

If the @WiscoWrestler account is not currently monetized or does not have associated AdSense

information, please let me know so I can understand the scope of available records.

Thank you for your continued cooperation in resolving this matter.

Regards,
Nima Gharavi
(773) 899-4688
<span style='font-size:11.0pt;font-f

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.