NIMA GHARAVI
4610 North Clark St. #1098
Chicago, IL 60640
+1 (773) 899-4688
dmca@midwestwrestle.com

Movant, *Pro Se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

|  |  |
|---|---|
| IN RE DMCA 512(h) SUBPOENA TO GOOGLE LLC | Case No.: 4:25-mc-80164-DMR<br><br>OPPOSITION TO RESPONDENT'S MOTION TO STRIKE MR. GHARAVI'S MOTION TO COMPEL COMPLIANCE WITH DMCA SUBPOENA<br><br>**Judge:** Hon. Donna M. Ryu<br>**Date:** November 4, 2025<br>**Time:** 1:00 p.m.<br>**Courtroom:** Courtroom 4 – 3rd Floor |

## I.    INTRODUCTION

Google LLC's Motion to Strike is a transparent delay tactic designed to circumvent Local Rule 7-3(a)'s 14-day opposition deadline. Rather than respond to the substantive issues—including complete waiver of objections under Rule 45(d)(2)(B)—Google manufactures a meritless procedural dispute.

The Motion to Strike fails for three independent reasons:

**First**, Local Rule 7-2(b) applies. When Mr. Gharavi simultaneously filed his motion and declined magistrate jurisdiction on October 2, 2025, the matter became subject to reassignment because magistrate judges lack jurisdiction over dispositive miscellaneous matters absent consent. (Suppl. Gharavi Decl. ¶ 13.) *In re DMCA Subpoena to X Corp.*, No. 3:23-mc-80294-PHK, Dkt. No. 9 (N.D. Cal. Jan. 17, 2024) (citing *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 880 (N.D. Cal. Mar. 2, 2020)). Local Rule 7-2(b) governs motions filed before assignment to the district judge who will hear the matter, establishing that such motions shall be contained in "one filed document not exceeding 25 pages in length."

**Second**, Google's own counsel uses this exact procedure. In *In re hey, inc v. Twitter*, No. 3:22-mc-80034-DMR, Perkins Coie filed a 25-page motion to quash before Judge Ryu under Local Rule 7-2(b). (Suppl. Gharavi Decl. ¶ 15.) The Court affirmed: "The Respondent timely filed its Motion to Quash." (Dkt. 11 at 2; Suppl. Gharavi Decl. ¶ 15.) Google cannot now claim this procedure creates a "procedural vacuum" when its counsel successfully used it.

**Third**, Google agreed to this procedure on August 22, 2025. During the meet and confer, Mr. Gharavi explicitly stated Judge Ryu's 5-day rule would not apply because he intended to decline magistrate jurisdiction. (Suppl. Gharavi Decl. ¶¶ 3-5.) Neither Todd Hinnen nor Elise Edlin objected. (Suppl. Gharavi Decl. ¶ 5.) Mr. Hinnen, appearing via video, appeared visibly relieved upon learning there would be no imminent 5-day deadline. (Suppl. Gharavi Decl. ¶ 4.) After Mr. Gharavi invested 171.8 hours relying on this understanding, Google now reverses position. (Suppl. Gharavi Decl. ¶¶ 19-20.)

Courts liberally construe pro se filings. *Haines v. Kerner*, 404 U.S. 519, 520 (Jan. 13, 1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (June 4, 2007). Google received proper service on October 2 and has 14 days under Local Rule 7-3(a) to respond. (Suppl. Gharavi Decl. ¶ 11.) That is sufficient. Striking

the motion would reward Google's pattern of broken commitments and untimely objections filed 2, 27, 37, and 44 days late. (Suppl. Gharavi Decl. ¶ 21.)

For these reasons, the Court should deny the Motion to Strike.

## II. PROCEDURAL HISTORY

On June 25, 2025, Mr. Gharavi served a DMCA § 512(h) subpoena on Google LLC. (Dkt. 3-1 ¶ 4 & Ex. K.) On July 11, 2025—16 days later and two days beyond the Rule 45(d)(2)(B) deadline— Google served untimely objections. (Suppl. Gharavi Decl. ¶ 21(a); Dkt. 3-1 ¶ 7 & Ex. C.) On August 5, 2025, Google raised new objections 41 days after service. (Suppl. Gharavi Decl. ¶ 21(b); Dkt. 3-1 ¶ 22 & Ex. A, at 12-13.) On August 15, 2025, Google raised further objections 51 days after service. (Suppl. Gharavi Decl. ¶ 21(c); Dkt. 3-1 ¶ 20.) On August 22, 2025, Google raised additional objections 58 days after service. (Suppl. Gharavi Decl. ¶ 21(d); Dkt. 3-1 ¶ 23 & Ex. N.)

