NIMA GHARAVI
4610 North Clark St. #1098
Chicago, IL 60640
+1 (773) 899-4688
dmca@midwestwrestle.com

Movant, *Pro Se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE DMCA 512(h) SUBPOENA TO GOOGLE LLC | Case No.: 4:25-mc-80164-DMR<br><br>SUPPLEMENTAL DECLARATION OF NIMA GHARAVI IN SUPPORT OF OPPOSITION TO RESPONDENT'S MOTION TO STRIKE MR. GHARAVI'S MOTION TO COMPEL COMPLIANCE WITH DMCA SUBPOENA<br><br>**Judge:** Hon. Donna M. Ryu<br>**Date:** November 4, 2025<br>**Time:** 1:00 p.m.<br>**Courtroom:** Courtroom 4 – 3rd Floor |

I, Nima Gharavi, declare as follows:

**INTRODUCTION**

1. I am the movant in this action, appearing pro se. I hold a Bachelor of Business Administration and a Master of Science in Interdisciplinary Telecommunications from the University of Colorado at Boulder, but have no formal legal education. I am over 18 years of age and competent to testify to the matters set forth in this declaration. I previously filed a Declaration in Support of Motion to Compel Compliance with DMCA Subpoena on October 2, 2025 (Dkt. 3-1) ("Declaration of Nima Gharavi").

2. I have personal knowledge of all facts stated in this declaration because I personally participated in all communications described herein, personally maintained contemporaneous notes of the relevant meetings, and personally performed all research and work described.

**AUGUST 22, 2025 MEET AND CONFER**

3. During the August 22, 2025 videoconference with Google's counsel Todd M. Hinnen and Elise Edlin, I explicitly informed both counsel that I intended to decline magistrate jurisdiction and that Judge Ryu's 5-day standing order would not apply. I explained that I would file my motion when ready under the applicable Local Rules, and the parties could proceed from there.

SUPPLEMENTAL DECLARATION OF NIMA GHARAVI IN SUPPORT OF OPPOSITION TO MOTION TO STRIKE
CASE NO.: 4:25-mc-80164-DMR

4. Mr. Hinnen appeared via video during this conference. When I explained that the 5-day rule would not apply, his facial expression changed noticeably and his demeanor relaxed, appearing visibly relieved.

5. Neither Mr. Hinnen nor Ms. Edlin objected to my explanation about the procedural framework or indicated any disagreement with my understanding that Judge Ryu's 5-day rule would not apply after I declined magistrate jurisdiction.

6. My contemporaneous notes from the August 22, 2025 meeting state: "We presume we would proceed with the 5 day rule under DMR." A true and correct copy of my contemporaneous notes is attached as Exhibit N to the Declaration of Nima Gharavi (Dkt. 3-1).

7. The language in my notes uses conditional phrasing: "would proceed" and "presume."

**AUGUST 25, 2025 EMAIL AND SERVICE AUTHORIZATION**

8. On August 25, 2025, I sent an email to Mr. Hinnen and Ms. Edlin stating there was a "ripe, justiciable controversy" and specifically asking whether Google would authorize email service of any future motion. A true and correct copy of this email is included in the comprehensive email thread attached as Exhibit A to the Declaration of Nima Gharavi (Dkt. 3-1).

9. Google never responded to this August 25, 2025 email request about email service authorization, despite Mr. Hinnen having indicated during the August 22 meeting that email service would likely be acceptable subject to confirmation.

10. Because Google failed to confirm authorization for email service despite multiple requests, I had no choice but to serve Google's registered agent by hand delivery when filing my Motion to Compel.

**SERVICE OF MOTION TO COMPEL**

11. On October 2, 2025, I personally hand-delivered my Motion to Compel Compliance with DMCA Subpoena to Corporation Service Company, Google LLC's registered agent for service of process, at 3:59 p.m. Central Time.

12. On October 9, 2025, Ms. Edlin sent an email stating that Google's counsel received the motion "yesterday afternoon," meaning October 8, 2025. However, the Edlin Declaration states counsel received the motion on October 7, 2025.

**RESEARCH AND RELIANCE ON LOCAL RULE 7-2(b)**

13. As a pro se party with no formal legal education, I extensively researched the applicable procedural rules before filing my Motion to Compel. My research included reviewing Local Rule 7-2(b), researching case law regarding magistrate jurisdiction over dispositive matters, and examining public court filings involving similar procedural situations.

