NIMA GHARAVI
4610 North Clark St. #1098
Chicago, IL 60640
+1 (773) 899-4688
dmca@midwestwrestle.com

Movant, *Pro Se*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE DMCA 512(h) SUBPOENA TO GOOGLE LLC | Case No.: 3:25-mc-80164-WHO |
| | DECLARATION IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH DMCA SUBPOENA |
| | **Judge:** Hon. William H. Orrick |
| | **Date:** November 19, 2025 |
| | **Time:** 2:00 |
| | **Courtroom:** Courtroom 2 – 17th Floor |

I, Nima Gharavi, declare as follows:

## BACKGROUND AND QUALIFICATIONS

1. I am the movant in this action, appearing pro se. I hold a Bachelor of Business Administration and a Master of Science in Interdisciplinary Telecommunications from the University of Colorado at Boulder, but have no formal legal education. I am over 18 years of age and competent to testify to the matters set forth in this declaration.

2. I am the copyright holder and owner of multiple motion picture works that have been the subject of copyright infringement on YouTube. I operate a YouTube channel located at https://www.youtube.com/@MidwestWrestle, and I create original video content that has been unlawfully copied and uploaded by other users without my permission.

3. I have personal knowledge of all facts stated in this declaration because I personally participated in all communications described herein, personally received all documents referenced, and personally performed all actions described.

## SUBPOENA SERVICE AND INITIAL COMPLIANCE

4. On June 25, 2025, I personally hand-delivered a DMCA subpoena under 17 U.S.C. § 512(h) to Google LLC through its registered agent, Corporation Service Company. The subpoena sought subscriber information for eight YouTube

accounts that had uploaded infringing copies of my copyrighted works. A true

and correct copy of the served subpoena and proof of service is attached hereto as

Exhibit K.

5. On June 26, 2025, as a professional courtesy and to ensure Google received

notice, I sent an email to google-legal-support@google.com providing a courtesy

copy of the subpoena. A true and correct copy of this email is attached hereto as

Exhibit L.

6. Under Federal Rule of Civil Procedure 45(d)(2)(B), objections to the subpoena

were required to be served within 14 days of service, making the objection

deadline July 9, 2025. The subpoena required compliance by July 18, 2025.

**GOOGLE'S PATTERN OF BOILERPLATE OBJECTIONS**

7. On July 11, 2025 (16 days after service and 2 days past the objection deadline),

Google served untimely written objections to the subpoena. A true and correct

copy of Google's July 11, 2025 objection letter is attached hereto as Exhibit C.

8. I have reviewed Google's objection practices across multiple DMCA subpoenas.

Google served substantially identical boilerplate objections in a different case on

February 7, 2025, demonstrating a pattern of formulaic responses regardless of

the specific facts of each case. A true and correct copy of Google's February 7,

2025 objection letter from a different matter is attached hereto as Exhibit B.

DECLARATION IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH DMCA SUBPOENA
CASE NO.: 3:25-mc-80164-WHO

**GOOGLE'S DEFICIENT PRODUCTION**

9.  On July 18, 2025, Google produced initial responsive documents limited to
    YouTube-only information. The production was accompanied by a certificate of
    authenticity stating the search was limited exclusively to YouTube and YouTube
    Music systems. A true and correct copy of Google's initial production notice and
    certificate is attached hereto as Exhibit D.

10. The initial production provided only basic account information such as channel
    names and email addresses, but omitted critical identifying information including
    last known addresses, telephone numbers, and comprehensive access logs. A
    representative example of Google's limited initial production for one account is
    attached hereto as Exhibit F.

11. Consequently, on July 19, 2025, I sent a deficiency notice to Google, attaching an
    anonymized sample of Google's prior, broader production from unrelated
    litigation to demonstrate the type of comprehensive information Google routinely
    produces in other contexts. A true and correct copy of the deficiency notice is
    attached hereto as Exhibit A. A true and correct copy of the anonymized sample
    of Google's prior, broader production from unrelated litigation is attached hereto
    Exhibit G.

12. On July 28, 2025, Google provided a supplemental production that expanded the
    search to include Google Account systems, but did not include any physical

address information. A true and correct copy of Google's supplemental

production notice and certificate is attached hereto as Exhibit E.

13. On August 4, 2025, I sent a second deficiency notice emphasizing the absence of

physical address data. A true and correct copy of the second deficiency notice is

attached hereto as Exhibit A.

14. Google's July 11, 2025 objection letter proposed designating their subpoena

production as "attorney's eyes only." I expressly rejected this designation,

explaining via email correspondence on July 11 that "I am a pro se litigant—I

therefore respectfully decline the request for an 'Attorney's Eyes Only

Designation'". A true and correct copy of the email correspondence documenting

my rejection of the "attorney's eyes only" designation is attached hereto as

Exhibit A.

15. Despite my express rejection of their proposed "attorney's eyes only"

designation, Google unilaterally declared in their production letter that "this

production is being made subject to an <u>attorney's eyes only designation</u>."

(emphasis in original) Google imposed this restriction without any court order,

binding protective order, or my agreement. A true and correct copy of Google's

production letter containing the attorney's eyes only designation is attached

hereto as Exhibit D.

DECLARATION IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH DMCA SUBPOENA
CASE NO.: 3:25-mc-80164-WHO

16. Despite these two productions, Google has failed to produce complete subscriber information, particularly last known addresses and information maintained in its AdSense system, where content creators receive payments for monetizing uploaded content.

**TIMELINE MANIPULATION AND BAD FAITH**

17. Initially, on July 14, 2025, Google indicated it would produce responsive documents "after July 29, 2025," citing a need for user notification procedures. A true and correct copy of the email correspondence documenting this initial production date is attached hereto as Exhibit A.

18. When I questioned this timeline on the same day (July 14, 2025), Google immediately moved up the production date to July 18, 2025—an acceleration of eleven days. A true and correct copy of the email correspondence documenting this updated production date is attached hereto as Exhibit A.

**MEET AND CONFER EFFORTS**

19. Google initially scheduled a meet and confer conference for August 12, 2025. On August 8, 2025, I received confirmation of this meeting. However, on August 12, 2025, at 10:23 p.m. Central Time (less than 5 hours before the scheduled meeting), Google sent an email canceling the meeting due to "scheduling conflicts." A true and correct copy of the email correspondence documenting this last-minute cancellation is attached hereto as Exhibit A.

DECLARATION IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH DMCA SUBPOENA
CASE NO.: 3:25-mc-80164-WHO

20. On August 15, 2025, I participated in the first meet and confer conference with Google's counsel from Perkins Coie LLP, Todd M. Hinnen and Elise Edlin. During this conference, Google's counsel explained their position that they only search YouTube-specific systems for DMCA subpoenas and do not include AdSense or other integrated Google systems.

21. On August 22, 2025, I participated in a second and final meet and confer conference with the same Perkins Coie counsel. During this meeting, Google's counsel promised to confirm whether all affected users had been notified and whether any had objected to disclosure. Google's counsel also stated they would provide written documentation of their legal position. While Google's counsel did send a partial written position in an August 25, 2025 email, they never fulfilled their promise to confirm user notification status. Ultimately, Google maintained its position that DMCA subpoenas do not require searching any systems beyond YouTube, making formal motion practice necessary. A true and correct copy of the email correspondence from Google's counsel documenting part of its client's position is attached hereto as Exhibit A.

**ADDITIONAL UNTIMELY OBJECTIONS**

22. During the August 5, 2025 email exchange (41 days after service and 27 days past the objection deadline), Google raised for the first time an objection to producing last known addresses, claiming that "a service provider's obligation goes no

further than the production of a claimed infringing user's email address" under §
512(h) subpoenas. A true and correct copy of the email correspondence
documenting this untimely objection is attached hereto as Exhibit A.

23. During the August 22, 2025 meet and confer, Perkins Coie counsel raised
additional arguments about corporate structure and claimed Google LLC should
only be required to search YouTube, LLC systems, despite operating YouTube as
an integrated part of Google's broader platform. Counsel stated that Google is a
very large and diverse service provider, and if they took the view that any legal
obligation imposed on one product automatically imposed obligations on all of its
other products, it would be very difficult to do business, and that they don't want
to open that can of worms. Counsel also articulated Respondent's position that
Congress's inclusion of service-of-process language in § 512(g)(3)(D) but not §
512(h) demonstrates Congressional intent to prohibit using § 512(h) information
for litigation. A true and correct copy of my contemporaneous notes from this
conference is attached hereto as Exhibit N.

**EVIDENCE OF GOOGLE'S PRODUCTION CAPABILITIES IN RELATED
LITIGATION**

24. I have obtained evidence demonstrating Google's comprehensive production
capabilities when identical information is sought through non-DMCA procedures.
In similar copyright litigation, attorney Randall S. Newman obtained complete

subscriber information from Google, including AdSense billing profiles with full

identifying information, when serving an expedited discovery subpoena. I

obtained a true and correct copy of Newman's declaration documenting this

production from the public court docket in Cordova v. Huneault, Case No. 5:25-

cv-04685-VKD (N.D. Cal.), where it was filed as ECF No. 23-1 on September 2,

2025. I verified its authenticity by obtaining it from the official PACER docket

entry. A true and correct copy is attached hereto as Exhibit H.

25. To further document Google's production practices in different procedural

contexts, I obtained and transcribed publicly available videos from 'The DMCA

Lawyer' YouTube channel (youtube.com/@thedmcalawyer), operated by

California attorney Randall S. Newman (State Bar No. 190547). I verified the

channel's authenticity through Newman's audio identification in the videos, the

channel's association with Newman's professional legal practice, and cross-

reference with his professional activities in public court filings where he appears

as counsel of record in copyright matters. I used DaVinci Resolve Studio version

20.2.0.13 by Blackmagic Design Pty. Ltd. to generate automated transcriptions.

The videos feature attorney Newman providing audio statements on various

copyright enforcement matters. I have included complete transcriptions of the

relevant videos as Exhibits I and J, with highlighting added to indicate the

portions where attorney Newman describes Google's contrasting responses to identical information requests depending on the legal procedure used:

a. Regarding expedited discovery prior to a Rule 26(f) conference: "So we served the subpoena on Google and they actually responded yesterday without any pushback. They gave me the information on who owns the channel." A true and correct copy of this transcript is attached hereto as Exhibit I.

b. Regarding DMCA subpoenas: "I get the documents. It's like useless nonsense. They don't tell you the people's name. They don't tell you the people's address. You get like an email address. Yippity doo. Like I already have the guy's email address, so that doesn't really help. […] You say that you conducted a diligent search but you won't give me anything. And, it says you failed to produce the name and address of the subscriber. […] This is now a pattern. In two different 512s, you guys made the same nonsensical objections." A true and correct copy of this transcript is attached hereto as Exhibit J.

c. Regarding citations to out of circuit dicta taken out of context: "Okay then on Wednesday they said well we provided all we have, that's all we have to produce. Regarding your request for you know billing and tax information that our obligation is only to produce an email address and they cite RIAA

vs. Charter, an eighth circuit case from 20 years ago that says in dicta that email is fast and sure method but not the only method of things to... to produce. But the funny thing about this eighth circuit case is A) Google's in the ninth circuit and how many thousands of subpoenas have they must have gotten the last 20 years. You're gonna tell me you don't have a single district court case or ninth circuit case that you can rely on. Instead, you're relying on dicta from an eighth circuit case that the 512 subpoena in that case was served on Charter which is an ISP not a platform. So the court said you know you can't serve subpoena on an ISP. So they quashed it. So this case has no applicability whatsoever to this case. Like, but they quote some nonsense sentence out of it even though it's dicta and has no meaning." A true and correct copy of this transcript is attached hereto as Exhibit J.

d.  Regarding repeatedly ignoring requests to meet and confer: "I sent a multiple requests for this matter this is to google telling them I have made multiple requests for a conference in this matter pursuant to DeMarchi's standing order and you have not responded to those requests." A true and correct copy of this transcript is attached hereto as Exhibit J.

26. The anonymized sample Google Subscriber Information sheet attached as Exhibit G demonstrates Google's capability to maintain and produce comprehensive

identifying information, including name, phone numbers, IP access logs with

timestamps, and detailed account activity data.

**COMPREHENSIVE EMAIL CORRESPONDENCE**

27. All email communications between myself and Google's counsel, including meet

and confer scheduling, substantive discussions, and Google's failure to fulfill

promised follow-up commitments, are documented in a comprehensive email

thread. A true and correct copy of this complete email correspondence chain is

attached hereto as Exhibit A.

**COSTS AND EXPENSES INCURRED**

28. As a direct result of Google's delayed objections and incomplete responses to the

subpoena, I was required to bring this motion to compel. Because Google's

counsel failed to confirm whether Google would waive formal service of this

motion despite multiple requests made during the August 22, 2025 meet and

confer and via email, I personally hand-delivered the motion papers to

Corporation Service Company, Google's registered agent. I have valued this

service at $150.00 based on reasonable market rates.

29. Additionally, Google's responses to the subpoena required me to spend over five

weeks researching applicable law and drafting this motion to compel, work that

was necessitated entirely by Google's refusal to comply with a straightforward

statutory obligation.

DECLARATION IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH DMCA SUBPOENA
CASE NO.: 3:25-mc-80164-WHO

**STATEMENTS MADE DURING MEET AND CONFER**

30. During our August 15, 2025 meet and confer, I inquired about Google Legal Support's citation to Recording Industry Association v. Charter Communications in their August 5, 2025 email correspondence. When I noted that Charter Communications actually supports broader disclosure requirements contrary to Google's position, counsel immediately stated that Google is no longer relying on Charter Communications to support their position.

31. Google has raised arguments about corporate structure, claiming that YouTube, LLC is a separate entity and that Google LLC should not be required to search systems beyond YouTube's direct platforms. Google LLC operates YouTube as an integrated service, requiring Google accounts for channel operation and providing monetization through Google's AdSense system.

32. Google has claimed that searching its integrated systems would be unduly burdensome. Google's publicly available research describes technical infrastructure that processes billions of queries daily with millisecond response times across distributed systems. The subpoena seeks subscriber information for eight accounts.

33. Attached as Exhibit M is a true and correct copy of a Google Account Export Summary document. This document contains an export summary showing "Service: Google Account" and "Resource: Subscriber Info" for the

@AtlasSocialClub YouTube Handle, with an originating identifier of
@AtlasSocialClub resolving to Google Account ID 316200737663. The export
covers a date range from June 27, 2022 to June 27, 2025.

I declare under penalty of perjury under the laws of the United States of America that
the foregoing is true and correct.

Executed on October 15, 2025 at Chicago, Illinois.

/s/ Nima Gharavi

Nima Gharavi

Movant, *Pro Se*

DECLARATION IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH DMCA SUBPOENA
CASE NO.: 3:25-mc-80164-WHO

**EXHIBIT INDEX**

The following exhibits are attached hereto and incorporated by reference:

**Exhibit A:** Email correspondence chain between Mr. Gharavi and Google Legal Support (and later Perkins Coie counsel)

**Exhibit B:** Google's initial objection letter dated February 7, 2025 (different matter showing pattern of similar objections)

**Exhibit C:** Google's objection letter dated July 11, 2025 (regarding the instant matter)

**Exhibit D:** Google's initial production notice and certificate of authenticity dated July 18, 2025

**Exhibit E:** Google's supplemental production notice and certificate of authenticity dated July 28, 2025

**Exhibit F:** Example initial production of one of eight subject accounts produced by Google on July 18, 2025 (Google's search was limited exclusively to its YouTube and YouTube Music products)

**Exhibit G:** Sample Google Subscriber Information demonstrating the type and scope of information Google maintains and can produce (attached to Mr. Gharavi's July 19, 2025 email to Google found within Exhibit A)

**Exhibit H:** Declaration of Randall S. Newman showing Google's comprehensive production capabilities in related litigation, including AdSense billing profiles with complete identifying information

DECLARATION IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH DMCA SUBPOENA
CASE NO.: 3:25-mc-80164-WHO

**Exhibit I:** Transcript from The DMCA Lawyer, "Frauditor Troll Unmasked—Amended Complaint Coming! #frauditortroll," YouTube (Aug. 26, 2025), https://www.youtube.com/watch?v=l4PLrZJSv8I (last visited Sept. 21, 2025)

**Exhibit J:** Transcript from The DMCA Lawyer, "The DMCA Lawyer v. YouTube: Who Blinks First? Will They Like and Subscribe?," YouTube (Aug. 7, 2025), https://www.youtube.com/watch?v=oDVrkH3PiUI (last visited Sept. 21, 2025)

**Exhibit K:** Hand Delivered Subpoena to Google LLC – Served June 25, 2025 – Compliance Deadline July 18, 2025

**Exhibit L:** Email dated June 26, 2025 to google-legal-support@google.com providing courtesy copy of subpoena

**Exhibit M:** Google Account Export Summary document showing "Service: Google Account" and "Resource: Subscriber Info" for comprehensive Google Account-level production

**Exhibit N:** Contemporaneous notes from meet and confer conference held August 22, 2025 with Perkins Coie counsel Todd Hinnen and Elise Edlin regarding Respondent's objections to subpoena compliance

Exhibit A

## Nima Gharavi

| | |
|---|---|
| **From:** | Nima Gharavi <nima@midwestwrestle.com> |
| **Sent:** | Monday, August 25, 2025 11:55 AM |
| **To:** | 'Hinnen, Todd M. (Perkins Coie)' |
| **Cc:** | 'Edlin, Elise (Perkins Coie)' |
| **Subject:** | RE: Final Meet and Confer Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216) |

[External email - use caution]

Thank you, Todd.

The position articulated here relies upon, *inter alia*, an interpretation of 17 USC § 512(k)(1) that I respectfully believe is inconsistent with congressional intent and the *Cox Communications* decision. Given this, it would seem we have a ripe, justiciable controversy.

May I ask if you have any objection to the inclusion of your email this morning as an exhibit? I haven't affirmatively decided to do so yet, but as a courtesy, I wanted to confirm—just in case.

Lastly, as a pro se party concurrently running a solo business, I imagine it will take me more time than you might be traditionally accustomed to for a counterparty to perform the requisite legal research and motion drafting. I will, of course, let you know as soon as it's filed.