During the August 22, 2025 videoconference, the parties reached an impasse requiring motion practice. (Suppl. Gharavi Decl. ¶ 3.) Mr. Gharavi explicitly stated he would decline magistrate jurisdiction and Judge Ryu's 5-day rule would not apply. (Suppl. Gharavi Decl. ¶¶ 3-5.) Neither counsel objected. (Suppl. Gharavi Decl. ¶ 5.) The parties discussed email service authorization, with Mr. Hinnen indicating it was likely subject to confirmation. (Suppl. Gharavi Decl. ¶ 23.)  As of the filing of this brief, Google **still** has not authorized email service. *Id.*

On August 25, 2025, Mr. Gharavi emailed both counsel stating there was a "ripe, justiciable controversy" and asking whether Google authorized email service. (Suppl. Gharavi Decl. ¶ 8; Dkt. 3-1 ¶ 27 & Ex. A.) Google never responded. (Suppl. Gharavi Decl. ¶ 9.)

On October 2, 2025, Mr. Gharavi simultaneously filed his Motion to Compel and declination of magistrate jurisdiction. (Dkts. 3, 5.) Mr. Gharavi served Google LLC's registered agent that same day by hand delivery at 3:59 p.m. Central Time. (Suppl. Gharavi Decl. ¶ 11; Dkt. 3-3) Google's counsel represented in an October 9, 2025 email that they received the motion on **October 8, 2025**. (Edlin Decl. Ex. 1, at 9; Suppl. Gharavi Decl. ¶ 12.) However, the Edlin Declaration states counsel received the motion on **October 7, 2025**. Edlin Decl. ¶ 5. In either case, under Local Rule 7-3(a), Google's opposition was due 14 days after service—October 16, 2025.

## III. LEGAL STANDARD

### A. Liberal Construction for Pro Se Filings

Courts must liberally construe *pro se* filings. *Haines v. Kerner*, 404 U.S. 519, 520 (Jan. 13, 1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (Jun. 4, 2007). Technical procedural defects do not warrant striking substantive motions where good faith is shown.

### B. Motions to Strike Are Disfavored

"Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and **because they are often used as a delaying tactic**." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. Oct. 20, 2003) (emphasis added); see also *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. Mar. 13, 1991) ("[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.").

### IV. ARGUMENT

### A. Local Rule 7-2(b) Governs After Simultaneous Declination

When Mr. Gharavi simultaneously filed his motion and declination on October 2, 2025, the matter required reassignment to a district judge. (Suppl. Gharavi Decl. ¶ 13.) As courts in this District have recognized, magistrate judges may handle dispositive miscellaneous matters only with the parties' consent. *In re DMCA Subpoena to X Corp.*, No. 3:23-mc-80294-PHK, Dkt. No. 9. In such circumstances, Local Rule 7-2(b) governs.

Local Rule 7-2(b) establishes that motions shall be contained in "one filed document not exceeding 25 pages in length." This generally applicable rule governs motions filed before assignment to the judge who will hear the matter. There is no "procedural vacuum."

Google's own counsel confirms this. In *In re hey, inc v. Twitter*, No. 3:22-mc-80034-DMR, Dkt. No. 6 (N.D. Cal. May 23, 2022), Perkins Coie filed a 25-page motion to quash before Judge Ryu under Local Rule 7-2(b). (Suppl. Gharavi Decl. ¶ 15.) The Court affirmed: "The Respondent timely filed its Motion to Quash." (Dkt. 11 at 2; Suppl. Gharavi Decl. ¶ 15.) Perkins Coie knows Local Rule 7-2(b) applies to miscellaneous proceedings—they have successfully used it themselves.

Mr. Gharavi's reliance on this framework was reasonable. He relied on *X Corp.* (magistrate lacks jurisdiction absent consent), direct experience in *In re DMCA 512(h) Subpoena to Dynadot Inc.*, No.

3:25-mc-80138-TLT (N.D. Cal. July 16, 2025) (Clerk's reassignment to district judge when respondent failed to consent to magistrate jurisdiction), and Perkins Coie's own practice. (Suppl. Gharavi Decl. ¶¶ 13-17.)

### B. August 22 Agreement Estops Google's Current Position

During the August 22 videoconference, Mr. Gharavi explicitly informed both counsel that Judge Ryu's 5-day standing order would not apply because he intended to decline magistrate jurisdiction. (Suppl. Gharavi Decl. ¶¶ 3-5.) He explained that he would file his motion when ready under the applicable Local Rules, and the parties could proceed from there. (Suppl. Gharavi Decl. ¶ 3.) This was a clear statement about the procedural framework that would govern the motion practice both parties understood was imminent.

Mr. Hinnen appeared visibly relieved upon hearing this explanation. (Suppl. Gharavi Decl. ¶ 4.) His facial expression changed noticeably. His demeanor relaxed. (Suppl. Gharavi Decl. ¶ 4.) This visible relief confirmed his understanding and agreement that Judge Ryu's 5-day standing order would not apply after declination.