14. I researched *In re DMCA Subpoena to X Corp.*, No. 3:23-mc-80294-PHK (N.D. Cal.), where Magistrate Judge Peter H. Kang issued an order on January 17, 2024 (Dkt. No. 9) citing *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 880 (N.D. Cal. 2020).

15. I also researched *In re hey, inc v. Twitter*, No. 3:22-mc-80034-DMR (N.D. Cal. 2022), where I reviewed the docket and found that Perkins Coie LLP filed a 25-page motion to quash (Dkt. 6, filed May 23, 2022) before Judge Ryu under Local Rule 7-2(b). Judge Ryu's subsequent order (Dkt. 11, at 2) stated: "The Respondent timely filed its Motion to Quash."

16. Based on this research, and particularly on Perkins Coie's use of Local Rule 7-2(b) in *In re hey, inc v. Twitter* before Judge Ryu, I concluded that Local Rule 7-2(b) governed my motion after I declined magistrate jurisdiction.

17. I also had direct experience with the reassignment process in a previous DMCA subpoena matter. In *In re DMCA 512(h) Subpoena to Dynadot Inc.*, No. 3:25-mc-80138-TLT (N.D. Cal. 2025), I initially consented to Magistrate Judge Kim's jurisdiction. However, after the respondent failed to appear or consent, the Clerk issued a notice on July 16, 2025, stating: 'The Clerk of this Court will now randomly reassign this case to a District Judge because either (1) a party has not consented to the jurisdiction of a Magistrate Judge, or (2) time is of the essence in deciding a pending judicial action for which the necessary consents to Magistrate

Judge jurisdiction have not been secured.' The matter was then reassigned to a district judge. This experience informed my understanding that when consent to magistrate jurisdiction is lacking, the matter is reassigned and governed by Local Rule 7-2(b) during the period before a district judge is assigned.

## TIME INVESTED IN MOTION TO COMPEL

18. As stated in paragraph 29 of the Declaration of Nima Gharavi (Dkt. 3-1 at 12), I spent over five weeks researching applicable law and drafting the Motion to Compel in response to Google's escalating objections and incomplete responses.

19. During this time, I invested approximately 171.8 hours addressing Google's positions, researching DMCA statutory requirements, reviewing legislative history, analyzing case law, and drafting comprehensive motion papers with supporting exhibits.

20. This substantial time investment was made in good faith reliance on my understanding—shared with Google's counsel on August 22—that Judge Ryu's 5-day standing order would not apply after I declined magistrate jurisdiction and that Local Rule 7-2(b) would govern.

## PATTERN OF UNTIMELY OBJECTIONS

21. As documented in the Declaration of Nima Gharavi, Google has consistently raised objections well beyond the 14-day deadline required by Federal Rule of Civil Procedure 45(d)(2)(B):

a. Initial objections: Served July 11, 2025 (16 days after June 25 service; 2 days late)

b. Address objection: First raised August 5, 2025 (41 days after service; 27 days late)

c. Undue burden objection: First raised August 15, 2025 (51 days after service; 37 days late)

d. Corporate structure objection: First raised August 22, 2025 (58 days after service; 44 days late)

22. These dates are supported by the email correspondence attached as Exhibit A to the Declaration of Nima Gharavi (Dkt. 3-1) and my contemporaneous notes attached as Exhibit N to the Declaration of Nima Gharavi (Dkt. 3-1).

**GOOGLE'S FAILURE TO FULFILL COMMITMENTS**

23. During the August 22, 2025 meet and confer, Google's counsel stated they would confirm whether email service would be acceptable. As of the filing of this declaration, Google has provided no such confirmation—despite their August 22 commitment, my August 25 email requesting it, and most remarkably, Google's Motion to Strike complaining that I failed to email them the motion when they never authorized email service in the first place.

24. During the August 22, 2025 meet and confer, Google's counsel also stated they would confirm whether all affected users had been notified of the subpoena and

whether any had objected to disclosure. Google never fulfilled this commitment either.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 14, 2025 at Chicago, Illinois.

/s/ Nima Gharavi
Nima Gharavi

Movant, *Pro Se*