Relatedly, may I ask if Google has confirmed whether you will be authorized to accept service on their behalf?

Regards,
Nima Gharavi
(773) 899-4688

---

**From:** Hinnen, Todd M. (Perkins Coie) <thinnen@perkinscoie.com>
**Sent:** Monday, August 25, 2025 10:32 AM
**To:** Nima Gharavi <nima@midwestwrestle.com>
**Cc:** Edlin, Elise (Perkins Coie) <EEdlin@perkinscoie.com>
**Subject:** RE: Final Meet and Confer Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

[External email - use caution]

Nima,

Thank you for speaking with us on Friday. As we indicated, this email outlines part of the basis for Google's position that the 512(h) subpoena received in this matter requires it to disclose only the alleged infringer's YouTube identifying information, as YouTube is the service provider for the service upon which the alleged infringement occurred.

Section 512 distinguishes between different types of service providers and imposes different obligations and offers different protections depending on the type. *See, e.g.*, 17 U.S.C. 512(a)-(d). It authorizes issuance of a subpoena only to a 512(c) service provider, i.e., a service provider that stores the allegedly infringing content on behalf of a user. Here, YouTube is the service provider, and the information YouTube uses to identify its users is the BSI package which has already been disclosed in response to your subpoena.

It does not matter that Google, the company, supports many different types of service providers. There is no allegation that the allegedly infringing content was stored on Gmail, Search, Chrome, or any of Google's other service offerings; rather, it was stored on YouTube and Google has produced the users' identifying information associated with their accounts on that service. The Ninth Circuit recently endorsed this fine-grained approach to interpreting and applying Section 512, stating that the limitations, obligations, and protections imposed by the statute "depend[] on the function the service provider performed with respect to the infringement at issue." *In re: Subpoena of Internet Subscribers of Cox Communications, LLC and Coxcom, LLC*, 2025 WL 2371947, at *9 (9th Cir. Aug. 15, 2025).

We hope this brief explanation is helpful. We look forward to discussing this matter with you further.

Best,

Todd & Elise

**Todd Hinnen**
**PARTNER**

**Perkins Coie**
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
+1.206.359.3384
THinnen@perkinscoie.com
perkinscoie.com

---

**From:** Nima Gharavi <nima@midwestwrestle.com>
**Sent:** Saturday, August 23, 2025 5:51 AM
**To:** Hinnen, Todd M. (SEA) <thinnen@perkinscoie.com>
**Cc:** Edlin, Elise (SFO) <EEdlin@perkinscoie.com>
**Subject:** RE: Final Meet and Confer Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

Todd: You're more than welcome.

Elise: It just occurred to me that an order from Judge Kang in the same case I referenced below does a better job of eloquently articulating what I was attempting to communicate on our call yesterday with regard to magistrate jurisdiction over dispositive matters: Order – #9 in In re DMCA Subpoena to X Corp. dba Twitter (N.D. Cal., 3:23-mc-80294) – CourtListener.com

Regards,
Nima Gharavi
(773) 899-4688

---

**From:** Hinnen, Todd M. (Perkins Coie) <thinnen@perkinscoie.com>
**Sent:** Friday, August 22, 2025 5:09 PM
**To:** Nima Gharavi <nima@midwestwrestle.com>
**Cc:** Edlin, Elise (Perkins Coie) <EEdlin@perkinscoie.com>
**Subject:** RE: Final Meet and Confer Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

[External email - use caution]

Thank you, Nima – I appreciate the professional courtesy.  Have a good weekend,

Todd

**Todd Hinnen**
PARTNER

**Perkins Coie**
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
+1.206.359.3384
THinnen@perkinscoie.com
perkinscoie.com

**From:** Nima Gharavi <nima@midwestwrestle.com>
**Sent:** Friday, August 22, 2025 3:01 PM
**To:** Hinnen, Todd M. (SEA) <thinnen@perkinscoie.com>
**Cc:** Edlin, Elise (SFO) <EEdlin@perkinscoie.com>
**Subject:** RE: Final Meet and Confer Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

Hi Todd,

Thank you for your time this afternoon.

Even though it's technically no longer applicable to our current matter, you mentioned you would like me to send you precedent regarding the applicability of magistrate standing orders pertaining to joint discovery letter briefs when a matter is a free-standing miscellaneous proceeding rather than a traditional civil proceeding:

- Docket: In re DMCA Subpoena to X Corp. dba Twitter, 3:23-mc-80294 – CourtListener.com
- Initial Discovery Letter Brief: Discovery Letter Brief – #7 in In re DMCA Subpoena to X Corp. dba Twitter (N.D. Cal., 3:23-mc-80294) – CourtListener.com
- Supplemental Discovery Letter Brief: Discovery Letter Brief – #17 in In re DMCA Subpoena to X Corp. dba Twitter (N.D. Cal., 3:23-mc-80294) – CourtListener.com

Granted, this was a different magistrate (Peter H. Kang), but I imagine Judge Kang would have ordered an alternative form of briefing if a rule deemed discovery letter briefs improper for free-standing miscellaneous subpoena proceedings.

Regards,
Nima Gharavi
(773) 899-4688

**From:** Nima Gharavi
**Sent:** Friday, August 22, 2025 11:54 AM
**To:** Hinnen, Todd M. (Perkins Coie) <thinnen@perkinscoie.com>; Nima Gharavi <nima@midwestwrestle.com>
**Cc:** Edlin, Elise (Perkins Coie) <EEdlin@perkinscoie.com>
**Subject:** RE: Final Meet and Confer Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

Yes—thank you.

-Nima

**From:** Hinnen, Todd M. (Perkins Coie) <thinnen@perkinscoie.com>
**Sent:** Friday, August 22, 2025 11:53 AM
**To:** Nima Gharavi <nima@midwestwrestle.com>
**Cc:** Edlin, Elise (Perkins Coie) <EEdlin@perkinscoie.com>
**Subject:** RE: Final Meet and Confer Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

[External email - use caution]

Hi Nima,

Yes – my apologies for the delay in getting back to you.  Does 2 pm Pacific work for you?  If so, I'll send a calendar invite.

Thank you,

Todd

**Todd Hinnen**
**PARTNER**

**Perkins Coie**
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
+1.206.359.3384
THinnen@perkinscoie.com
perkinscoie.com

**From:** Nima Gharavi <nima@midwestwrestle.com>
**Sent:** Friday, August 22, 2025 8:05 AM
**To:** Hinnen, Todd M. (SEA) <thinnen@perkinscoie.com>
**Cc:** Edlin, Elise (SFO) <EEdlin@perkinscoie.com>
**Subject:** RE: Final Meet and Confer Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

Good morning, Todd,

Are we still on for today?

Thank you,
Nima Gharavi
(773) 899-4688

**From:** Nima Gharavi <nima@midwestwrestle.com>
**Sent:** Thursday, August 21, 2025 12:00 PM
**To:** 'Hinnen, Todd M. (Perkins Coie)' <thinnen@perkinscoie.com>
**Cc:** 'Edlin, Elise (Perkins Coie)' <EEdlin@perkinscoie.com>
**Subject:** RE: Final Meet and Confer Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

Good morning, Todd,

Regarding tomorrow, I am available from 10 am PT onward.

Thank you,

Nima Gharavi

(773) 899-4688

---

**From:** Hinnen, Todd M. (Perkins Coie) <thinnen@perkinscoie.com>
**Sent:** Thursday, August 21, 2025 11:56 AM
**To:** Nima Gharavi <nima@midwestwrestle.com>; Edlin, Elise (Perkins Coie) <EEdlin@perkinscoie.com>
**Subject:** RE: Final Meet and Confer Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

[External email - use caution]

Hi Nima,

Thanks for your email, and for your patience as we make sure we have a chance to thoroughly discuss these issues with our client despite summer schedules.  If there are some times you're available for a brief call tomorrow, I hope that we'll then be in a position to communicate Google's final position on this issue.

Thank you, Nima,

Todd

**Todd Hinnen**
**PARTNER**

**Perkins Coie**
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
+1.206.359.3384
THinnen@perkinscoie.com
perkinscoie.com

---

**From:** Nima Gharavi <nima@midwestwrestle.com>
**Sent:** Wednesday, August 20, 2025 9:28 AM
**To:** Edlin, Elise (SFO) <EEdlin@perkinscoie.com>
**Cc:** Hinnen, Todd M. (SEA) <thinnen@perkinscoie.com>
**Subject:** RE: Final Meet and Confer Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

Good morning, Elise,

I just received Todd's out-of-office message indicating he's been away since our Friday call.

I understand you and Todd may have only been brought into this matter on August 12th, but my original meet and confer request to Google was August 5th—so we're now approaching two weeks overall. Given this broader timeline, I'm hoping you might be able to convey some urgency to your client regarding next steps.

Could you provide any update on Google's position or timing for a response?

Thank you,
Nima Gharavi
(773) 899-4688

**From:** Nima Gharavi <nima@midwestwrestle.com>
**Sent:** Wednesday, August 20, 2025 11:17 AM
**To:** 'Hinnen, Todd M. (Perkins Coie)' <thinnen@perkinscoie.com>
**Cc:** 'Edlin, Elise (Perkins Coie)' <EEdlin@perkinscoie.com>
**Subject:** RE: Final Meet and Confer Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

Todd,

I hope you had a good weekend.

I wanted to follow up on our productive discussion last Friday. I appreciated the thoughtful questions you and Elise raised, and I hope my responses were helpful in addressing Google's concerns.

I wanted to check on the status and see if there are any updates on Google's position or next steps. I understand these matters can require internal coordination, but wanted to touch base given that it's been several business days since our call.

Please let me know if there's any additional information that I can provide to help move this forward, or if you have a sense of timing for Google's response.

Thanks again for the collaborative approach—I'm hopeful we can continue working toward a resolution.

Regards,
Nima Gharavi
(773) 899-4688

---

**From:** Nima Gharavi <nima@midwestwrestle.com>
**Sent:** Tuesday, August 12, 2025 4:00 PM
**To:** 'Hinnen, Todd M. (Perkins Coie)' <thinnen@perkinscoie.com>
**Cc:** 'Edlin, Elise (Perkins Coie)' <EEdlin@perkinscoie.com>
**Subject:** RE: Final Meet and Confer Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

Todd,

Please feel free to do the same.  And, thank you for coordinating—I look forward to our discussion on Friday.

Regards,
Nima Gharavi
(773) 899-4688

---

**From:** Hinnen, Todd M. (Perkins Coie) <thinnen@perkinscoie.com>
**Sent:** Tuesday, August 12, 2025 2:37 PM
**To:** Nima Gharavi <nima@midwestwrestle.com>
**Cc:** Edlin, Elise (Perkins Coie) <EEdlin@perkinscoie.com>
**Subject:** RE: Final Meet and Confer Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

[External email - use caution]

Please, feel free to call me Todd.

Great.  Teams works fine for us. We'll send you an invitation and look forward to discussing this matter with you Friday.

Best,

Todd

**Todd Hinnen**
**PARTNER**

**Perkins Coie**
1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
+1.206.359.3384
THinnen@perkinscoie.com
perkinscoie.com

---

**From:** Nima Gharavi <nima@midwestwrestle.com>
**Sent:** Tuesday, August 12, 2025 12:31 PM
**To:** Hinnen, Todd M. (SEA) <thinnen@perkinscoie.com>
**Cc:** Edlin, Elise (SFO) <EEdlin@perkinscoie.com>
**Subject:** RE: Final Meet and Confer Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

Good afternoon, Mr. Hinnen,

Thank you for your quick response and flexibility. I genuinely appreciate it.

Friday, August 15th from 10:00-10:30 AM Pacific (12:00-12:30 PM CDT) works well for me.

Given that there will be multiple participants, would you prefer to use Zoom, Teams, or another videoconference platform? Alternatively, I can be reached at (773) 899-4688.

I look forward to speaking with you as well.

Regards,
Nima Gharavi
(773) 899-4688

---

**From:** Hinnen, Todd M. (Perkins Coie) <thinnen@perkinscoie.com>
**Sent:** Tuesday, August 12, 2025 1:36 PM
**To:** Nima Gharavi <nima@midwestwrestle.com>
**Cc:** Edlin, Elise (Perkins Coie) <EEdlin@perkinscoie.com>
**Subject:** RE: Final Meet and Confer Request – In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

[External email - use caution]

[Google to bcc]

Mr. Gharavi,

Nice to meet you by email. I understand your desire to get something scheduled as soon as possible, and we're happy to facilitate that. I'm traveling all day tomorrow, but we're available Friday, August 15 from 10:00-11:00 Pacific time. Is there a 30-minute slot in that window that works for you?

Thank you.  We look forward to speaking with you.

Todd

**Todd Hinnen**
PARTNER

**Perkins Coie**

1301 Second Avenue Suite 4200
Seattle, WA 98101-3804
+1.206.359.3384
THinnen@perkinscoie.com
perkinscoie.com

**From:** Nima Gharavi <nima@midwestwrestle.com>
**Sent:** Tuesday, August 12, 2025 10:14 AM
**To:** google-legal-support@google.com
**Cc:** Hinnen, Todd M. (SEA) <thinnen@perkinscoie.com>
**Subject:** RE: Final Meet and Confer Request – In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

Dear Legal Investigations Support,

I acknowledge Google's last-minute cancellation of today's confirmed meet and confer conference.

As you will recall, I set a deadline of **August 13, 2025** in my August 6th correspondence for Google to confirm availability for a meet and confer. Google's unilateral cancellation today does not extend that deadline.

**Google's outside counsel must confirm their availability for a meet and confer by August 13, 2025** (tomorrow), with the actual conference occurring no later than **Monday, August 18th**. Given Google's pattern of delays in this matter—from initially ignoring meet and confer requests to requiring formal procedural demands to engage—I will not consider any extension of these deadlines unless outside counsel can articulate good cause.

Please ensure that Google's outside counsel has reviewed the complete correspondence history in this matter, including my detailed legal analysis addressing Google's arguments, so they can engage substantively rather than requiring additional time to familiarize themselves with issues that have been pending for weeks.

In the interest of judicial economy and preserving scarce court resources, I hope Google's outside counsel will be prepared to resolve this discovery dispute without further delay.

Regards,
Nima Gharavi
(773) 899-4688

**CC:** thinnen@perkinscoie.com

**From:** google-legal-support@google.com <google-legal-support@google.com>
**Sent:** Tuesday, August 12, 2025 10:23 AM
**To:** nima@midwestwrestle.com
**Cc:** thinnen@perkinscoie.com
**Subject:** RE: Final Meet and Confer Request – In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

[External email - use caution]

Hi Nima,

We apologise for the inconvenience but we are unable to take the meet and confer as scheduled on August 12th due to scheduling conflicts. I have copied Google's outside counsel above, and they will follow up with you directly in the coming days to further discuss the matter.

Regards,
Legal Investigations Support
Google LLC

---

**From:** google-legal-support@google.com <google-legal-support@google.com>
**Sent:** Friday, August 8, 2025 5:47 PM
**To:** nima@midwestwrestle.com
**Subject:** RE: Final Meet and Confer Request – In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

[External email - use caution]

Hi Nima,

Confirmed. We will call you at (773) 899-4688 on Tuesday August 12th at 3:00pm PST.

Regards,
Meghan on behalf of Google LLC
Legal Investigations Support

---

**From:** Nima Gharavi <nima@midwestwrestle.com>
**Sent:** Friday, August 8, 2025 5:26 PM
**To:** 'google-legal-support@google.com' <google-legal-support@google.com>
**Subject:** RE: Final Meet and Confer Request – In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

Dear Meghan,

Thank you for providing your availability for the meet and confer.

Tuesday, August 12th from 1 - 1:30pm PST (3 - 3:30pm CDT) works well for me.

Rather than a phone call, I would prefer a videoconference if possible. Courts generally favor videoconferences as they tend to be more conducive to resolving disputes, and I believe this format would be beneficial for our discussion. I am available on any major platform including Google Meet, Zoom, Microsoft Teams, or any other platform that works best for Google.

If videoconference is not possible, please call me at (773) 899-4688 at the scheduled time.

I look forward to our discussion and hopefully resolving this matter without further court intervention.

Regards,
Nima Gharavi
(773) 899-4688

**From:** google-legal-support@google.com <google-legal-support@google.com>
**Sent:** Friday, August 8, 2025 4:55 PM
**To:** nima@midwestwrestle.com
**Subject:** Re: Final Meet and Confer Request – In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

[External email - use caution]

Hi Nima,

Thank you for your message.

Our earliest availability for a meet and confer is Tuesday August 12th from 1 - 1:30pm PST and Wednesday August 13th from 10:30 - 11:00 am PST. Please advise which time works best for you as well as provide a phone number we can reach you at and we will initiate the call. If neither time works for you, we can provide our alternate availability.

Regards,
Meghan on behalf of Google LLC
Legal Investigations Support

---

**From:** Nima Gharavi <nima@midwestwrestle.com>
**Sent:** Wednesday, August 6, 2025 11:58 PM
**To:** 'google-legal-support@google.com' <google-legal-support@google.com>
**Subject:** Final Meet and Confer Request – In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

Dear Google Legal Investigations Support,

I am writing to follow up on my August 5, 2025 email requesting a meet and confer concerning Google's response to the DMCA subpoena in this matter.

Google's most recent reply simply repeats its earlier position and does not address any of the substantive legal or factual points I raised, nor does it acknowledge or respond to my explicit request for a meet and confer. I invested considerable effort to comprehensively address Google's arguments and to advance this dispute towards resolution without judicial involvement. It appears, to date, Google is unwilling to engage in a good faith dialogue to resolve these issues.

This omission is particularly notable in light of Google's own July 11, 2025 boilerplate objection letter, in which Google wrote: "should you wish to seek any judicial relief in connection with this matter, Google requests the opportunity to meet and confer in advance of any such filing." I have now requested a meet and confer consistent with N.D. Cal. Local Rule 37-1(a) and Google's own stated position, but have not received any response to this procedural requirement.