Neither Mr. Hinnen nor Ms. Edlin objected. (Suppl. Gharavi Decl. ¶ 5.) As experienced federal litigators, if they disagreed with Mr. Gharavi's understanding, they had every obligation to say so during the meet and confer. Their failure to object—combined with Mr. Hinnen's visible relief—constituted assent.

Mr. Gharavi's contemporaneous notes state: "We presume we would proceed with the 5 day rule under DMR." (Suppl. Gharavi Decl. ¶¶ 6-7; Dkt. 3-1 ¶ 23 & Ex. N, at 2.) The conditional language ("would proceed," "presume") demonstrates both parties understood application of Judge Ryu's rules was contingent on whether they would proceed before Judge Ryu—which they would not after declination. (Suppl. Gharavi Decl. ¶ 7.)

The Edlin Declaration confirms Judge Ryu's rules were discussed but conspicuously omits that Mr. Gharavi explained the 5-day rule would not apply, that neither counsel objected, and that Mr. Hinnen appeared relieved. These omissions support Mr. Gharavi's account.

Google had multiple opportunities to object: during the August 22 call, in response to the August 25 email referencing "ripe, justiciable controversy," during the five-week period before filing, or

immediately after receiving the motion. (Suppl. Gharavi Decl. ¶ 8.) Google only raised this disagreement after Mr. Gharavi invested 171.8 hours and filed his motion. (Suppl. Gharavi Decl. ¶¶ 19-20.) This timing is strategic and manifestly unjust.

### C. Google's Allegation of Rule Violations Is Baseless and Unsupported

Google alleges Mr. Gharavi's Motion "is in violation of the Federal and Local Rules." (Mot. 7.) Specifically, Google claims the Motion violates Local Rule 7-2(b)(2) because it "does not . . . list a hearing date." (Mot. 3.) This accusation is both factually wrong and legally misguided.

**First**, Mr. Gharavi's Motion complies with all applicable Federal Rules. Federal Rule of Civil Procedure 45(d)(2)(B)(i) expressly authorizes a motion to compel compliance with a subpoena. Mr. Gharavi properly served Google LLC by hand-delivering the motion to Corporation Service Company, Google's registered agent for service of process, under Federal Rule of Civil Procedure 5(b)(2)(A). (Dkt. 3-3; Suppl. Gharavi Decl. ¶ 11.) And Mr. Gharavi exercised his statutory right to decline magistrate jurisdiction under 28 U.S.C. § 636(c)(1). Dkt. 5.

**Second**, Mr. Gharavi's Motion complies with Local Rule 7-2(b)(2). Google claims the Motion "does not . . . list a hearing date" in violation of Local Rule 7-2(b)(2). But this objection ignores the procedural reality: **no district judge had been assigned when Mr. Gharavi filed his Motion**. (Suppl. Gharavi Decl. ¶ 13.)

When filing a motion triggers judicial assignment—as it did here after Mr. Gharavi declined magistrate jurisdiction on a dispositive matter—it is impossible to list a specific hearing date because the moving party does not know which judge will hear the matter or what that judge's calendar availability is. In such circumstances, it is **standard practice** to list "TBD" for the hearing information and await the Clerk's assignment of a judge, after which the motion is re-noticed with proper hearing details. Mr. Gharavi followed this exact procedure. (Dkt. 3 at 1 (listing "Judge: TBD, Date: TBD, Time: TBD, Courtroom: TBD").)

Local Rule 7-2(b)(2) requires that motions "list a hearing date," but this requirement presupposes that a hearing date is available to be listed. Where no district judge has been assigned and no hearing date exists, listing "TBD" is the only procedurally appropriate option. Google's hypertechnical reading would make it impossible for any party to file a motion that triggers judicial

assignment—an absurd result that cannot be what the rule intends.

**Third**, Google's entire motion conflates **standing orders**—which are individual judges' regulation of practice in cases before them—with binding **Federal and Local Rules**. Standing orders express judicial preferences for case management but do not override statutory rights or create independent grounds to strike properly filed motions. The Court's standing order applies to matters proceeding before the Court with consent to magistrate jurisdiction. Where, as here, a party declines magistrate jurisdiction regarding a dispositive matter simultaneously with filing, no standing order governs the filing itself—only the applicable Federal and Local Rules.

Google's accusation that Mr. Gharavi's Motion violates "Federal and Local Rules" is a serious mischaracterization unsupported by any legal authority. The Court should disregard it.

### D. The Motion to Strike Is an Improper Delay Tactic

Google's true purpose is revealed in Section B of its motion: obtaining additional time beyond Local Rule 7-3(a)'s 14-day deadline. (Mot. 7-8.) Google received service on October 2, 2025, and its opposition remains due October 16, 2025. Rather than address substantive waiver issues, Google manufactures a procedural dispute.