Federal courts in this Circuit recognize that a party's refusal to meet and confer after a reasonable request may result in sanctions, including orders compelling discovery and requiring payment of expenses. "If counsel for the moving party seeks to arrange such a conference and opposing counsel refuses or fails to confer, the Judge may impose an appropriate sanction, which may include an order requiring payment of all reasonable expenses, including attorney's fees, caused by the refusal or failure to confer." *Stein v. City of San Ramon, No. C 10-00786 SI, 2010 WL 4955708, at 2 (N.D. Cal. Dec. 1, 2010).* See also *Slovin v. CallFire, Inc.*, No. CV17MC00091DMGJEMX, 2017 WL 11549627, at *1 (C.D. Cal. July 24, 2017) ("Plaintiffs' counsel reports that [Respondent] failed to meet and confer. Accordingly, the Court hereby issues an Order to Show Cause ("OSC") why the Motion to Compel should not be granted in its entirety based on [Respondent]'s failure to meet and confer.").

Accordingly, this constitutes my second and final request for a meet and confer before I proceed with a motion to compel. I am available for a conference by phone or videoconference on a mutually agreeable date within the next seven days. If I do not receive confirmation of your availability by **August 13, 2025**, I will note Google's failure to participate in the meet and confer process in any motion filed.

**In the interest of judicial economy and preserving scarce court resources, I sincerely hope we can resolve this dispute without requiring judicial intervention.**

Regards,
Nima Gharavi
(773) 899-4688

---

**From:** google-legal-support@google.com <google-legal-support@google.com>
**Sent:** Wednesday, August 6, 2025 1:30 PM
**To:** nima@midwestwrestle.com
**Subject:** RE: Appreciation for Supplemental Production and Final Information Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

[External email - use caution]

Hi Nima,

It is Google's position that we have produced responsive identifying information sufficient to identify the alleged infringer thereby complying with the subpoena. To the extent you seek information beyond the allowable scope of 512(h) subpoenas, Google requires issuance of a new subpoena, e.g., a rule 45 subpoena, that identifies the relevant account(s) and names the product or service at issue.

Regards,
Meghan on behalf of Google LLC
Legal Investigations Support

---

**From:** Nima Gharavi <nima@midwestwrestle.com>
**Sent:** Tuesday, August 5, 2025 6:57 PM
**To:** 'google-legal-support@google.com' <google-legal-support@google.com>
**Subject:** RE: Appreciation for Supplemental Production and Final Information Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

Dear Google Legal Investigations Support,

After reviewing your August 5th response, **I respectfully disagree** with your legal analysis for several reasons, particularly regarding the controlling precedent in this circuit.

**1. Controlling Circuit Precedent Supports Address Production**
**This circuit has explicitly authorized production of physical addresses in 512(h) subpoenas.** In *In re DMCA Subpoena to eBay, Inc.*, No. 15-CV-922-BEN-MDD, 2015 WL 3555270, at *4 (S.D. Cal. June 5, 2015), the court enforced a DMCA subpoena requiring production of "the name, last known address, last known telephone number, any electronic mail addresses associated with each account from January 1, 2012, to the date of the subpoena and any logs of Internet Protocol addresses used to access the subject accounts." **This precedent from the controlling circuit directly contradicts your legal position.**

**2. Mischaracterization of Charter Communications Precedent**

Your reliance on *Recording Indus. Ass'n v. Charter Communs., Inc.*, 393 F.3d 771, 786 (8th Cir. 2005) is legally problematic:

**First**, the instant matter is pending in the Northern District of California, where Eighth Circuit precedent is not controlling authority.

**Second**, your citation fundamentally mischaracterizes the holding. The quoted language appears in **Judge Murphy's dissenting opinion**, not the majority decision. Even within the Eighth Circuit, dissenting opinions carry no precedential weight.

**Third**, the dissent's statement addressed whether email addresses could be disclosed **in addition to** other identifying information, not as a **limitation on** required production. The context concerned First Amendment anonymity rights, not establishing discovery scope limitations.

### 3. Practical Necessity of Physical Addresses

Email addresses alone render subpoenaed information practically useless for enforcement:

- **Federal Rules of Civil Procedure do not authorize service of process via email.** Fed. R. Civ. P. 4(e) requires personal service on individuals or service at a dwelling or usual place of abode. When traditional service methods are impracticable, alternative service requires court approval.
- **The Copyright Claims Board requires physical addresses** to initiate proceedings and will not accept cases without verified mailing addresses.

### 4. Insufficient Search of Google Systems

Your representation that you provided "all responsive identifying information to the extent reasonably accessible from our system associated with the Youtube account(s)" suggests a limited search of YouTube-specific databases. However:

- **The subpoena was served on Google LLC**, not YouTube individually
- **Monetized YouTube channels require verified identity and tax information** maintained in Google's AdSense system
- **A reasonable search must encompass all Google systems** where responsive information may be maintained

### 5. Resolution Path Forward

**If Google is prepared to certify under penalty of perjury** that it has conducted a comprehensive search of all Google products, services, and systems associated with the subpoenaed accounts and possesses no additional physical address information beyond what has been produced, this matter can be concluded.

**If Google cannot make such certification**, then pursuant to N.D. Cal. Local Rule 37-1(a), I formally request a meet and confer conference to resolve these discovery disputes before filing a motion to compel compliance with the subpoena's clear requirements.

The subpoena's Attachment A clearly requests physical address information, controlling circuit precedent supports such production, and Google's legal arguments lack merit under applicable authority.

I look forward to your response clarifying Google's position and availability for a meet and confer if necessary.

Regards,
Nima Gharavi
(773) 899-4688

---

**From:** google-legal-support@google.com <google-legal-support@google.com>
**Sent:** Tuesday, August 5, 2025 5:15 PM
**To:** nima@midwestwrestle.com
**Subject:** RE: Appreciation for Supplemental Production and Final Information Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

[External email - use caution]

Hello,

We have provided all responsive identifying information to the extent reasonably accessible from our system associated with the Youtube account(s) mentioned in the subpoena. Please note that Google does not verify names upon account creation nor is a mailing address required.

Regarding your request for Adsense, billing, and tax information, note that a service provider's obligation goes no further than the production of a claimed infringing user's email address. See Recording Indus. Ass'n v. Charter Communs., Inc. (In re Charter Communs., Inc.), 393 F.3d 771, 786 (8th Cir. 2005) ("Since electronic mail provides the fastest and surest means of contacting individuals alleged to have engaged in digital piracy over the internet, email addresses are a most appropriate form of identification.").

As stated, Google has produced responsive identifying information that is sufficient to identify the alleged infringer thereby complying with the subpoena. To the extent you seek information beyond the allowable scope of 512(h) subpoenas, Google requires issuance of a new subpoena that identifies all the relevant accounts and names the product or service at issue.

Regards,
Legal Investigations Support
Google LLC

---

**From:** Nima Gharavi <nima@midwestwrestle.com>
**Sent:** Monday, August 4, 2025 3:59 PM
**To:** 'google-legal-support@google.com' <google-legal-support@google.com>
**Subject:** RE: Appreciation for Supplemental Production and Final Information Request - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

Hello,

Thank you for your July 28, 2025 supplemental production providing the Google Subscriber Information files for each account. This comprehensive production addresses virtually all of the outstanding requirements from the previous correspondence.

After reviewing the supplemental materials, there appears to be one final piece of information needed to fully satisfy the subpoena requirements:

AdSense and Monetization Information for @WiscoWrestler: Given that this channel has over 11,000 subscribers, it likely participates in YouTube's monetization program through Google AdSense. The original subpoena requests address information, which for monetizing creators would be maintained in their AdSense account records for tax and payment purposes.

Specific Request: For the @WiscoWrestler account, please provide (to the extent available):
- Google AdSense ID(s) linked to the YouTube monetization
- Physical mailing address(es) linked to the AdSense account
- All YouTube channels that are or have been linked to the same AdSense account(s)
- Any Multi-Channel Network (MCN) affiliation information, including the name of the MCN, date of integration, and contact details

This information would complete the address and identifying information requirements specified in the subpoena's Attachment A.

If the @WiscoWrestler account is not currently monetized or does not have associated AdSense information, please let me know so I can understand the scope of available records.

Thank you for your continued cooperation in resolving this matter.

Regards,
Nima Gharavi
(773) 899-4688

**From:** google-legal-support@google.com <google-legal-support@google.com>
**Sent:** Monday, July 28, 2025 12:22 PM
**To:** nima@midwestwrestle.com
**Subject:** RE: Production Review and Outstanding Requirements - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

[External email - use caution]

Dear Nima Gharavi,

Google's production in this matter has been sent via our secure document portal. An email containing the instructions for accessing the production in this matter has been sent to the primary email address associated with your request. The files will remain available in the portal for 30 days from the date they are published in the portal. Access to the files is provided through a time-sensitive link that is sent to the authenticated email address. This link will remain active for 6 hours, after which you may request a new secure access link through the portal. If you have any questions or trouble accessing the files please respond directly to this thread.

Regards,

Google Legal Team

**From:** Nima Gharavi <nima@midwestwrestle.com>
**Sent:** Saturday, July 19, 2025 10:29 PM
**To:** 'google-legal-support@google.com' <google-legal-support@google.com>
**Subject:** RE: Production Review and Outstanding Requirements - In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

Hello,

Thank you for your July 18, 2025 production in response to the subpoena served June 25, 2025. After reviewing the materials provided, **I must respectfully note that the production does not fully address the requirements specified in the subpoena and its Attachment A.**

**Outstanding Production Requirements**

1. **Missing Subscriber Information**
   a) **Phone Numbers:** The subpoena explicitly requests "last known telephone number" for each account, but no phone numbers were included in your production. Given Google's account verification requirements, this information should be available for all nine accounts and needs to be provided.
   b) **Address Information:** No address information was included for any account. This is particularly concerning for accounts like @WiscoWrestler, which has over 11,000 subscribers and likely participates in the YouTube

Partner Program. Partner Program participation requires verified identity and address information for tax and monetization purposes, making this information both available and responsive to the subpoena.

c) **Email Address History:** While the subpoena requests "all associated email addresses" over the three-year period, the production appears limited to current primary emails. **The full historical email associations as specified in the subpoena are needed.**

2. **Inadequate IP Access Log Production**

a) **Comprehensive Access Logs Required:** The subpoena specifically requests "logs of IP addresses used to access the account" over three years. Your production provides only single signup IP addresses rather than the comprehensive access logs requested.

b) **Critical Importance of Complete IP History:** Detailed IP access logs over the full three-year period are particularly important because:
   o Some of these accounts were registered years ago, well beyond typical ISP data retention periods, making Google's more recent access logs the only remaining source of IP information
   o Users frequently employ VPNs and other tools to mask their actual IP addresses during account creation
   o **A comprehensive access history significantly increases the likelihood of capturing genuine IP addresses** when users occasionally connect without privacy tools or from different networks over time

**Available Data Not Produced:** The attached Google Subscriber Information Sheet demonstrates that Google maintains detailed IP access logs including timestamps, activity types, and comprehensive IP address information over extended periods. This level of detail is what the subpoena requires when requesting "logs of IP addresses used to access the account."

**Additional Production Issue**
- **Improper "Attorney's Eyes Only" Designation:** Google has designated its production as subject to "attorney's eyes only" restrictions despite my express written declination of this proposed designation on July 11, 2025. As a *pro se* litigant, I specifically rejected Google's request for this designation, yet Google proceeded unilaterally to impose these restrictions.
- **No binding protective order exists** governing this production, and Google cannot unilaterally impose confidentiality restrictions after the receiving party has declined the proposed terms. This designation should be removed from the production, or Google should seek appropriate court approval if it believes such restrictions are necessary.

**Production Standard Reference**
I've attached a Google Subscriber Information Sheet showing the appropriate level of detail for the requested information. This example demonstrates:
- Complete subscriber information including phone numbers
- Comprehensive IP access logs with timestamps and activity tracking
- Historical data over the requested time period
- Technical detail consistent with the subpoena's requirements

**Request for Complete Production**
**Please provide a supplemental production within 10 business days** that includes:
1. **Complete subscriber information** as specified in the subpoena:
   - Last known telephone number for each account
   - Last known address (particularly for accounts with verified status)
   - All associated email addresses over the three-year period
2. **Comprehensive IP access logs** as requested:
   - All IP addresses used to access each account over three years
   - Timestamps and activity information where maintained

- Complete access history rather than single data points
3. **Removal of improper confidentiality restrictions** or appropriate court approval for such designations

The attached Google Subscriber Information Sheet provides clear guidance on the expected production format and scope.

If Google believes any specific information is unavailable or protected, please provide appropriate notice per Fed. R. Civ. P. 45(e)(2)(A) rather than omitting responsive materials without explanation.

I appreciate your prompt attention to completing this production and look forward to your response.

Regards,
Nima Gharavi
(773) 899-4688

**From:** google-legal-support@google.com <google-legal-support@google.com>
**Sent:** Friday, July 18, 2025 3:12 PM
**To:** nima@midwestwrestle.com
**Subject:** RE: In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

[External email - use caution]


Dear Nima Gharavi,

Google's production in this matter has been sent via our secure document portal. An email containing the instructions for accessing the production in this matter has been sent to the primary email address associated with your request. The files will remain available in the portal for 30 days from the date they are published in the portal. Access to the files is provided through a time-sensitive link that is sent to the authenticated email address. This link will remain active for 6 hours, after which you may request a new secure access link through the portal. If you have any questions or trouble accessing the files please respond directly to this thread.

Regards,

Google Legal Team

**From:** google-legal-support@google.com <google-legal-support@google.com>
**Sent:** Tuesday, July 15, 2025 11:00 AM
**To:** nima@midwestwrestle.com
**Subject:** RE: In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

Hi Nima,

We apologize for the confusion. After further review, Google intends to produce available non-content, responsive documents on July 18, 2024 after 12pm PST unless Google receives notice of a motion to quash or other formal objection.

Regards,
Meghan on behalf of Google LLC
Legal Investigations Support

---

**From:** Nima Gharavi <nima@midwestwrestle.com>
**Sent:** Monday, July 14, 2025 7:42 PM
**To:** Google Legal Support (google-legal-support@google.com) <google-legal-support@google.com>
**Subject:** RE: In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

Hello,

Google's response of July 14th did not address my specific question regarding the user notification timeline.

Unless Google articulates specifically why it cannot meet the July 18th, 2025 subpoena deadline, I am formally requesting a meet and confer pursuant to N.D. Cal. Local Rule 37-1(a). This deadline provides 23 days from service—one full week beyond the 14-day standard period and significantly exceeds the 10-day user notification period Google referenced in its July 11th letter.

I am requesting this meet and confer to occur by July 17th, 2025, subsequent to which I intend to file a motion to compel compliance.

In the alternative, and in the interest of judicial economy, it is my hope that Google elects to provide an answer to the question.

Regards,
Nima Gharavi
(773) 899-4688

---

**From:** google-legal-support@google.com <google-legal-support@google.com>
**Sent:** Monday, July 14, 2025 5:31 PM
**To:** nima@midwestwrestle.com
**Subject:** RE: In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

[External email - use caution]

Hello,

Google intends to produce available non-content, responsive documents on July 29, 2025 unless Google receives notice of a motion to quash or other formal objection.

Regards,
Legal Investigations Support
Google LLC

---

**From:** Nima Gharavi <nima@midwestwrestle.com>
**Sent:** Monday, July 14, 2025 11:08 AM
**To:** 'google-legal-support@google.com' <google-legal-support@google.com>
**Subject:** RE: In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

Hello,

May I kindly request clarification on the specific duration of Google's user notification period?

The reason for the question is because this subpoena was served on June 25, and even if user notification was delayed several weeks until today, July 29 would still exceed the 10-day user notification period specified in Google's July 11 objection letter.

Thank you.

Regards,
Nima Gharavi
(773) 899-4688

---

**From:** google-legal-support@google.com <google-legal-support@google.com>
**Sent:** Monday, July 14, 2025 11:01 AM
**To:** nima@midwestwrestle.com
**Subject:** RE: In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

[External email - use caution]

Hello,

Google intends to produce available non-content, responsive documents after July 29, 2025 unless Google receives notice of a motion to quash or other formal objection.

Regards,
Legal Investigations Support
Google LLC

---

**From:** Nima Gharavi <nima@midwestwrestle.com>
**Sent:** Friday, July 11, 2025 2:54 PM
**To:** 'google-legal-support@google.com' <google-legal-support@google.com>
**Subject:** RE: In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

Hello Ms. Schramm,

As noted in the subpoena served on June 25, 2025, I am a pro se litigant—I therefore respectfully decline the request for an "Attorney's Eyes Only Designation" found within Google's July 11, 2025 objection letter (the "Letter").

With regard to the Letter's request for a copy of the complaint—this is a freestanding miscellaneous action for a DMCA subpoena. As a result, there is no complaint. However, the initiating documents are available for free via Court Listener at the following location:

Petition (Miscellaneous Case Opening) – #1 in In re DMCA Section 512(h) Subpoena to Google LLC. (N.D. Cal., 4:25-mc-80164) – CourtListener.com

If Google does not intend to produce all responsive material by the July 18, 2025 deadline, I would like to kindly request a meet and confer.

Thank you for your time and attention to this matter.

Regards,
Nima Gharavi
(773) 899-4688

---

**From:** google-legal-support@google.com <google-legal-support@google.com>
**Sent:** Friday, July 11, 2025 2:24 PM
**To:** nima@midwestwrestle.com
**Subject:** In re DMCA 512(h) Subpoena to Google LLC (Internal Ref. No. 99290216)

[External email - use caution]

Dear Nima Gharavi:

Please see the attached letter regarding the above-captioned matter.

Regards,
Google Legal Investigations Support

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have

received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

---

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

# Exhibit B



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

google-legal-support@google.com
www.google.com

February 7, 2025

***Via Email***
*dmca@midwestwrestle.com*

Nima Gharavi
4610 North Clark St., #1098
Chicago, Illinois 60640
773-899-4688

Re: ***In Re: DMCA 512(h) Subpoena to Google LLC***, United States District Court for the
Northern District of California, 3:25-mc-80001-PHK (Internal Ref. No. 81632372)

Dear Nima Gharavi:

Google LLC ("Google"), a non-party to your litigation, has received your subpoena, dated January 10, 2025, in the above-referenced matter (the "Subpoena"). As we understand it, your Subpoena requests documents related to the YouTube and YouTube Music accounts associated with @AquaGuys2024, @eryol99, @proteriq2m68.