Google **blames** Mr. Gharavi for properly serving Google's registered agent on October 2, claiming—in an October 9 email—that counsel did not receive the motion until October 8. (Suppl. Gharavi Decl. ¶ 12.) This six-day internal delay between service on the registered agent and receipt by counsel is Google's administrative problem, not grounds for extension or striking the motion. Moreover, this was avoidable had Google responded to the August 25 email about email service authorization— to which Google committed on August 22 but never fulfilled. (Suppl. Gharavi Decl. ¶¶ 9, 23.)

Perkins Coie is a 1,200-attorney firm with ample resources to respond within 14 days. Google's complaint about timing is ironic given its pattern: objections filed 2 days late (initial boilerplate), 27 days late (address objection), 37 days late (undue burden), and 44 days late (corporate structure). (Suppl. Gharavi Decl. ¶ 21.) Google has spent months delaying compliance with a June 25 subpoena.

Granting the Motion to Strike would reward Google's broken commitments, ignored emails, and strategic timing while punishing Mr. Gharavi's good faith compliance with applicable rules.

### E. Mr. Gharavi Acted in Good Faith Reliance

OPPOSITION TO RESPONDENT'S MOTION TO STRIKE MR. GHARAVI'S MOTION TO COMPEL COMPLIANCE
CASE NO.: 4:25-mc-80164-DMR

As a *pro se* party with no legal education, Mr. Gharavi researched extensively and applied Local Rule 7-2(b) based on plain language, established precedent, and Perkins Coie's own successful practice. (Suppl. Gharavi Decl. ¶¶ 13-17.) He relied on the August 22 agreement and invested 171.8 hours over five weeks addressing Google's escalating objections. (Suppl. Gharavi Decl. ¶¶ 19-20.)

Courts liberally construe *pro se* filings and recognize the disadvantage *pro se* litigants face against sophisticated law firms. *Haines*, 404 U.S. at 520; *Erickson*, 551 U.S. at 94. If the Court has format concerns, case management alternatives exist short of striking a comprehensive brief addressing genuine substantive issues about Rule 45 waiver and § 512(k)(1) interpretation.

### F. Google Suffers No Prejudice

Fourteen days is adequate for Perkins Coie to respond. The firm has vast resources and regularly handles complex litigation. Google's claimed prejudice is **self-inflicted**: its own internal delays caused counsel to purportedly receive the motion days after proper service on the registered agent. (Suppl. Gharavi Decl. ¶ 12.)

The proper response to perceived "mischaracterizations" in the motion is an opposition brief, not a motion to strike. The substantive issues—complete waiver under Rule 45, interpretation of § 512(k)(1), and whether service providers may compartmentalize compliance—are too important to avoid through procedural gamesmanship.

### V. CONCLUSION

Google's Motion to Strike is a transparent attempt to avoid addressing substantive waiver while obtaining time beyond Local Rule 7-3(a)'s deadline. Mr. Gharavi reasonably applied Local Rule 7-2(b) based on plain language, precedent, and Perkins Coie's own practice in *hey, inc v. Twitter*. (Suppl. Gharavi Decl. ¶¶ 13-17.) Google's counsel agreed on August 22 that Judge Ryu's 5-day rule would not apply after declination, as evidenced by Mr. Hinnen's visible relief and neither counsel's objection. (Suppl. Gharavi Decl. ¶¶ 3-5.) After Mr. Gharavi invested 171.8 hours in reliance, Google now reverses position. (Suppl. Gharavi Decl. ¶¶ 19-20.)

Perkins Coie has adequate resources to respond within 14 days. Granting the Motion to Strike would reward Google's pattern of broken commitments, untimely objections, and non-responsiveness while punishing Mr. Gharavi's good faith compliance. (Suppl. Gharavi Decl. ¶¶ 9, 21-24.)

For these reasons, the Court should deny the Motion to Strike and require Google to respond to Mr. Gharavi's Motion to Compel within the time required by Local Rule 7-3(a).

Dated: October 14, 2025

Respectfully submitted,

/s/ Nima Gharavi

Nima Gharavi

Movant, *Pro Se*

OPPOSITION TO RESPONDENT'S MOTION TO STRIKE MR. GHARAVI'S MOTION TO COMPEL COMPLIANCE
CASE NO.: 4:25-mc-80164-DMR

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2025, I electronically filed the foregoing **OPPOSITION TO RESPONDENT'S MOTION TO STRIKE MR. GHARAVI'S MOTION TO COMPEL COMPLIANCE WITH DMCA SUBPOENA** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered counsel of record.

Dated: October 14, 2025

Respectfully submitted,

/s/ Nima Gharavi
Nima Gharavi

Movant, *Pro Se*