Please be advised that after a diligent search and reasonable inquiry, we have found no records for any YouTube account-holder(s)/YouTube video file(s) identified as @proteriq2m68, as specified in your request. Therefore, we do not have documents responsive to your request. Note that YouTube channel and video identifiers are case sensitive. Please verify that you have provided an identifier with the correct characters (e.g., lowercase "L", capital "i", and the number "1" may all appear similar; as do capital "O" and the number "0"). Please review the target identifier you provided, and if appropriate, email us at GOOGLE-LEGAL-SUPPORT@GOOGLE.COM with a soft copy of the legal target identifier in the body of the email and we will further evaluate your request.

Without waiving the below objections, Google may be willing to produce responsive data, to the extent it exists and is available, subject to the limitations below. Google further hereby makes the following objections to the Subpoena.

**User Notification**

Google objects to the Subpoena to the extent it fails to allow sufficient time for Google to notify the affected user and for the user to assert his or her rights in response. Google provides its users at least 10 days to object to your request or to inform Google of their intent to file a motion to quash. If your subpoena sufficiently identifies a Google account, Google intends to forward notice of this matter, including your name and contact information, to the user at the email address provided by the user.

**Place of Production**

Non-party Google is located in Santa Clara County, California, which is also where Google resides. Google therefore objects to the Subpoena because it designates a place for compliance that is more than 100 miles from its headquarters. *See* Fed. R. Civ. P. 45(c)(2)(A). To the extent Google produces responsive data, Google will agree to produce via electronic mail.

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

**First Amendment**

Google objects to the Subpoena to the extent that the Subpoena asks for Google to disclose the identity of Google users who posted certain reviews or certain content, which implicates the First Amendment rights of Google users to engage in anonymous speech. Glassdoor, Inc. v. Superior Court, 9 Cal. App. 5th 623 (Cal. Ct. App. 2017) (holding that online provider had standing to assert First Amendment objections to subpoena seeking to unmask anonymous users, and requiring a litigant to demonstrate a prima facie cause of action and provide evidence supporting its claim); Krinsky v. Doe 6, 159 Cal. App. 4th 1154, 1164-64 (Cal. App. Ct. 2008) (stating that "[s]peech on the Internet is...accorded First Amendment protection," and that, "[o]nce notified of a lawsuit by the website host or ISP, a defendant may then assert his or her First Amendment right to speak anonymously through an application for a protective order or...a motion to quash the subpoena."). California law requires a court to evaluate whether a plaintiff has made a prima facie showing of its cause of action before a plaintiff can compel a provider such as Google to disclose identifying information regarding an anonymous online speaker. Glassdoor, 9 Cal. App. 5th at 636 ("It is the court, not counsel, that must determine whether a prima facie showing of actionable statements has been made."). Litigants must further make "a showing of specific facts demonstrating discovery of [the Google users'] identities] [is] reasonably calculated to lead to the discovery of admissible evidence." Digital Music News LLC v. Superior Court, 226 Cal. App. 4th 216, 226 (2014), disapproved of on other grounds, Williams v. Superior Court, 3 Cal. 5th 531 (2017); see also ZL Technologies, Inc. v. Does 1-7, 13 Cal. App. 5th 603, 617 (2017) (plaintiffs can obtain identifying information from a provider when a court determines discovery of a person's identity is "necessary" to pursue the claim). Although there is no indication you have done so, if a court has considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker, please provide us with a copy of any relevant documents. Moreover, please provide us with a copy of the plaintiff's complaint in this matter so that we can assess whether the plaintiff has or will be able to meet the First Amendment standard or demonstrate a compelling need for this discovery.

**Additional Objections**

1. Google objects to the Subpoena to the extent it seeks to impose an undue burden on a disinterested non-party. Google further objects to the Subpoena to the extent it seeks information already in a party's possession or available to a party from some other source (including public sources) that is more convenient, less burdensome or less expensive. Google objects to the Subpoena to the extent it seeks electronically stored information that is not reasonably accessible to Google.

2. Google objects to the Subpoena to the extent it seeks information that is not proportionate to the needs of the case, not relevant to any party's claims or defenses, or not reasonably calculated to lead to the discovery of admissible evidence.

3. Google objects to the Subpoena to the extent it specifies a date of production that is unreasonable and unduly burdensome, including because it may not afford Google time to provide sufficient notice to the user.

4. Google objects to the Subpoena to the extent that it is vague, ambiguous, unlimited in time or scope, or fails to identify the information sought with reasonable particularity. Accordingly, Google further objects to the Subpoena to the extent it purports to require Google to preserve the requested information. Therefore you should not assume that Google will undertake steps to preserve any information in response to your Subpoena. Google is willing to meet and confer to discuss any preservation request.

5. Google objects to the Subpoena to the extent it seeks to impose obligations on Google beyond



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

google-legal-support@google.com
www.google.com

what is permissible under applicable law.

Google reserves the right to further object to the Subpoena in any additional response.

    If you have any questions, please feel free to contact the undersigned at the Legal Support Department alias at GOOGLE-LEGAL-SUPPORT@GOOGLE.COM. Additionally, should you wish to seek any judicial relief in connection with this matter, Google requests the opportunity to meet and confer in advance of any such filing. Thank you.

                Very truly yours,
                /s/  Meghan Schramm
                Legal Investigations Support

Exhibit C



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

google-legal-support@google.com
www.google.com

July 11, 2025

*Via Email*
*dmca@midwestwrestle.com*

Nima Gharavi

4610 North Clark St., #1098
Chicago, Illinois 60640
773-899-4688

Re: *In re DMCA 512(h) Subpoena to Google LLC*, United States District Court for the
Northern District of California, 4:25-mc-80164-DMR (Internal Ref. No. 99290216)

Dear Nima Gharavi:

Google LLC ("Google"), a non-party to your litigation, has received your subpoena, dated June 24, 2025, in the above-referenced matter (the "Subpoena"). As we understand it, your Subpoena requests documents related to the YouTube and YouTube Music accounts associated with @Mixmaster-2025, @HotSports-h7d, @Islamicstates33, @WALY.VERDUN, @AtlasSocialClub, @WiscoWrestler, @JJ_HunkyPanky, @SportsWomen-y3x5y.

Without waiving the below objections, Google may be willing to produce responsive data, to the extent it exists and is available, subject to the limitations below. Google further hereby makes the following objections to the Subpoena.

**User Notification**

Google objects to the Subpoena to the extent it fails to allow sufficient time for Google to notify the affected user and for the user to assert his or her rights in response. Google provides its users at least 10 days to object to your request or to inform Google of their intent to file a motion to quash. If your subpoena sufficiently identifies a Google account, Google intends to forward notice of this matter, including your name and contact information, to the user at the email address provided by the user.

**Attorney's Eyes Only Designation**

To the extent Google produces any documents in response to your subpoena, it proposes to do so subject to an attorney's eyes only designation. *See In re DMCA Subpoena to Reddit, Inc*., 383 F. Supp. 3d 900, 916 (N.D. Cal. 2019) (conditioning production in response to DMCA subpoena on "attorney's eyes only" restriction for identifying documents), *overturned on other grounds by In re DMCA Subpoena to Reddit, Inc*., No. 19-mc-80005, 2020 WL 999788 (N.D. Cal. Mar. 2, 2020) (quashing subpoena entirely on fair use grounds). Under this designation, the requesting party agrees that the records produced by Google in response to the subpoena can only be disclosed to (1) the requesting party's attorneys, or any forensic specialists working with those attorneys, for the purpose of protecting the requesting party's rights under 17 U.S.C. §§ 101, et seq.; or (2) a court or other service provider in connection with a copyright claim or application for a subpoena in furtherance of such a claim.  Please confirm your agreement to this protocol by return letter or email.

**First Amendment**



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

google-legal-support@google.com
www.google.com

Google objects to the Subpoena to the extent that the Subpoena asks for Google to disclose the identity of Google users who posted certain reviews or certain content, which implicates the First Amendment rights of Google users to engage in anonymous speech. Glassdoor, Inc. v. Superior Court, 9 Cal. App. 5th 623 (Cal. Ct. App. 2017) (holding that online provider had standing to assert First Amendment objections to subpoena seeking to unmask anonymous users, and requiring a litigant to demonstrate a prima facie cause of action and provide evidence supporting its claim); Krinsky v. Doe 6, 159 Cal. App. 4th 1154, 1164-64 (Cal. App. Ct. 2008) (stating that "[s]peech on the Internet is...accorded First Amendment protection," and that, "[o]nce notified of a lawsuit by the website host or ISP, a defendant may then assert his or her First Amendment right to speak anonymously through an application for a protective order or...a motion to quash the subpoena."). California law requires a court to evaluate whether a plaintiff has made a prima facie showing of its cause of action before a plaintiff can compel a provider such as Google to disclose identifying information regarding an anonymous online speaker. Glassdoor, 9 Cal. App. 5th at 636 ("It is the court, not counsel, that must determine whether a prima facie showing of actionable statements has been made."). Litigants must further make "a showing of specific facts demonstrating discovery of [the Google users'] identities] [is] reasonably calculated to lead to the discovery of admissible evidence." Digital Music News LLC v. Superior Court, 226 Cal. App. 4th 216, 226 (2014), disapproved of on other grounds, Williams v. Superior Court, 3 Cal. 5th 531 (2017); see also ZL Technologies, Inc. v. Does 1-7, 13 Cal. App. 5th 603, 617 (2017) (plaintiffs can obtain identifying information from a provider when a court determines discovery of a person's identity is "necessary" to pursue the claim).  Although there is no indication you have done so, if a court has considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker, please provide us with a copy of any relevant documents. Moreover, please provide us with a copy of the plaintiff's complaint in this matter so that we can assess whether the plaintiff has or will be able to meet the First Amendment standard or demonstrate a compelling need for this discovery.

**Additional Objections**

1. Google objects to the Subpoena to the extent it seeks to impose an undue burden on a disinterested non-party. Google further objects to the Subpoena to the extent it seeks information already in a party's possession or available to a party from some other source (including public sources) that is more convenient, less burdensome or less expensive. Google objects to the Subpoena to the extent it seeks electronically stored information that is not reasonably accessible to Google.

2. Google objects to the Subpoena to the extent it seeks information that is not proportionate to the needs of the case, not relevant to any party's claims or defenses, or not reasonably calculated to lead to the discovery of admissible evidence.

3. Google objects to the Subpoena to the extent it specifies a date of production that is unreasonable and unduly burdensome, including because it may not afford Google time to provide sufficient notice to the user.

4. Google objects to the Subpoena to the extent that it is vague, ambiguous, unlimited in time or scope, or fails to identify the information sought with reasonable particularity. Accordingly, Google further objects to the Subpoena to the extent it purports to require Google to preserve the requested information. Therefore you should not assume that Google will undertake steps to preserve any information in response to your Subpoena. Google is willing to meet and confer to discuss any preservation request.

5. Google objects to the Subpoena to the extent it seeks to impose obligations on Google beyond what is permissible under applicable law.

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

6. Non-party Google is located in Santa Clara County, California, which is also where Google resides. Google therefore objects to the Subpoena because it designates a place for compliance that is more than 100 miles from its headquarters. *See* Fed. R. Civ. P. 45(c)(2)(A).

Google reserves the right to further object to the Subpoena in any additional response.

If you have any questions, please feel free to contact the undersigned at the Legal Support Department alias at GOOGLE-LEGAL-SUPPORT@GOOGLE.COM. Additionally, should you wish to seek any judicial relief in connection with this matter, Google requests the opportunity to meet and confer in advance of any such filing. Thank you.

Very truly yours,
/s/  Meghan Schramm
Legal Investigations Support

Exhibit D

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

July 18, 2025

***Via Email Only***
*dmca@midwestwrestle.com*

Nima Gharavi

4610 North Clark St., #1098
Chicago, Illinois 60640
773-899-4688

**Re: *In re DMCA 512(h) Subpoena to Google LLC*, United States District Court for the Northern District of California, 4:25-mc-80164-DMR (Internal Ref. No. 99290216)**

Dear Nima Gharavi:

Pursuant to the subpoena issued in the above-referenced matter, we have conducted a diligent search for documents and information accessible on Google's systems that are responsive to your request. Without waiving, and subject to its objections, Google hereby produces the attached documents. Our response is made in accordance with state and federal law, including the Electronic Communications Privacy Act. See 18 U.S.C. § 2701 et seq. By this response, Google does not waive any objection to further proceedings in this matter.

We understand that you have requested customer information regarding the user account(s) specified in the subpoena, which includes the following information: (1) subscriber information for the YouTube and YouTube Music account(s) @Mixmaster-2025, @HotSports-h7d, @Islamicstates33, @WALY.VERDUN, @AtlasSocialClub, @WiscoWrestler, @JJ_HunkyPanky, @SportsWomen-y3x5y.

Accompanying this letter is responsive information to the extent reasonably accessible from our system, a list of hash values corresponding to each file, and a signed Certificate of Authenticity. This production is being made subject to an attorney's eyes only designation. Google may not retain a copy of this production but does endeavor to keep a list of the files and their respective hash values

Finally, Google requests reimbursement in the amount of $125 for reasonable costs incurred in processing your request. Please forward your payment to Google Custodian of Records, at the address above and please write the Internal Reference Number (99290216) on your check. The federal tax ID number for Google is 77-0493581.

Very truly yours,

Meghan Schramm
Legal Investigations Support

1



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

google-legal-support@google.com
www.google.com

**Hash Values for Production Files (Internal Ref. No. 99290216)**

@AtlasSocialClub.316200737663.YoutubeAndYoutubeMusic.BasicSubscriberInfo_001.zip:

SHA512-
1959a0a5658e178273e7426ac79d1ccd456d0d3ee05c5bc6f3247be9203cea93632d9898ca38cc020f5aa1b1
4c03999764aa0bce312b9a439e714b3bcbe343dd

@HotSports-h7d.719208309919.YoutubeAndYoutubeMusic.BasicSubscriberInfo_001.zip:

SHA512-
f706ccf88e41a44f921e7316a76334114b12546efdfc77f3a0f3acb30537106ff27707a694584699b876eb958
095b089169ca21709bf0666dd9f57b82f115cd4

@Islamicstates33.102694596709.YoutubeAndYoutubeMusic.BasicSubscriberInfo_001.zip:

SHA512-
e039304023ac6a8d63d5c2a99aed54b669d650660eace072799815deb6c3c8a31e4945d1871aa715c93d2f2
7abb00f677c098017ad3479c7bb5745ee1066d984

@Islamicstates33.173749775816.YoutubeAndYoutubeMusic.BasicSubscriberInfo_001.zip:

SHA512-
da6c4545f55691f2c22ebe7dfbe9b4560ed4003991e8bb4b4c3fe5bda5aea2cd671004bd63f4a47d4e3217b6
942d70092407440c9ad609f58d94376a1aad54dd

@JJ_HunkyPanky.48448511070.YoutubeAndYoutubeMusic.BasicSubscriberInfo_001.zip:

SHA512-
1ec43052521782fb9041f48dd7c214dae2012ad6b8c8be446bbebdf6d66d1ecd58bfe88038aa56f32c01c162
4d4abe0084721b900aead966dda3879fb4e58e1d

@Mixmaster-2025.415375400900.YoutubeAndYoutubeMusic.BasicSubscriberInfo_001.zip:

SHA512-
f5c3435b0785908470e6208b51bf0a4d3812af746429ecd46bf72748fd5e46bc0d2d670c5c2cf3948a3b74c9
b27a50fa552ddd4aebadbda950a9714b22fad936

@SportsWomen-y3x5y.97845275022.YoutubeAndYoutubeMusic.BasicSubscriberInfo_001.zip:



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

google-legal-support@google.com
www.google.com

SHA512-
20bd351c3b9b4b069af9a43add2728168459eb2c51a04da3b62f6a01f9729fca7bb910868e34ed7de772a3c7
4202e646cd76a605e723d0594e3ce7923d805df5

@WALY.VERDUN.850823430463.YoutubeAndYoutubeMusic.BasicSubscriberInfo_001.zip:

SHA512-
6f423064012ab684f86578e9bda8236c400297403cf9524402acb5f1b6c8f2006b415f8f2cb6d097c7fada3ca
ac6cfeb5106eb2c8f36443487c1ce4a5866ff24

@WiscoWrestler.491964684850.YoutubeAndYoutubeMusic.BasicSubscriberInfo_001.zip:

SHA512-
fd96dc2f957eeb1f0102bad300a21f3a78b48c6b933baddf77035d4d774e221c27f9ac3eadcac4834d3242d36
9cce9952bb409bf517bda445eeb9ffa7c4cd8e4

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

## CERTIFICATE OF AUTHENTICITY

I, Meghan Schramm, certify:

1. I am a Custodian of Records for Google LLC ("Google"), located in Mountain View, California. I am authorized to submit this Certificate of Authenticity on behalf of Google in response to a subpoena dated June 24, 2025 (Google LLC Internal Reference No. 99290216) in the matter of *In re DMCA 512(h) Subpoena to Google LLC*. I have personal knowledge of the following facts and could testify competently thereto if called as a witness.

2. The accompanying 9 file(s) contain true and correct copies of records pertaining to the email address(es) @Mixmaster-2025, @HotSports-h7d, @Islamicstates33, @WALY.VERDUN, @AtlasSocialClub, @WiscoWrestler, @JJ_HunkyPanky, @SportsWomen-y3x5y ("Document").

3. The documents attached hereto reflect records made and retained by Google. The records were made at or near the time the data was acquired, entered, or transmitted to or from Google; the records were kept in the course of a regularly conducted activity of Google; and the making of the records were a regular practice of that activity.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: July 18, 2025

*Meghan Schramm*

Meghan Schramm, Custodian of Records for Google LLC

# Exhibit E

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

July 28, 2025

***Via Email Only***
*dmca@midwestwrestle.com*

Nima Gharavi

4610 North Clark St., #1098
Chicago, Illinois 60640
773-899-4688

Re: ***In re DMCA 512(h) Subpoena to Google LLC***, **United States District Court for the Northern District of California, 4:25-mc-80164-DMR (Internal Ref. No. 99290216)**

Dear Nima Gharavi:

Pursuant to the subpoena issued in the above-referenced matter, we have conducted a diligent search for documents and information accessible on Google's systems that are responsive to your request. Without waiving, and subject to its objections, Google hereby agrees to produce documents via a secure file-transfer portal. You should receive instructions on how to access the portal via email. Please let us know if you do not receive the instructions. Our response is made in accordance with state and federal law, including the Electronic Communications Privacy Act. See 18 U.S.C. § 2701 et seq. By this response, Google does not waive any objection to further proceedings in this matter.

We understand that you have requested customer information regarding the user account(s) specified in the subpoena, which includes the following information: (1) subscriber and recent login information for the YouTube and YouTube Music account(s) @Mixmaster-2025, @HotSports-h7d, @Islamicstates33, @WALY.VERDUN, @AtlasSocialClub, @WiscoWrestler, @JJ_HunkyPanky, @SportsWomen-y3x5y.

Accompanying this letter is responsive information to the extent reasonably accessible from our system, a list of hash values corresponding to each file, and a signed Certificate of Authenticity. Google may not retain a copy of this production but does endeavor to keep a list of the files and their respective hash values.

Very truly yours,

Meghan Schramm
Legal Investigations Support

1

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

**Hash Values for Production Files (Internal Ref. No. 99290216)**

@AtlasSocialClub.316200737663.GoogleAccount.SubscriberInfo_001.zip:

SHA512-
22511f3e4526af30fb37bc6880553c5609762304f8bccacdfa460979ede9dd2f0973a35be7c40ac197245561
3ac1aaf53311447a10f8be8bf96bc9f5e7d3636f

@AtlasSocialClub.316200737663.YoutubeAndYoutubeMusic.BasicSubscriberInfo_001.zip:

SHA512-
1959a0a5658e178273e7426ac79d1ccd456d0d3ee05c5bc6f3247be9203cea93632d9898ca38cc020f5aa1b1
4c03999764aa0bce312b9a439e714b3bcbe343dd

@HotSports-h7d.719208309919.GoogleAccount.SubscriberInfo_001.zip:

SHA512-
5ca427c129bdd1aa736524eb461d8ddb9433775765582be3ac724f32a85e3393a43f60d3de9ee365ed97146
d1734c43c0d9c66df2f3d6df1c497e4f1547ded7d

@HotSports-h7d.719208309919.YoutubeAndYoutubeMusic.BasicSubscriberInfo_001.zip:

SHA512-
f706ccf88e41a44f921e7316a76334114b12546efdfc77f3a0f3acb30537106ff27707a694584699b876eb958
095b089169ca21709bf0666dd9f57b82f115cd4

@Islamicstates33.102694596709.GoogleAccount.SubscriberInfo_001.zip:

SHA512-
7145ce66514a1392a752a1795aad513647b3cee6cc20edb530d32c4f93523b5b95d87435a2e4e517941102c
9d384dd2343bb65a84f7c91ba9042316f1b5f1522

@Islamicstates33.102694596709.YoutubeAndYoutubeMusic.BasicSubscriberInfo_001.zip:

SHA512-
e039304023ac6a8d63d5c2a99aed54b669d650660eace072799815deb6c3c8a31e4945d1871aa715c93d2f2
7abb00f677c098017ad3479c7bb5745ee1066d984

@Islamicstates33.173749775816.GoogleAccount.SubscriberInfo_001.001.zip:



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

google-legal-support@google.com
www.google.com

SHA512-
2ed57c52f254c71d5f046966d2c0fd5d60c997a917a03cb394d6631e5a56b2984f88ab3016fabe7dae8dc2c0
66b878b44f6352068b65e32d571ccf730d8f122d

@Islamicstates33.173749775816.YoutubeAndYoutubeMusic.BasicSubscriberInfo_001.zip:

SHA512-
da6c4545f55691f2c22ebe7dfbe9b4560ed4003991e8bb4b4c3fe5bda5aea2cd671004bd63f4a47d4e3217b6
942d70092407440c9ad609f58d94376a1aad54dd

@JJ_HunkyPanky.48448511070.GoogleAccount.SubscriberInfo_001.zip:

SHA512-
487a4afd6c03f088b5924f0c45aae50600b43bf404c30ba026d590600ea46ec9485c92d38715dc1dbce44edd
04706da90c7b42c901820dee5ff77de7f620baae

@JJ_HunkyPanky.48448511070.YoutubeAndYoutubeMusic.BasicSubscriberInfo_001.zip:

SHA512-
1ec43052521782fb9041f48dd7c214dae2012ad6b8c8be446bbebdf6d66d1ecd58bfe88038aa56f32c01c162
4d4abe0084721b900aead966dda3879fb4e58e1d

@Mixmaster-2025.415375400900.GoogleAccount.SubscriberInfo_001.zip:

SHA512-
b90b4fc724c399255141c308655650182a3caa5fbfeb70bb4a0c76b874d871eaab9d0c7dcdf40b454a5d2d2a
48fde64b4a7da14a6d52cd786e4334c1b4d746f7

@Mixmaster-2025.415375400900.YoutubeAndYoutubeMusic.BasicSubscriberInfo_001.zip:

SHA512-
f5c3435b0785908470e6208b51bf0a4d3812af746429ecd46bf72748fd5e46bc0d2d670c5c2cf3948a3b74c9
b27a50fa552ddd4aebadbda950a9714b22fad936

@SportsWomen-y3x5y.97845275022.GoogleAccount.SubscriberInfo_001.zip:

SHA512-
edc29e2d35c4d51d9c258852447701c86489c55d61f39cc8a4baf43e3b4c81d5ee5272cee7c3557d7e5e8967
b602247ef7520dd5c678f56714fd9f924e8439cd



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

google-legal-support@google.com
www.google.com

@SportsWomen-y3x5y.97845275022.YoutubeAndYoutubeMusic.BasicSubscriberInfo_001.zip:

SHA512-
20bd351c3b9b4b069af9a43add2728168459eb2c51a04da3b62f6a01f9729fca7bb910868e34ed7de772a3c7
4202e646cd76a605e723d0594e3ce7923d805df5

@WALY.VERDUN.850823430463.GoogleAccount.SubscriberInfo_001.zip:

SHA512-
794ea96a222d0d3bd63128825eec615d01af7e05d5b8e5e309ace913e521aff019e0ac6bead40fe2c7b817b8
b9055b918d4b6140eb3f40d49963c6775e255d2e

@WALY.VERDUN.850823430463.YoutubeAndYoutubeMusic.BasicSubscriberInfo_001.zip:

SHA512-
6f423064012ab684f86578e9bda8236c400297403cf9524402acb5f1b6c8f2006b415f8f2cb6d097c7fada3ca
ac6cfeb5106eb2c8f36443487c1ce4a5866ff24

@WiscoWrestler.491964684850.GoogleAccount.SubscriberInfo_001.zip:

SHA512-
ba685d59ed23cea48beda9a8d4d088fa99d34b5c2148f1d5aca85807f9cbc803fb334c041e41751e01c76e4d
24f46b54930fdf21c265f4b0bd27e0aa2f90c670

@WiscoWrestler.491964684850.YoutubeAndYoutubeMusic.BasicSubscriberInfo_001.zip:

SHA512-
fd96dc2f957eeb1f0102bad300a21f3a78b48c6b933baddf77035d4d774e221c27f9ac3eadcac4834d3242d36
9cce9952bb409bf517bda445eeb9ffa7c4cd8e4

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

## CERTIFICATE OF AUTHENTICITY

I, Meghan Schramm, certify:

1. I am a Custodian of Records for Google LLC ("Google"), located in Mountain View, California. I am authorized to submit this Certificate of Authenticity on behalf of Google in response to a subpoena dated June 24, 2025 (Google LLC Internal Reference No. 99290216) in the matter of *In re DMCA 512(h) Subpoena to Google LLC*. I have personal knowledge of the following facts and could testify competently thereto if called as a witness.

2. The accompanying 18 file(s) contain true and correct copies of records pertaining to the YouTube and YouTube Music account(s) @Mixmaster-2025, @HotSports-h7d, @Islamicstates33, @WALY.VERDUN, @AtlasSocialClub, @WiscoWrestler, @JJ_HunkyPanky, @SportsWomen-y3x5y ("Document").

3. The documents attached hereto reflect records made and retained by Google. The records were made at or near the time the data was acquired, entered, or transmitted to or from Google; the records were kept in the course of a regularly conducted activity of Google; and the making of the records were a regular practice of that activity.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: July 28, 2025

*Meghan Schramm*

Meghan Schramm, Custodian of Records for Google LLC

Exhibit F

****All information contained alongside this file within the ZIP container is
Google Confidential and Proprietary****

Export Summary

Originating Identifier: @AtlasSocialClub [YouTube Handle]
Resolved Identifier: 316200737663 [Google Account ID]
Resolution Path: @AtlasSocialClub [YouTube Handle] -> 316200737663 [Google Account
ID]
Email Address Associated with Google Account ID: ██████████@gmail.com
Service: YouTube and YouTube Music
Resource: Basic Subscriber Info

Start of date range: 2022-06-27 00:00:00 UTC
End of date range: 2025-06-27 23:59:00 UTC

--------------------------------------------------------------------------------
-------------

| Legacy YT User Name | External User Id | Channel URL |
|---|---|---|
| | vW0ZyV0WYYohvDXQS9k-rg | /@AtlasSocialClub |

| Signup Email | Account Creation Time | Signup IP | First Name | Last Name |
|---|---|---|---|---|
| ███████████ @gmail.com (confirmed) | 2021-04-18 00:24:44 Z | 100.37.███ | Atlas | Social Club |

| User Provided Country | Date Of Birth |
|---|---|
| United States | 1/1/19█ |

Exhibit G

############## * Google Confidential and Proprietary * ##############

# GOOGLE SUBSCRIBER INFORMATION

Google Account ID: 625824_____
Name: John Doe
Given Name: John
Family Name: Doe
e-Mail: username@gmail.com
Alternate e-Mails: username@yahoo.com

Created on: 2021-01-11 20:20:20 Z
Terms of Service IP: 2603:8000:7f43:f000:____:____:____:____
Terms of Service Language: en
Provider for Consumer Services: Google LLC
Birthday (Month Day, Year): April 21, 1986

Services: Gmail, Web & App Activity, Android, Google Hangouts, YouTube, Google My Maps, Location History, Google Calendar, Geo Madden, Google Payments, G1 Phone Backup, Play Loyalty, Google Chat, Google Keep
Unregistered Services:

Deletion Date:
Deletion IP:

End of Service Date:

Status: Enabled
Last Updated Date: 2025-7-19 00:10:09 Z
Last Logins:

## ACCOUNT RECOVERY

Contact e-Mail: username@gmail.com
Recovery e-Mail: work@company.com
Recovery SMS: +12121234567 [US]

## PHONE NUMBERS

User Phone Numbers: +14159876543 [US], +12024567890,
2-Step Verification Phone Numbers:

## DEVICE INFORMATION

No Devices

## IP ACTIVITY

| Timestamp | IP Address | Activity Type | Android ID | Apple iOS IDFV | Raw User Agents |
|---|---|---|---|---|---|
| 2024-10-15 23:14:27 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | | |
| 2024-10-15 21:57:05 Z | 2607:fb90:bd19:de34:____:____:____:____ | Login | | | |
| 2024-10-15 13:32:34 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | | |
| 2024-10-14 18:32:15 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | | |
| 2024-10-13 23:02:44 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | | |
| 2024-10-13 05:55:45 Z | 2607:fb90:dd88:47ee:____:____:____:____ | Login | | | |
| 2024-10-13 02:20:17 Z | 2607:fb90:dd88:47ee:____:____:____:____ | Login | | | |
| 2024-10-13 01:28:14 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | | |
| 2024-10-12 21:20:25 Z | 2607:fb91:8824:cf2e:____:____:____:____ | Login | | | |
| 2024-10-11 22:43:44 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | | |
| 2024-10-11 19:19:43 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | | |

| | | | | |
|---|---|---|---|---|
| 2024-10-11 01:25:32 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | |
| 2024-10-10 22:16:02 Z | 2607:fb91:210:d53c:____:____:____:____ | Login | | |
| 2024-10-10 13:15:19 Z | 2607:fb91:210:d53c:____:____:____:____ | Login | | |
| 2024-10-09 22:38:03 Z | 2607:fb90:bdc5:86de:____:____:____:____ | Login | | |
| 2024-10-09 13:51:56 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | |
| 2024-10-09 00:14:12 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | |
| 2024-10-08 21:28:05 Z | 2607:fb90:bd12:9987:____:____:____:____ | Login | | |
| 2024-10-08 13:35:11 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | |
| 2024-10-07 22:36:39 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | |
| 2024-10-07 14:01:08 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | |
| 2024-10-07 13:01:29 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | |
| 2024-10-06 13:07:25 Z | 2607:fb91:383:10ff:____:____:____:____ | Login | | |
| 2024-10-05 22:30:11 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | |
| 2024-10-05 02:38:25 Z | 2607:fb91:88bc:452a:____:____:____:____ | Login | | |
| 2024-10-04 21:40:41 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | |
| 2024-10-04 14:30:09 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | |
| 2024-10-04 13:38:59 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | |
| 2024-10-04 05:48:21 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | |
| 2024-10-03 22:20:05 Z | 2607:fb91:310:c94b:____:____:____:____ | Login | | |
| 2024-10-03 22:00:00 Z | 2607:fb91:310:c94b:____:____:____:____ | Login | | |
| 2024-10-03 13:04:06 Z | 2607:fb91:310:c94b:____:____:____:____ | Login | | |
| 2024-10-02 22:01:30 Z | 2607:fb91:8827:89ad:____:____:____:____ | Login | | |
| 2024-10-02 13:55:35 Z | 2607:fb91:8827:89ad:____:____:____:____ | Login | | |
| 2024-10-02 13:39:20 Z | 2607:fb91:8827:89ad:____:____:____:____ | Login | | |
| 2024-10-02 06:28:06 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | |
| 2024-10-01 22:02:23 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | |
| 2024-10-01 15:06:02 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | |
| 2024-10-01 13:12:06 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | |
| 2024-09-30 14:01:11 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | |
| 2024-09-30 13:00:53 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | |
| 2024-09-29 21:51:58 Z | 2607:fb91:3aa:82c5:____:____:____:____ | Login | | |
| 2024-09-29 17:08:39 Z | 2607:fb91:3aa:82c5:____:____:____:____ | Login | | |
| 2024-09-28 21:52:06 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | |
| 2024-09-28 17:45:42 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | |
| 2024-09-28 01:35:49 Z | 2607:fb91:88a3:8d21:____:____:____:____ | Login | | |
| 2024-09-27 21:36:49 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | |
| 2024-09-27 18:47:55 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | |
| 2024-09-27 14:00:27 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | |

| | | | | | |
|---|---|---|---|---|---|
| 2024-09-27 13:35:39 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | | |
| 2024-09-26 22:18:10 Z | 2607:fb90:bdcd:e245:____:____:____:____ | Login | | | |
| 2024-09-26 16:04:06 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | | |
| 2024-09-26 13:04:12 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | | |
| 2024-09-26 04:09:03 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | | |
| 2024-09-25 22:51:15 Z | 2607:fb90:bd8b:5ddf:____:____:____:____ | Login | | | |
| 2024-09-25 21:21:27 Z | 2607:fb90:bd14:37a6:____:____:____:____ | Login | | | |
| 2024-09-25 17:54:34 Z | 2607:fb91:381:cd7a:____:____:____:____ | Login | | | |
| 2024-09-25 14:20:18 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | | |
| 2024-09-25 13:20:54 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | | |
| 2024-09-24 14:47:14 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | | |
| 2024-09-24 14:11:35 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | | |
| 2024-09-24 07:24:00 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | | |
| 2024-09-24 05:14:44 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | | |
| 2024-09-23 21:06:05 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | | |
| 2024-09-23 20:01:40 Z | 23.242.____.____ | Login | | | |
| 2024-09-23 13:03:19 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | | |
| 2024-09-23 13:02:25 Z | 2603:8000:7f00:5a0d:____:____:____:____ | Login | | | |
| 2024-06-25 22:08:45 Z | 23.242.____.____ | Login | | | |

## MADISON INFORMATION

**MADISON ADMIN INFORMATION**

**OUTSTANDING MADISON INVITATION INFORMATION**

No Madison Invitees.

**MADISON ACL CHANGES**

No Madison ACL Change History.

**############### * Google Confidential and Proprietary * ###############**

# Exhibit H

RANDALL S. NEWMAN (SBN 190547)
Attorney at Law
99 Wall St., Suite 3727
New York, NY 10005
212.797.3735
rsn@randallnewman.net

*Attorney for Plaintiff,*
 *Christopher J. Cordova*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER J. CORDOVA, | Case No. 25-cv-04685-VKD |
| Plaintiff, | **HON. VIRGINIA K. DEMARCHI** |
| vs. | **DECLARATION OF RANDALL S. NEWMAN IN SUPPORT OF** |
| JONATHAN HUDON-HUNEAULT, NNEKA OHIRI, | ***EX PARTE* APPLICATION FOR ORDER AUTHORIZING ALTERNATIVE SERVICE** |
| Defendants. | |

### <u>DECLARATION OF RANDALL S. NEWMAN</u>

I, Randall S. Newman, hereby swear and affirm pursuant to 28 U.S.C. § 1746 upon direct personal knowledge that the following is true and correct:

1.      I am an attorney duly licensed to practice before this Court and am the attorney for Plaintiff Christopher J. Cordova ("Plaintiff"). Unless otherwise stated, I have personal knowledge of the facts stated herein and if called as a witness could competently testify thereto.

2.      Plaintiff commenced this action against Defendant Jonathan Hudon-Huneault ("Huneault") in connection with the YouTube channel located at https://www.youtube.com/@frauditortroll (the "Frauditor Troll Channel").

3.      Plaintiff named Huneault based on nine DMCA counter-notices (the "Counter-Notices") for videos on the Frauditor Troll Channel that identified him as the channel's owner/operator.

4.      On June 6, 2025, June 12, 2025, and June 23, 2025, I emailed the Complaint and a Rule 4(d) waiver request to frauditortroll@gmail.com. None of these emails bounced. I received no response. A true and correct copy of those emails is attached hereto as **Exhibit A**.

5.      On July 1, 2025, I retained Supreme Judicial Services, Inc. to attempt personal service on Huneault at 99 Wall Street, New York, New York. The process server attempted service on July 1, 2025, but was unable to locate a suite or Huneault. The Affirmation of Due Diligence is attached as **Exhibit B**.

6.      On July 16, 2025, the Court granted Plaintiff's request for early discovery to serve a Rule 45 subpoena on Google. (ECF No. 12).

7.      On August 7, 2025, Huneault posted a "face reveal" video to the Frauditor Troll Channel in which he identified himself by name, stated that "my wife calls me Joe," that "we live in Canada right now," and that "me and my wife appreciate every single one of you." That video remains live on the Frauditor Troll Channel at https://www.youtube.com/watch?v=moD1c4FCwO0&t=2s.

2

**DECLARATION OF RANDALL S. NEWMAN ISO PLAINTIFF'S EX PARTE APPLICATION**

8. In addition to the frauditortroll@gmail.com address designated in the Counter-Notices, Defendants maintain and actively use several other email accounts associated with their other YouTube channels "15 Minutes of Shame (@15MinutesofShame)," "Josh Prime (@joshprime)," "Josh Prime Gaming (@joshprimegaming)," and "Josh Prime Streams (@JoshPrimeStreams)." These email addresses include JoshPrimeYT@gmail.com, thenextgengamesyt@gmail.com, and joshprimestreams@gmail.com. In the video posted on August 7, 2025, Huneault admitted: "I have my main body cam channel… my second one… my third channel… and then, of course, there's this one [Frauditor Troll]… I'm going to be streaming on a new channel… it's called Josh Prime Streams." These admissions confirm that Defendants operate multiple channels under different names, all tied to the above email addresses. True and correct examples are attached as **Exhibit C**.

9. On August 18, 2025, Patrick J. D'Arcy ("D'Arcy") filed a Motion for Leave to File Amicus Curiae Brief in this matter. According to the Court's docket, D'Arcy associated himself with Huneault and identified his contact email as pat@patricklaw.net. A true and correct copy of the docket as of August 21, 2025 is attached as **Exhibit D**.

10. On August 25, 2025, Google produced responsive records to Plaintiff's Rule 45 subpoena. Google did not provide a narrative letter or PDF, but instead supplied machine-generated data files in the JavaScript Object Notation (".json") format. I personally reviewed those .json files. A true and correct excerpt is attached as **Exhibit E**.

11. The records reflect that the AdSense account is registered to an individual in Canada, with a default currency CAD and time zone America/Iqaluit. The agreement array shows the account holder accepted: (i) the Canadian "AdSense Online" terms (URL path includes "2018/Canada") on or about January 26, 2022; (ii) the updated AdSense Online terms on or about April 20, 2022; and (iii) an AdSense for YouTube agreement on or about February 14, 2024. These .json records therefore show the account has been operated as a Canadian AdSense/YouTube monetization account since at least January 26, 2022.

3

**DECLARATION OF RANDALL S. NEWMAN ISO PLAINTIFF'S EX PARTE APPLICATION**

12.    Google also produced .json billing profile data identifying the account's billing address as 125 Stewart Crescent, Bradford West Gwillimbury, Ontario L3Z 0T3, Canada, contact named listed as Nneka Ohiri, email frauditortroll@gmail.com, and phone +1 416-830-1072. The profile shows entityType = INDIVIDUAL, countryCode = CA, currencyCode = CAD, and lists currentBillableService values including "YouTube_Partner." The billing profile creationTime values show initial profile creation on or about January 26, 2022 and a subsequent profile on or about August 23, 2022.

13.    These .json records confirm that Nneka Ohiri is the individual monetizing the Frauditor Troll Channel from Canada. Moreover, the .json records confirm that Defendants have lived in Canada since at least January 2022 when the AdSense billing account was created.

14.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 2nd day of September, 2025, in Bangkok, Thailand.


s/ Randall S. Newman
Randall S. Newman

---

4

**DECLARATION OF RANDALL S. NEWMAN ISO PLAINTIFF'S EX PARTE APPLICATION**

**rsn@randallnewman.net**

| | |
|---|---|
| **From:** | rsn@randallnewman.net |
| **Sent:** | Friday, June 6, 2025 12:39 PM |
| **To:** | 'FrauditorTroll@gmail.com' |
| **Subject:** | Cordova v. Huneault - Initiating Documents and Waiver of Service Request - NDCA Case No. 25-cv-04685-VKD |
| **Attachments:** | Letter re Initiating Documents and Waiver of Service - Cordova v. Huneault - NDCA - 25-cv-04685.pdf; Cordova v. Huneault - Complaint - 25-cv-04685-VKD.pdf; Cordova v. Huneault - Notice of Lawsuit - 25-cv-04685-VKD.pdf; Cordova v. Huneault - Waiver of the Service of Summons - 25-cv-04685-VKD.pdf; NDCA - ECF Registration Information.pdf; Notice of Assignment to Magistrate Judge with Election Form.pdf; Cordova v. Huneault - Order Setting Initial Conference - 25-cv-04685-VKD.pdf; Magistrate DeMarch i- Standing Order for Settlement Conferences.pdf; Magistrate DeMarchi - Standing Order for Civil Cases.pdf; Magistrate DeMarchi - Standing Order for Pretrial Preparation in Civil Cases.pdf |

Dear Mr. Huneault,

Please see the attached letter and attachments regarding the above-captioned federal lawsuit filed against you in the Northern District of California. Pursuant to Federal Rule of Civil Procedure 4(d) and Local Civil Rule 4-2, I am formally requesting that you executed and return the attached Waiver of the Service of Summons to avoid the need for formal service. Your DMCA counter-notice dated on or about June 6, 2023, expressly stated that you consented to accept service of process. This request is consistent with that representation.

All required initiating documents are attached, including the Complaint, Notice of Lawsuit, partially completed AO 399 waiver form, and the relevant order and standing rules of the Court.

If you are represented by counsel, please forward this email to them immediately. Should you choose not to return the waiver within 30 days, I will seek early discovery or alternative service methods and ask the Court to impose those costs on you under Rule 4(d)(2).

Sincerely,

Randall S. Newman, Esq.
99 Wall Street, Suite 3727
New York, NY 10005
(212) 797-3735
rsn@randallnewman.net

Attorney for Plaintiff,
Christopher J. Cordova

EXHIBIT A - Page 1 of 3

**rsn@randallnewman.net**

| | |
|---|---|
| **From:** | rsn@randallnewman.net |
| **Sent:** | Thursday, June 12, 2025 8:01 PM |
| **To:** | 'FrauditorTroll@gmail.com' |
| **Subject:** | Cordova v. Huneault - 25-cv-04685 - Follow-up on Waiver of Summons |
| **Attachments:** | Cordova v. Huneault - Initiating Documents and Waiver of Service Request - NDCA Case No. 25-cv-04685-VKD; Cordova v. Huneault - Notice of Lawsuit - 25-cv-04685-VKD.pdf; Cordova v. Huneault - Waiver of the Service of Summons - 25-cv-04685-VKD.pdf |

Dear Mr. Huneault,

This is a follow-up to my June 6, 2025 email regarding the waiver of service of summons in *Cordova v. Huneault*, Case No. 25-cv-04685, pending in the U.S. District Court for the Northern District of California.

As previously noted, you filed a DMCA counter-notice with YouTube, in which you declared—under penalty of perjury—that you would accept service of process from Mr. Cordova or his agent. In keeping with that representation, I am proceeding in good faith by offering you the opportunity to waive formal service under Federal Rule of Civil Procedure 4(d).

For your convenience, I've reattached the Notice of Lawsuit and Request to Waive Service of Summons (AO 398), as well as a copy of my original email.

To avoid unnecessary costs and delay, I respectfully request that you return the signed waiver at your earliest convenience. If you are represented by counsel, please have them contact me directly regarding this matter.

Sincerely,

Randall S. Newman
rsn@randallnewman.net
(212) 797-3735

Attorney for Plaintiff,
Christopher J. Cordova

1

EXHIBIT A - Page 2 of 3

**rsn@randallnewman.net**

| | |
|---|---|
| **From:** | rsn@randallnewman.net |
| **Sent:** | Monday, June 23, 2025 2:51 PM |
| **To:** | 'FrauditorTroll@gmail.com' |
| **Subject:** | Cordova v. Huneault (25-cv-04685-VKD) - Second Follow-Up: Waiver of Service |
| **Attachments:** | Cordova v. Huneault - Notice of Lawsuit - 25-cv-04685-VKD.pdf; Cordova v. Huneault - Waiver of the Service of Summons - 25-cv-04685-VKD.pdf; Cordova v. Huneault - Complaint - 25-cv-04685-VKD.pdf |

Dear Mr. Huneault:

This is a second follow-up to my prior emails dated June 6 and June 13, 2025, regarding waiver of service of summons in *Cordova v. Huneault*, Case No. 25-cv-04685-VKD, pending in the United States District Court for the Northern District of California.

As previously noted, you declared—under penalty of perjury—in your DMCA counter-notices that you would accept service of process from Mr. Cordova or his agent. In reliance on that representation, I have continued to offer you the opportunity to waive formal service under Federal Rule of Civil Procedure 4(d).

To avoid the expense and potential consequences of formal service, I again request that you complete and return the signed Waiver of the Service of Summons form (AO 399), which remains attached for your convenience. Please be advised that your failure to sign and return the waiver—or to respond at all—may be brought to the Court's attention in connection with a motion for further relief.

If you are represented by counsel, I encourage you to have them contact me directly.


Randall S. Newman, Esq.
99 Wall Street, Suite 3727
New York, NY 10005
(212) 797-3735
rsn@randallnewman.net

Attorney for Plaintiff,
Christopher J. Cordova

1

EXHIBIT A - Page 3 of 3

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

CHRISTOPHER J CORDOVA

*vs*                                                              *Plaintiff*

JONATHAN HUNEAULT AKA FRAUDITOR TROLL

*Defendant*

N
COURT DATE & TIME: AT
INDEX #: 5:25-CV-04685-VKD
DATE FILED: 06/05/2025
Job #: 603428
Client File#

RANDALL NEWMAN ESQ
99 WALL STREET, SUITE 3727
NEW YORK, NY 10005

CLIENT'S FILE NO.:                                    **AFFIRMATION OF DUE DILIGENCE**

I, ERIC RIVERA, a process server employed by Supreme Judicial Services Incorporated, with its principal place of business located at 371 Merrick Road Suite 202, Rockville Center, NY 11570, affirms and says that;

That I was instructed to effect service of the SUMMONS IN A CIVIL ACTION, COMPLAINT FOR COPYRIGHT INFRINGEMENT, 17 USC 101 ET SEQ, DECLARATION OF COPYRIGHT INFRINGEMENT, JURY TRIAL DEMANDED according to the C.P.L.R on JONATHAN HUNEAULT AKA FRAUDITOR TROLL at 99 WALL STREET, NEW YORK, NY 10005

In my attempt to effect service on defendant I visited the address stated on the action and was unable with proper due dilligence to serve JONATHAN HUNEAULT AKA FRAUDITOR TROLL

07/01/2025 2:26PM 99 WALL STREET, NEW YORK, NY 10005 THERE IS NO DIRECTORY IN THE LOBBY. I SPOKE WITH THE MAILROOM ON THE PREMISES WHO STATED THEY CANNOT PROVIDE ANY INFORMATION ON ANY TENANTS IN THE BUILDING. THEY WOULD NOT CONFIRM IF THE DEFENDANT IS LOCATED IN THE BUILDING. I WAS UNABLE TO LOCATE THE DEFENDANT IN THE BUILDING WITHOUT A SUITE NUMBER.

I affirm this July 2, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment,that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.



ERIC RIVERA
1212873

*Supreme Judicial Services, Inc. 371 Merrick Road - Rockville Centre, N.Y. 11570 Lic# 1092373*

EXHIBIT B - Page 1 of 1



EXHIBIT C - Page 1 of 4



EXHIBIT C - Page 2 of 4



EXHIBIT C - Page 3 of 4

11



EXHIBIT C - Page 4 of 4

12

ADRMOP,AO279

# U.S. District Court
## California Northern District (San Jose)
## CIVIL DOCKET FOR CASE #: 5:25-cv-04685-VKD

| | |
|---|---|
| Cordova v. Huneault | Date Filed: 06/03/2025 |
| Assigned to: Magistrate Judge Virginia K. DeMarchi | Jury Demand: Plaintiff |
| Cause: 17:101 Copyright Infringement | Nature of Suit: 820 Copyright |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Christopher J. Cordova**   represented by **Randall Scott Newman**
Randall S. Newman, Esq.
99 Wall St.
Suite 3727
New York, NY 10005
212-797-3735
Email: rsn@randallnewman.net
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Jonathan Huneault**

**Amicus**

**Patrick Joseph D'Arcy**   represented by **Patrick J D'Arcy**
*Jonathan Huneault*   Patrick J. D'Arcy, Aplc
*TERMINATED: 08/19/2025*   1 Park Plaza, Suite 380
Irvine, CA 92614-3524
949-988-7640
Fax: 949-988-7641
Email: pat@patricklaw.net
*TERMINATED: 08/19/2025*
*LEAD ATTORNEY*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/03/2025 | 1 | COMPLAINT against Jonathan Huneault. Filed by Christopher J. Cordova. (Newman, Randall) (Filed on 6/3/2025) (Entered: 06/03/2025) |
| 06/03/2025 | 2 | Proposed Summons. (Newman, Randall) (Filed on 6/3/2025) (Entered: 06/03/2025) |
| 06/04/2025 | 4 | **Initial Case Management Scheduling Order with ADR Deadlines: Case Management Statement due by 8/26/2025. Initial Case Management Conference set for 9/2/2025 01:30 PM in San Jose, - Videoconference Only. (kam2, COURT STAFF) (Filed on 6/4/2025) (Entered: 06/05/2025)** |
| 06/05/2025 | 3 | Case assigned to Magistrate Judge Virginia K. DeMarchi. |

EXHIBIT D - Page 1 of 3

|  |  | Counsel for plaintiff or the removing party is responsible for serving the Complaint or Notice of Removal, Summons and the assigned judge's standing orders and all other new case documents upon the opposing parties. For information, visit *E-Filing A New Civil Case* at http://cand.uscourts.gov/ecf/caseopening.<br><br>Standing orders can be downloaded from the court's web page at www.cand.uscourts.gov/judges. Upon receipt, the summons will be issued and returned electronically. A scheduling order will be sent by Notice of Electronic Filing (NEF) within two business days. Consent/Declination due by 6/20/2025. (ark, COURT STAFF) (Filed on 6/5/2025) (Entered: 06/05/2025) |
| 06/05/2025 | 5 | Summons Issued as to Jonathan Huneault. (kam2, COURT STAFF) (Filed on 6/5/2025) (Entered: 06/05/2025) |
| 06/05/2025 |  | Electronic filing error. For Copyright (820) Nature of Suit, Please File Applicable Form AO120 or AO121. Re: 1 Complaint filed by Christopher J. Cordova (kam2, COURT STAFF) (Filed on 6/5/2025) (Entered: 06/05/2025) |
| 06/05/2025 | 6 | REPORT on the filing or determination of an action regarding *Another Chad Exposed (PA002457989)* (cc: form mailed to register). (Newman, Randall) (Filed on 6/5/2025) (Entered: 06/05/2025) |
| 06/16/2025 | 7 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by Christopher J. Cordova.. (Newman, Randall) (Filed on 6/16/2025) (Entered: 06/16/2025) |
| 06/21/2025 | 8 | Ex Parte Application *for Preservation Order Directed to Defendant Jonathan Huneault and Third-Party YouTube (Google LLC)* filed by Christopher J. Cordova. (Attachments: # 1 Declaration Declaration of Randall S. Newman in Support of Ex Parte Application for Preservation Order)(Newman, Randall) (Filed on 6/21/2025) (Entered: 06/21/2025) |
| 06/23/2025 | 9 | Declaration of Randall S. Newman in Support of 8 Ex Parte Application *for Preservation Order Directed to Defendant Jonathan Huneault and Third-Party YouTube (Google LLC)* filed byChristopher J. Cordova. (Related document(s) 8 ) (Newman, Randall) (Filed on 6/23/2025) (Entered: 06/23/2025) |
| 06/23/2025 | 10 | **ORDER re 8 Ex Parte Application for Preservation Order. Signed by Magistrate Judge Virginia K. DeMarchi on 6/23/2025. (vkdlc1, COURT STAFF) (Filed on 6/23/2025) (Entered: 06/23/2025)** |
| 07/12/2025 | 11 | Ex Parte Application *for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference* filed by Christopher J. Cordova. (Attachments: # 1 Declaration of Randall S. Newman)(Newman, Randall) (Filed on 7/12/2025) (Entered: 07/12/2025) |
| 07/16/2025 | 12 | **ORDER re 11 Ex Parte Application for Leave to Serve Third-Party Subpoena. Signed by Magistrate Judge Virginia K. DeMarchi on 7/16/2025. (vkdlc1, COURT STAFF) (Filed on 7/16/2025) (Entered: 07/16/2025)** |
| 08/10/2025 | 13 | STATUS REPORT *AND REQUEST TO VACATE CASE MANAGEMENT DEADLINES* by Christopher J. Cordova. (Newman, Randall) (Filed on 8/10/2025) (Entered: 08/10/2025) |
| 08/11/2025 | 14 | **TEXT-ONLY ORDER. In view of plaintiff's status update 13 , the Court continues the initial case management conference to November 4, 2025 at 1:30 p.m. via Zoom video conference. Parties shall exchange initial disclosures and file a joint case management statement no later than October 28, 2025. The deadlines to file an ADR certification and to meet and confer pursuant to Federal Rule of Civil Procedure 26(f) are continued 60 days. Ordered by Magistrate Judge Virginia K. DeMarchi on 8/11/2025. *(This is a text-only entry generated by the court. There is no document** |

EXHIBIT D - Page 2 of 3

| | | *associated with this entry.)* **(vkdlc1, COURT STAFF) (Filed on 8/11/2025) (Entered: 08/11/2025)** |
|---|---|---|
| 08/12/2025 | 15 | Certificate of Interested Entities by Christopher J. Cordova (Newman, Randall) (Filed on 8/12/2025) (Entered: 08/12/2025) |
| 08/18/2025 | 16 | MOTION to File Amicus Curiae Brief filed by Patrick Joseph D'Arcy. Motion Hearing set for 9/23/2025 10:00 AM in San Jose, Courtroom 2, 5th Floor before Magistrate Judge Virginia K. DeMarchi. Responses due by 9/2/2025. Replies due by 9/9/2025. (Attachments: # 1 Exhibit Ex 1 Religion.pdf, # 2 Exhibit Ex 2 Electronic Solicitation.pdf, # 3 Exhibit Ex 3 Pretrial Publicity.pdf, # 4 Exhibit Ex 4 Taunting of Defendant.pdf, # 5 Exhibit Ex 5 Cordova Doxxing.pdf, # 6 Exhibit Ex 6 Pictures Fraud Mania.pdf, # 7 Exhibit Ex 7 Newman Fundraiser.pdf, # 8 Exhibit Ex 8 Newman LinkedIn.pdf, # 9 Exhibit Ex 9 Subpoenas.pdf, # 10 Exhibit Ex 10 Improper Jury Contact.pdf, # 11 Exhibit Ex 11 Religious p2.pdf)(D'Arcy, Patrick) (Filed on 8/18/2025) (Entered: 08/18/2025) |
| 08/19/2025 | 17 | Ex Parte Application re 16 MOTION to File Amicus Curiae Brief *to Strike Non-Party Filing or For Extension of Time to Respond to Patrick J. D'Arcy's Motion for Leave to File Amicus Curiae Brief* filed by Christopher J. Cordova. (Newman, Randall) (Filed on 8/19/2025) (Entered: 08/19/2025) |
| 08/19/2025 | 18 | OPPOSITION/RESPONSE (re 17 Ex Parte Application re 16 MOTION to File Amicus Curiae Brief *to Strike Non-Party Filing or For Extension of Time to Respond to Patrick J. D'Arcy's Motion for Leave to File Amicus Curiae Brief* ) Opposition to Ex Parte Application filed byPatrick Joseph D'Arcy. (D'Arcy, Patrick) (Filed on 8/19/2025) (Entered: 08/19/2025) |
| 08/19/2025 | 19 | **ORDER denying 16 Motion to File Amicus Curiae Brief. Signed by Magistrate Judge Virginia K. DeMarchi on 8/19/2025. (vkdlc1, COURT STAFF) (Filed on 8/19/2025) (Entered: 08/19/2025)** |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/21/2025 19:56:44 | | |
| **PACER Login:** | rsnewman67 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 5:25-cv-04685-VKD |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

EXHIBIT D - Page 3 of 3

**EXHIBIT E**
**EXCERPT FROM GOOGLE SUBPOENA PRODUCTION**

**Excerpted Google AdSense Billing Profile**
**(produced Aug. 25, 2025 in .json format).**

```
{
  "billingAddress": {
    "address1": "125 Stewart Crescent",
    "city": "Bradford West Gwillimbury",
    "state": "ON",
    "zip": "L3Z 0T3",
    "contactName": "Nneka Ohiri",
    "email": "frauditortroll@gmail.com",
    "phone": "+1 416-830-1072",
    "countryCode": "CA"
  },
  "billingProfileStatus": "MONETIZABLE_CURRENT",
  "entityType": "INDIVIDUAL",
  "countryCode": "CA",
  "currencyCode": "CAD",
  "currentBillableService": ["ADSENSE", "YOUTUBE_PARTNER"]
}
```

EXHIBIT E - Page 1 of 1

# Exhibit I

```
[00:00:00:00 - 00:00:05:25]
```

 (Music)

```
[00:00:10:00 - 00:01:07:13]
```

 All right, so good news. The 25th was the date that Google was required
to respond to the Frauditor Troll subpoena. If you recall, we got an ex
parte order allowing us to serve discovery before the Rule 26 Conference.
So we served the subpoena on Google and they actually responded yesterday
without any pushback. They gave me the information on who owns the
channel. I can't say it. I told this a thousand times. You cannot use
these subpoenas even though it wasn't 512(h), but you still can't use
subpoenas to dox somebody. So I am working on the amended complaint. That
will be coming soon, but I now know who owns the Frauditor channel. Sorry,
I now know who owns the Frauditor Troll channel. And I will be amending
the complaint probably either tomorrow or file either tomorrow or the next
day. And there's going to be some new claims against Frauditor Troll.

```
[00:01:08:23 - 00:01:11:13]
```

 So should be interesting.

```
[00:01:13:23 - 00:01:23:22]
```

 Again, you can't use this information to dox anybody. So we'll see what
happens. Thanks for coming by and we'll see you later.

The DMCA Lawyer, *Frauditor Troll Unmasked—Amended Complaint Coming! #frauditortroll*, YouTube
(Aug. 26, 2025), https://www.youtube.com/watch?v=I4PLrZJSv8I (last visited Sept. 21, 2025).

Highlight added for emphasis by Nima Gharavi

# Exhibit J

```
[00:00:00:00 - 00:00:06:02]
 (Music)

[00:00:11:11 - 00:00:20:18]
 All right, so today we're going to take a look at what's going on with
these 512(h) subpoenas that I served on Google. I think I have like eight
of them outstanding.

[00:00:21:22 - 00:00:35:04]
 So the first one we served was on behalf of Kukor Liberty Troll against
Frauditor Roundup because his attorney filed a bogus counterclaim.

[00:00:36:21 - 00:00:56:28]
 So served it on July 9th. It was due on the July 25th. So you see on
July 30th, Wednesday, I sent them an email saying basically we served you
July 9th. It was due July 25th. As of today, we haven't heard a word.

[00:00:58:04 - 00:01:02:00]
 And please confirm the status that time has already expired.

[00:01:04:28 - 00:01:10:20]
 Okay, so this was July 30th at 7:33 pm. So this

[00:01:11:22 - 00:01:13:25]
 redaction, I'm not hiding anything, I'm just

[00:01:15:05 - 00:01:24:00]
 redacting the chain because it's hard to read otherwise, you know what I
mean? So they responded on Friday.

[00:01:26:14 - 00:01:51:07]
 I take that back. So I sent them another email on Friday. They're Google
legal support. This is a final notice about the subpoena we served on
July 9th. That was due on the 25th. You're now overdue by a week. We
haven't received any production, any objection, or any written
communication at all actually. So your failure to respond is non-
compliance.

[00:01:52:12 - 00:02:10:21]
 And we previously notified you if we didn't receive the requested
materials, we would pursue enforcement remedies. Accordingly, unless the
requested production is received no later than five o'clock on Monday,
August 4th, we will file motion to compel compliance and seek sanctions.

[00:02:13:15 - 00:02:46:10]
 Then this was August 1st at 10:39 am. Then I realized that I should
probably read the DeMarchi's individual rules because I have to comply
with them in filing a motion to compel. So then I realized after I read
the DeMarchi's rules that she allows discovery letter briefs, which is
even better. I don't have to file a motion. So we still have to do like a
joint discovery letter brief. So I sent them another

[00:02:48:02 - 00:02:59:26]
```

The DMCA Lawyer, *The DMCA Lawyer v. YouTube: Who Blinks First? Will They Like and Subscribe?*,
YouTube (Aug. 7, 2025), https://www.youtube.com/watch?v=oDVrkH3PiUI (last visited Sept. 21, 2025).

email saying I write to formally request a discovery conference regarding the outstanding subpoena served on July 9th, which remains unanswered despite multiple follow-up requests.

[00:03:01:03 - 00:03:25:13]
 In accordance with magistrate judge DeMarchi's civil discovery procedures, please advise by the close of business tomorrow whether Google is willing to participate in a video or telephone conference to discuss this discovery dispute. If we do not hear from you, we will submit a discovery letter brief as provided under the court's local rules. So this is Friday afternoon 12:25 pm.

[00:03:27:27 - 00:03:46:21]
 Next at Sunday, August 3rd at 12:49 am, which is 10 am Google time, they send me a email saying please see the attached letter.

[00:03:49:25 - 00:04:45:23]
 So and this again stated August 3rd here, but it's really August 2nd in Google time. So here's the letter they sent. Dated July 25th, the date that it was actually the subpoena compliance was due. So they send me objections dated July 25th, but they send them on August 2nd. I don't know that seems like a little bit fishy to me like maybe you backdated it. I don't know or maybe that somebody missed this deadline and didn't want to get in trouble so they like backdated it and thought that nothing would happen because I'm like some crazy unhinged attorney, but oops you messed with someone. Okay so Dear Randall Newman, Google is a non-party to your litigation and it received your subpoena dated July 8th, but we waited till after the deadline to

[00:04:47:25 - 00:05:18:25]
 respond and now we are backdating our letter. As we understand it, your subpoena request documents related to Google Ads and other accounts associated with @FrauditorRoundup. I'm just going to paraphrase some of this like I don't think you need to hear every word. I can like paraphrase it and you'll get the same out of it. So it says without waiving the below objections, Google may be willing to reduce responsive data to the extent exists and is available subject to the limitations below and then they further make following objections.

[00:05:21:07 - 00:05:54:18]
 They say they don't have any documents in their control regarding the video like the upload data or not whenever I don't really care. I just need really need subscriber data. Then they say that they're only obligated to produce subscriber data and they object to anything that is beyond that scope even though the judge approved exactly this subpoena and DeMarchi in a different case approved this identical subpoena. Think about that for a minute.

[00:05:58:03 - 00:06:46:23]
 Well actually she down… I take that back. She told me to take out social media. She told me to take out download which is fine. I don't need either one of those. Then they say well we know we got to notify user and give them 10 days to respond but to me if we serve them on the 9th, the 19th, it should be over. Nobody responded, produce it. Then they asked me

to agree to attorney's eyes only which I previously agreed to even before
I even got this letter on video saying that I wasn't going to disclose
any information because I know you guys have some weird fear of doxing.
So to make sure that you don't have those fears, I agree to keep it
attorney's eyes only. Okay then they cite a bunch of

[00:06:48:12 - 00:07:32:22]
 cases saying that what are you talking about? That they can you can cite
a bunch of cases where there's motions to quash based upon fair use but
most of those cases it's very clear fair use. When you have you know 27
videos at issue it's a little bit different. Then they argue that under
different California cases they don't have to produce it because people
have a First Amendment right to be anonymous but they don't have a First
Amendment right to commit copyright infringement so all that is kind of
nonsensical. But if you want to read it go ahead I'll put it in here for
a second you can stop it I'm not reading all this.

[00:07:36:07 - 00:07:43:06]
 Then they said it's an undue burden and blah blah blah, not
proportionate data production.

[00:07:46:19 - 00:08:01:23]
 It's more than 100 miles away which makes no sense because it's email
service and then blah blah blah blah blah. Okay so I respond to them and
said

[00:08:05:00 - 00:08:36:25]
 I'm writing to respond to your July 25th letter and I tell them that
first of all it was served on August 2nd not July 25th and the subpoena
was served July 9th meaning the time the 10 days would have expired on
July 19th and the responses and objections are untimely. Then I tell them
that their First Amendment objections are nonsense and that it's for the
user to make those objections not Google.

[00:08:39:08 - 00:08:48:10]
 Then I tell them we're going to pursue judicial enforcement to enforce
them to produce more than what they're saying.

[00:08:50:29 - 00:09:03:02]
 And I agree to attorney's eyes only. There we go and I requested a
conference pursuant to magistrate DiMarchi's standing order for

[00:09:04:02 - 00:09:06:03]
 third time or whatever it is.

[00:09:08:18 - 00:09:44:06]
 Then on so that was when, that was Monday. So then on Tuesday I get an
email saying here's our, here's the production go to this like link and
you can download the document via a secure portal right. So I go do that.
I get the documents. It's like useless nonsense. They don't tell you the
people's name. They don't tell you the people's address. You get like an
email address. Yippity doo. Like I already have the guy's email address,
so that doesn't really help. So I respond and tell them this is 11.05 pm.

The DMCA Lawyer, *The DMCA Lawyer v. YouTube: Who Blinks First? Will They Like and Subscribe?*,
YouTube (Aug. 7, 2025), https://www.youtube.com/watch?v=oDVrkH3PiUI (last visited Sept. 21, 2025).

[00:09:47:15 - 00:10:48:13]
So 11:19, 15 minutes later I tell them Dear Mr. YouTube this is another formal request for Discovery Conference. You say that you conducted a diligent search but you won't give me anything. And, it says you failed to produce the name and address of the subscriber. Vague references to state and federal law. This is now a pattern. In two different 512s, you guys made the same nonsensical objections. No objection was filed. The 10-day notice expired. There's no legal basis for you to withhold the name and address. Google's not a party and lacks standing to assert constitutional statutory objections. If you believe otherwise, cite me some legal authority not hide behind boilerplate redactions. Again we're requesting a meeting confer this time by August 7th. If you don't respond we'll just tell the court you failed to respond.

[00:10:51:22 - 00:12:13:10]
Okay then on Wednesday they said well we provided all we have, that's all we have to produce. Regarding your request for you know billing and tax information that our obligation is only to produce an email address and they cite RIAA vs. Charter, an eighth circuit case from 20 years ago that says in dicta that email is fast and sure method but not the only method of things to... to produce. But the funny thing about this eighth circuit case is A) Google's in the ninth circuit and how many thousands of subpoenas have they must have gotten the last 20 years. You're gonna tell me you don't have a single district court case or ninth circuit case that you can rely on. Instead, you're relying on dicta from an eighth circuit case that the 512 subpoena in that case was served on Charter which is an ISP not a platform. So the court said you know you can't serve subpoena on an ISP. So they quashed it. So this case has no applicability whatsoever to this case. Like, but they quote some nonsense sentence out of it even though it's dicta and has no meaning.

[00:12:15:07 - 00:12:18:07]
so I decided you know well since they cited the

[00:12:19:08 - 00:12:35:11]
eighth circuit case I might as well just give up and go home so you guys were right the trolls they they won and we're not going to get any information from google pursuant to these subpoenas so that's that guys have a good night so

[00:12:37:27 - 00:12:52:10]
I mean just kidding the next day I sent a multiple requests for this matter this is to google telling them I have made multiple requests for a conference in this matter pursuant to DeMarchi's standing order and you have not responded to those requests

[00:12:53:27 - 00:13:06:15]
google's position that its obligation under 512(h) subpoena ends with the production of an email address is not supported by statutory text or controlling case law. 512(h) requires

[00:13:08:11 - 00:13:15:19]
disclosure of information sufficient to identify the alleged infringer and that plainly encompasses any responsive data

The DMCA Lawyer, *The DMCA Lawyer v. YouTube: Who Blinks First? Will They Like and Subscribe?*, YouTube (Aug. 7, 2025), https://www.youtube.com/watch?v=oDVrkH3PiUI (last visited Sept. 21, 2025).

 Highlight added for emphasis by Nima Gharavi

[00:13:16:26 - 00:13:30:11]
actually associated with the youtube including name address and other identifiers if it exists. As you see it says the top last email before conference because after I sent this one

[00:13:32:11 - 00:14:50:17]
as I tell him it's a selective reading of in re: charter that's the eighth circuit case, it's nonsense so this is like I tell them it's a simple request for conference you know like we need to meet and talk about this so like maybe the same day a day later I don't know when it was exactly but I get a email from a woman uh doing the dr dave small channel subpoena and she says hey are you available at midnight which was last night um I said yeah okay let's do that and then like an hour or two before the conference she said can we push it to 12:30 so I said yes sure sure so they call me at 12:30 last night and the woman from the dave small channel is there subpoena the guy from this frauditor roundup subpoena and a guy that said I think he's like chief copyright counsel maybe for google or youtube I'm not exactly sure what his title was because I forget what he said and I forget his name but he was some bigwig I know that some bigwig like one one of the top youtube uh copyright guys was on that call so

[00:14:52:03 - 00:15:40:00]
start the call off and I'm like well I'm well I started kind of like on my little uh rant telling him about what's going on in this community I asked him do you even know what's going on no no not really I'm like do you know the left hand right hand knows what the left hand is doing no no no I'm like well do you know there's eight 512 subpoenas and five active cases going right now no we did not know that I'm like yeah this is a mess there is thousands upon thousands of infringing videos that was used making my client's footage and I own I represent like 12 of them at this point and there's thousands of infringing videos and you guys might think that there's a problem with these auditors sending fake

[00:15:41:11 - 00:16:34:06]
dmca uh takedowns but in reality the problem is with the trolls sending fake counterclaims that's explained to them like all the nonsense that's been going on how like Frauditor Troll filed 50 50 counterclaims with some fake bogus address saying he was at 99 wall street with no uh sweet number I explained to him about Gail Buma and how some old lady in new jersey is like sending in counterclaims how there's an attorney in quebec filing nonsensical counterclaims and I'm telling him, explaining to him look these are reaction videos but they're nothing in the style of ethan klein and you know the guy's like well you know the court has ruled in klein that reaction videos are okay I said have you ever seen

[00:16:35:08 - 00:17:16:05]
client video no no no you probably watch more youtube than I do I'm like well maybe you should like watch the video because ethan used less than 20 second clips and the video consisted of 80% commentary and 20% footage whereas these trolls are using uh 80% footage 20% commentary often short commentary often long clips one minute two minutes sometimes up to 10

The DMCA Lawyer, *The DMCA Lawyer v. YouTube: Who Blinks First? Will They Like and Subscribe?*, YouTube (Aug. 7, 2025), https://www.youtube.com/watch?v=oDVrkH3PiUI (last visited Sept. 21, 2025).

   Highlight added for emphasis by Nima Gharavi

minute clips and uh everything's pretty much infringing in this genre for
the most part uh currently so

[00:17:17:20 - 00:18:11:20]
 he's saying well you know why don't you file ex part the motion for
early discovery I told him we tried that in destination to truth and it
got denied so she told us to file a 512 and now you're telling us you
won't give us it through a 512 you know what I basically told me you know
I don't really care i'll litigate eight motions to compel if I have to
i'll go to la if I file cases if I have to I don't mind doing all that so
they said well why don't you put together a little summary of all the
cases that are pending and we'll get back to you I also told him about uh
the shenanigans I told him you know the one channel has got terminated
like last week and went back and started new channels doing the same
thing he's like no no they shouldn't be doing that I said okay well i'll
include that information as well and you should really remove that
channel too

[00:18:13:11 - 00:18:17:19]
 so um then shortly after the conference

[00:18:21:13 - 00:19:20:22]
 wait this is their email my bad shortly after the conference she sends
me you know please provide the case numbers you referenced and additional
detail in response to this email once received we'll review the
information let you know our final position so now if you use the
internal reference number and you send it to that generic google address
it actually goes to somebody like the same person so I'm assuming that
she's sharing it with this big wig copyright guy too because I don't
think they are used to getting eight subpoenas in five cases and somebody
pushing and pushing and pushing sending five uh requests for a conference
and pushing and pushing and pushing it but I'm going to push it and we're
going to make ninth circuit law we're going to have to because apparently
they don't want to give me stuff so here this was this morning or last
night sorry actually at 2:38 I said as I noted on our call I represent at
least a dozen creators in the auditing genre

[00:19:21:23 - 00:20:07:16]
 there are thousands of infringing reaction videos currently live on
youtube and I intend to continue finding cases against both creators and
if necessary youtube itself until the platform takes meaningful action
youtube is improperly assuming the role of fact finder by making fair use
determinations and allowing clearly infringing videos to remain live this
is not youtube's decision to make on the dmca safe harbor framework and
it is exposing the company to potential liability as requested here's a
summary of each pattern pending federal case and associated 512(h)
subpoena where we are awaiting full subscriber identification

[00:20:10:02 - 00:20:23:07]
 so they say that I said this nonsense that you think that you can just
only give us an email it's not the law and we will file motions to compel
in every case if you don't give us what we want

[00:20:24:09 - 00:20:40:06]

The DMCA Lawyer, *The DMCA Lawyer v. YouTube: Who Blinks First? Will They Like and Subscribe?*,
YouTube (Aug. 7, 2025), https://www.youtube.com/watch?v=oDVrkH3PiUI (last visited Sept. 21, 2025).

so here I tell him first case was Frauditor Troll and I gave him channel id for everybody so now guys the head of copyright at youtube now knows all these channels I think maybe not who knows

[00:20:42:01 - 00:22:02:15]
 so I explained to him how he used 99 wall street without a suite number in at least 50 different cases uh even though not all of them are at issue I explained how in the last 10 and a half 10 and a half minutes of that video we're seeing over there's 28 seconds of commentary that is not fair use josh I know you did a face reveal but that's still not fair use then destination to truth I explained uh that's the one where she wouldn't even give us a 45 subpoena she made us do the 512 and then they said no go back to the court like uh no I don't think so already did that if you recall in that case it was like three different blocks of like nine minutes with he doesn't say a word for nine minutes at a time three different times uses like 90 percent of a 48 minute video 90 percent can you imagine if you used 90 percent of a hollywood movie and you put it on youtube how fast it would get removed and how fast your channel will get deleted but no it's a small creator they don't give two shits so here's the associated 512(h) subpoena then we have the dr dave explained to him about the Gail Buma and the nonsense eight counter nonsense uh counter notices of course I had to put the chili vs. irish demon in bold how he streamed explicit gay porn that was nice demon real nice

[00:22:04:02 - 00:22:07:15]
 um then I talked about this the uh frauditor

[00:22:08:15 - 00:22:19:12]
 roundup subpoena the big dave channel I mean the date that dr dave big channel which I actually withdrew that one because

[00:22:20:16 - 00:22:58:01]
 dave took 10 strikes and didn't file a counter and youtube did nothing I mean that guy's got how many hundreds or thousands of videos that are infringing thousands probably thousands of videos that are infringing on his channel um but for now I withdrew the 512 we're gonna have to refile it for zach at some point maybe um and then I told him about the dr dave small channel and that one we're awaiting copyright registration and then we're gonna sue over that one and then I told him about the first amendment shenanigans I gave him the

[00:22:59:03 - 00:23:15:24]
 address for the old channel and the new channel told him that it was terminated and that he just went and started a new channel so we have a 512 pending in that one too we are going to uh sue him after we identify him so bet he won't like that one

[00:23:18:11 - 00:23:20:28]
 Then I sent another email this morning and I sent them a copy of the order in Destination2Truth where she denied allowing me to file rule 45… because she said you can't prove jurisdiction because we don't know where they are. And then they say well, go ask her for a subpoena. I'm like, Google, she just said we don't know where they are and there's no jurisdiction so you got me kind of in the middle. She won't do it because

The DMCA Lawyer, *The DMCA Lawyer v. YouTube: Who Blinks First? Will They Like and Subscribe?*, YouTube (Aug. 7, 2025), https://www.youtube.com/watch?v=oDVrkH3PiUI (last visited Sept. 21, 2025).

there's no jurisdiction, and you won't tell me where they live so like I don't think that's the law. That makes no sense. Then I gave him the a map of… I just got some counters today, so, we're gonna file a new lawsuit soon and I sent him a map of the video describing like here's exactly what I'm saying about the guy that files nonsensical counters and look here's the video it's like 90 percent my client's video with 46 seconds of commentary. And then I sent him the Hosseinzadeh vs. Klein video maps we can like… I know Dr. Dave doesn't like the spreadsheets and thinks it's funny but it's actually a good way to… to evaluate fair use is by looking at the Klein and I'm comparing that to um videos in this genre. So, you'll see I say it's got two to ten minutes

[00:24:42:12 - 00:25:44:00]
and then I explained to him how we made it clear that we're not issuing takedowns willy-nilly unless it fails to meet the Klein like fair use standards and I explained to him how I posted a video on my own channel thank you Frauditor commenting… that worked… you really helped me because I showed him your video or I linked to your video showing look this is what fair use should look like and because it does look like that we're not going to do anything we're not just filing against everything. So I gave him the uh link below and I told him I asked him if they would like and subscribe to my channel that would be hilarious if youtube uh employees started following me um so I tell him I'm attaching this stuff so you can better understand what we're doing and why and then I gave him links to the Ethan Klein video and to the video I made about Frauditor Comedy Show

[00:25:45:17 - 00:27:14:05]
then I sent him one more email because I got this unhinged email from FAMILIA TV on Saturday after we tried to do some strikes against him and he like went on a rant about how Cordova is this and bitch boy that and blah blah blah blah blah blah blah like not one time did he say no I didn't commit copyright… no this is fair use no he doesn't say that at all that's not what he says he doesn't even mention it he completely ignores that and instead saying that bitch boy Chrissy um does this and bitch boy Chrissy does that you can read it for yourself it's some nonsense but then my response I tell him and when he says we make ship happen does that mean does he mean shit I don't even know what he means and then I tell him here's attached here's the subpoena and you can have opinions all you want about bitch boy and the first amendment community and the movement and you can say anything what you want but you can't take 10 minutes of footage and say it's fair use and I told him like currently represent Cordova Cordova sorry and Regan Regan's my new client she's so fucking hilarious I love her um and here's what's going to happen we are going to continue taking sending takedown notices and filing subpoenas until everyone is held responsible

[00:27:16:04 - 00:28:06:25]
so that is that we are awaiting google to uh respond tomorrow and tell us what they're going to do if they won't give us what we want i'll just file a bunch of cases until they will give us what we want I want to make case law on this because relying on this eighth circuit case in 20 years ago I think we need to update the case law and get new precedent which says they have to give us the name and subscriber information such as

The DMCA Lawyer, *The DMCA Lawyer v. YouTube: Who Blinks First? Will They Like and Subscribe?*, YouTube (Aug. 7, 2025), https://www.youtube.com/watch?v=oDVrkH3PiUI (last visited Sept. 21, 2025).

address oh they made some nonsense arguments about how they were not
going to give me uh stuff for overseas because they did this thing called
double Irish which is a tax scheme where they basically transfer all
their assets to Ireland and then they have Ireland

[00:28:09:05 - 00:28:27:08]
 basically manage everything outside the United States so if you sign a
contract with youtube and you live in Ireland you sign it with youtube or
google Ireland and they'll say well you know we're not google Ireland I'm
like okay we'll see what the judge thinks about that we uh litigated an
issue about

[00:28:28:11 - 00:28:46:28]
 facebook all Ireland uh on behalf of the state of Texas and they ended
up paying 1.4 billion dollar settlement last year um over how they were
sharing data with uh and other issues too with their uh Irish affiliate
so

[00:28:48:14 - 00:28:53:11]
 I guess we'll make a updated video tomorrow I also got

[00:28:54:16 - 00:29:11:26]
 uh I got a call from the exposer's lawyer that interesting but that'll
be a another video and I also got contacted by a lawyer the demon case
and i'll explain that again in another video in a couple days so until
then um later

The DMCA Lawyer, *The DMCA Lawyer v. YouTube: Who Blinks First? Will They Like and Subscribe?*,
YouTube (Aug. 7, 2025), https://www.youtube.com/watch?v=oDVrkH3PiUI (last visited Sept. 21, 2025).

# Exhibit K

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| | | |
|---|---|---|
| In re DMCA 512(h) Subpoena to Google LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:              Google LLC
1600 Amphitheatre Pkwy, Mountain View, CA 94043
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Nima Gharavi 4610 North Clark St. #1098 Chicago, IL 60640 | Date and Time: 07/18/2025 7:09 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g) relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   6/24/25

CLERK OF COURT
Mark B. Busby

*Signature of Clerk or Deputy Clerk*             OR             *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiff
Nima Gharavi                                                        , who issues or requests this subpoena, are:
Pro Se, 4610 North Clark St. #1098, Chicago, IL 60640, +1 (773) 899-4688, dmca@midwestwrestle.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## ATTACHMENT A TO SUBPOENA TO GOOGLE LLC

<u>SCHEDULE OF DOCUMENTS TO BE PRODUCED</u>

For each of the subsequently listed user account(s): the name, last known address, last known telephone number, any electronic mail addresses associated with each account from three (3) years to the date of production and any logs of Internet Protocol addresses used to access the subject account(s) from three (3) years to the date of production. *See In re DMCA Subpoena to eBay, Inc.*, No. 15-CV-922-BEN-MDD, 2015 WL 3555270, at *4 (S.D. Cal. June 5, 2015) (holding a DMCA subpoena issued on April 2, 2015, valid and enforceable for production of "the name, last known address, last known telephone number, any electronic mail addresses associated with each account from January 1, 2012, to the date of the subpoena and any logs of Internet Protocol addresses used to access the subject accounts" during the same period).

1

## USER ACCOUNTS FROM DMCA NOTICE #1

1.  @JJ_HunkyPanky (JJ)

    a.  https://www.youtube.com/channel/UCGDvO79fLKxG4oqqgS-SDaQ

## USER ACCOUNTS FROM DMCA NOTICE #2

2.  @WALY.VERDUN

    a.  https://www.youtube.com/channel/UCOb5tFAjZwUUQeafvff1S2Q

## USER ACCOUNTS FROM DMCA NOTICE #3

3.  @HotSports-h7d

    a.  https://www.youtube.com/@HotSports-h7d

## USER ACCOUNTS FROM DMCA NOTICE #4

4.  @AtlasSocialClub

    a.  https://www.youtube.com/channel/UCvW0ZyV0WYYohvDXQS9k-rg

## USER ACCOUNTS FROM DMCA NOTICE #5

5.  @SportsWomen-y3x5y

2

a. https://www.youtube.com/@SportsWomen-y3x5y

## USER ACCOUNTS FROM DMCA NOTICE #6

6. @Islamicstates33 (ISLAMIC STATES) [Formerly: @usgirlswrisling (US Girls)]

a. https://www.youtube.com/channel/UCiJIGcQEk_BJaWFTPNuuv7A

## USER ACCOUNTS FROM DMCA NOTICE #7

7. @Mixmaster-2025 (Mix master)

a. https://www.youtube.com/@Mixmaster-2025

## USER ACCOUNTS FROM DMCA NOTICE #8

8. @WiscoWrestler (WiscoWrestler)

a. https://www.youtube.com/channel/UCRepwc3AOoUZE1umB_glaig

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4:25-mc-80164-DMR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*   Google LLC

on *(date)*   06/24/2025    .

☑  I served the subpoena by delivering a copy to the named person as follows:   Corporation Service Company

Accepted by Intake Specialist Keith Shillywall

on *(date)*   06/25/2025   ; or

❐  I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$   0.00    .

My fees are $   50.00   for travel and $   100.00   for services, for a total of $   150.00    .

I declare under penalty of perjury that this information is true.

Date:   06/25/2025

/s/ Nima Gharavi

*Server's signature*

Service Processor

*Printed name and title*
4610 North Clark St. #1098
Chicago, IL 60640

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit L

**Nima Gharavi**

| | |
|---|---|
| **From:** | Nima Gharavi <nima@midwestwrestle.com> |
| **Sent:** | Thursday, June 26, 2025 3:03 PM |
| **To:** | Google Legal Support |
| **Subject:** | Civil Subpoena - BSI Request |
| **Attachments:** | Subpoena to Google LLC - Served 6.25.2025 - Due 07.18.25.pdf |

[External email - use caution]

Dear Google Legal Support,

Please kindly find attached a courtesy copy of a civil subpoena served yesterday, June 25, 2025, to Keith Shillywall of Corporation Service Corporation (CSC) on behalf of Google LLC.

If you require clarification regarding the scope of the subpoena or the requested information, please let me know. I would appreciate confirmation of receipt and an estimated timeline for your response.

Thank you for your attention to this matter.

Regards,
Nima Gharavi
(773) 899-4688

Highlight added for emphasis by Nima Gharavi

# Exhibit M

****All information contained alongside this file within the ZIP container is
Google Confidential and Proprietary****

Export Summary

Originating Identifier: @AtlasSocialClub [YouTube Handle]
Resolved Identifier: 316200737663 [Google Account ID]
Resolution Path: @AtlasSocialClub [YouTube Handle] -> 316200737663 [Google Account
ID]
Email Address Associated with Google Account ID: ███████████@gmail.com
Service: Google Account
Resource: Subscriber Info

Start of date range: 2022-06-27 00:00:00 UTC
End of date range: 2025-06-27 23:59:00 UTC

--------------------------------------------------------------------------------
-------------

Exhibit N

Attendees

- Todd Hinnen (Video)
  - o Joined at 2:01 pm (Pacific)
- Elise Edlin (Audio only)
  - o Joined at 2:01 pm (Pacific)
- Nima Gharavi (Video)
  - o Joined at 2:00 pm (Pacific)

Questions

- Will Google consent to email service?
  - o Highly likely, but Todd will confirm
- Please confirm that all users were notified and that none responded with objections?
  - o Todd and Elise will confirm
- Todd will send over email articulating their position

Notes

- Google's position
  - o I know you've been very patient
  - o They continue to evaluate their position
  - o Are becoming more comf with the position that the statute allows them to compel information only on the service in which infringement concerned
  - o They will send case law regarding this assertion
  - o They will get me that written document this weekend, Monday first thing at the very latest
  - o First thing that they look at, or have us look at, text of the statute itself
  - o Statute recognizes four types of service providers
  - o It only allows issuance of the subpoena to 512c, that YouTube is that service provider, Google is not the service provider
  - o That position is informed about how unique 512(h) is
  - o One of the only, maybe the only, mechanism available under US law for a civil litigant to issue a civil subpoena without a lawsuit
  - o Because of that, the courts have interpreted that statute very narrowly
  - o The other thing they are relying on comparison between remedies available to a copyright holder, the remedy available to 512(g) (counternotice provision), the representation that a counter notifiers to include information regarding service of process
  - o 512(h) speaks only to the individual, the purpose and scope of the subpoena is for the 512(c) service provider to disclose information sufficient to the infringer
  - o If congress wanted to include information to effect service of process, one can reasonably infer congress would have done so like they did in 512(g)

- In particular, it only allows service of process to a 512(c) service provider
- The 9th circuit case, it talks about treating different service providers differently, the specific function being played by the service provider, caselaw basis that the function that a 512(h) subpoena is for hosting or storing the infringing material, not adsense or or gmail, it's a further basis to construe and apply the statute narrowly to the service provider on which the infringement occurred
- Behind that, Google has a practical view, existing as a very large, very diverse SP, that it took the view that any legal obligation imposed on one part of it's business, it imposses on all the others, it would be very difficult to do business (they have something like 25 businesses)
- They're being pressed on several different fronts
    - It would be the first time a court had looked at it and decided it
- They're saying we've always just produced our BSI package before
- You can understand why a company like google wouldn't want to open that can of worms
- They think about the broader issue, their position needs to be consistent, because there is a community that
- Their large size and continued growth makes it untenable to keep all services in scope
    - Wasn't intended to be a formal legal argument, we think it's done by the statute, that's why they insist on interpreting the statute narrowly
- You've been generous with timeline already, if you think you'll want to push forward, we can talk about what that looks like, there might be practice tips
    - The principal thing I'd want to tell you is that each district often has its own district rules regarding FRCP, each judge like DMR has their own rules
    - We presume we would proceed with the 5 day rule under DMR
- Will Google accept email Service of Process?
    - We'll confirm, but we think Google will allow us to accept service of their behalf
- Whether they can easily create tooling, draws across multiple services, I'd caution on the adverb "easily create", whether they can is one thing
- I don't think it's inconsistent to say we're a party for service, but not a 512 subpoena service