NIMA GHARAVI
4610 North Clark St. #1098
Chicago, IL 60640
+1 (773) 899-4688
dmca@midwestwrestle.com

Movant, *Pro Se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE DMCA 512(h) SUBPOENA TO GOOGLE LLC | Case No.: 3:25-mc-80164-WHO<br><br>UNOPPOSED MOTION FOR LEAVE TO WITHDRAW AND FILE AMENDED OPPOSITION INSTANTER<br><br>**Judge:** Hon. William H. Orrick<br>**Date:** December 3, 2025<br>**Time:** 2:00<br>**Courtroom:** Courtroom 2 – 17th Floor |

**NOTICE OF MOTION AND MOTION**

TO THE COURT AND ALL PARTIES:

**PLEASE TAKE NOTICE** that on the earliest date convenient to the Court, Movant Nima Gharavi ("Mr. Gharavi") will move this Court for an order granting leave to withdraw his Opposition to Respondent's Motion to Strike (Dkt. 10) and file an amended opposition.

Respondent does not oppose this motion. (Gharavi Decl. ¶¶ 3-4.)

This motion is based on the Court's inherent authority to manage its docket and ensure the just and orderly administration of justice, and is supported by this Notice of Motion and Motion, the Declaration of Nima Gharavi in Support of Motion for Leave to Amend filed concurrently herewith, the pleadings and papers on file in this action, and such oral and documentary evidence as may be presented at any hearing on this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Mr. Gharavi seeks leave to withdraw his opposition (Dkt. 10) and file an amended version. Respondent confirmed this motion is "unopposed." (Gharavi Decl. ¶¶ 3-4.)

Good cause exists: On October 13, 2025, at 8:43 PM Central Time, Respondent filed its Motion to Strike (the "**Motion to Strike**" or "**Mot.**"). (Gharavi Decl. ¶ 5.) Mr. Gharavi had declined magistrate jurisdiction on October 2, but the case had not yet been reassigned to a district judge. (Gharavi Decl. ¶ 8.) As a *pro se* party, he was uncertain whether Judge Ryu would consider Respondent's motion before reassignment. (*Id.* ¶ 9.) Out of an abundance of caution and to ensure the Court had both sides, he worked overnight—12.5 hours continuously, having been awake 27 hours total—to file his opposition the next morning. (*Id.* ¶¶ 6-7, 10.)

Upon review after resting, Mr. Gharavi identified three significant omissions: (1) no direct response to Respondent's bad faith accusations (Mot. pp. 6-7); (2) no systematic analysis of Respondent's mischaracterizations; and (3) additional examples of 20-22 page briefs accepted under Local Rule 7-2(b) in analogous miscellaneous proceedings. (Gharavi Decl. ¶¶ 13-15.)

**No prejudice:** The opposition deadline (Oct. 27) is still open. Mr. Gharavi proposes preserving Respondent's full reply time through at least November 3, 2025. The hearing date is unchanged.

## II. LEGAL STANDARD

Federal courts possess inherent authority to manage their dockets and ensure the orderly administration of justice, including the management of briefing schedules. *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016); *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011). Rule 1 mandates that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

Courts apply standards analogous to those governing amendment of pleadings, examining whether amendment would result in undue delay, bad faith, prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Siegler v. Sorrento Therapeutics, Inc.*, 2019 WL 2549248, at *3-4 (S.D. Cal. June 20, 2019) (granting *pro se* plaintiff's motion to withdraw and re-file opposition briefs). "This policy is

to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

### III. ARGUMENT

#### A. Good Cause Exists

**1. Extraordinary Circumstances and Pro Se Good Faith**

On October 13, 2025, at 8:43 PM Central Time, Respondent filed its Motion to Strike. (Gharavi Decl. ¶ 5.) Although Mr. Gharavi had declined magistrate jurisdiction on October 2, the case had not yet been reassigned. (*Id.* ¶ 8.) The federal government shutdown created uncertainty about judicial reassignments. (*Id.* ¶ 9.) As a *pro se* party, Mr. Gharavi was uncertain whether Judge Ryu would consider Respondent's motion before reassignment. (*Id.*) Out of caution, he worked overnight to file his opposition the next morning. (*Id.* ¶¶ 6-7, 10.)

After resting and reviewing with fresh eyes on October 15, Mr. Gharavi identified three significant omissions directly responsive to Respondent's accusations. (*Id.* ¶ 12.) He immediately contacted Respondent's counsel regarding amendment. (*Id.* ¶ 17.)

Courts liberally construe *pro se* filings and excuse inadvertent omissions made under pressing circumstances. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Mr. Gharavi's circumstances—a *pro se* party with no legal education facing a 1,200-attorney firm, responding to an 8:43 PM filing during a government shutdown—present precisely the situation warranting accommodation.

**2. Respondent Does Not Oppose**

Respondent confirmed this motion is "unopposed," which weighs heavily in favor of granting leave. (Gharavi Decl. ¶¶ 3-4.) See Section B below.

**3. Deadline Still Open**

The opposition deadline under Local Rule 7-3(a) is October 27, 2025. Mr. Gharavi filed his original opposition early on October 14—thirteen days before the deadline. (Gharavi Decl. ¶ 10.) The deadline remains open.[1]

---

[1] Cf. Strahan v. Roughead, 910 F. Supp. 2d 382, 384-85 (D. Mass. Dec. 26, 2012) (denying amendment of opposition brief in four-year-old case where motion had been pending since July 2011 and deadline had passed). Here, by contrast, the case is newly assigned, Mr. Gharavi filed early, and the deadline remains open.

Mr. Gharavi filed his opposition, identified omissions the next day, and immediately contacted Respondent's counsel—all before the deadline expired. (Gharavi Decl. ¶¶ 10, 12, 17.) This demonstrates precisely the type of diligent, good-faith conduct courts encourage.

**4. Substantive Additions**

After resting, Mr. Gharavi identified three significant omissions:

**First**, the original opposition did not directly rebut Respondent's accusations (Mot. pp. 6-7) that Mr. Gharavi failed to meet and confer in good faith. The amended opposition adds a new Section D demonstrating that Respondent obstructed meet-and-confers. (Gharavi Decl. ¶ 13.)

**Second**, the original opposition did not systematically expose Respondent's pattern of mischaracterizations. The amended opposition adds a new Section E with a comparison table and requests heightened scrutiny. (*Id.* ¶ 14.)

**Third**, the original opposition included only one example (*In re hey, inc v. Twitter*, No. 3:22-mc-80034-DMR, Dkt. No. 6 (N.D. Cal. May 23, 2022)) of a 25-page brief filed under Local Rule 7-2(b). The amended opposition adds four additional examples of 20-22 page briefs accepted in analogous miscellaneous proceedings, directly countering Respondent's claim that Mr. Gharavi's Motion "does not comply with the standing orders of any of the eight possible Magistrate or District Judges." (*Id.* ¶ 15.)

These are substantive additions directly responsive to specific accusations, not cosmetic improvements. (*Id.* ¶ 16.)

**B. No Prejudice to Respondent**

Respondent will suffer no prejudice.

**First**, Respondent explicitly does not oppose this motion. When Mr. Gharavi contacted counsel about amendment, Respondent stated: "if you choose to amend your opposition Google will take no position and will not object to you doing so." (Gharavi Decl. ¶ 3.) When Mr. Gharavi asked if "unopposed" was an accurate characterization, Respondent confirmed: "Yes, that's an accurate characterization of our position." (Id. ¶ 4.) This explicit non-opposition effectively concedes the absence of prejudice, which strongly favors granting leave. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

**Second**, the opposition deadline (Oct. 27) is still open. Mr. Gharavi filed early and seeks to correct material omissions in his filing before the deadline expires.

**Third**, Mr. Gharavi proposes preserving Respondent's full reply time through at least November 3, 2025, showing good faith and ensuring Respondent has adequate time to respond.

**Fourth**, the hearing date (Dec. 3) is unchanged.

**Fifth**, Mr. Gharavi filed his opposition on October 14 and seeks to amend within three days. This prompt action minimizes any burden on Respondent, as the limited time elapsed makes it unlikely substantial review of Mr. Gharavi's original opposition has occurred.

Granting leave to amend causes no prejudice to Respondent because: (1) Respondent explicitly does not object; (2) the deadline is still open; and (3) Mr. Gharavi proposes preserving Respondent's full reply time.

### C.  Proposed Briefing Schedule

**If leave granted on/before October 27, 2025:**

Preserve the existing schedule (reply due Nov. 3, 2025). Mr. Gharavi's early filing should not prejudice Respondent by shortening its reply time.

**If leave granted after October 27, 2025:**

Grant Respondent at least one week from the amended filing date. This demonstrates good faith, ensures Respondent has adequate time to respond, and shows Mr. Gharavi is not trying to game the system or compress Respondent's reply time.

## IV.  CONCLUSION

This motion presents a unique confluence of factors justifying leave to withdraw and refile an opposition brief. Mr. Gharavi drafted his opposition overnight under severe time pressure after receiving Respondent's motion during the federal government shutdown, while simultaneously managing case reassignment uncertainty. (Gharavi Decl. ¶¶ 6-12.) Upon reviewing his work after rest, he identified three substantive omissions directly responsive to Respondent's accusations. (*Id.* ¶¶ 13-15.)

The factors supporting leave to amend are compelling: Respondent explicitly does not oppose this motion; the opposition deadline remains open; Mr. Gharavi filed early and seeks to address omissions within three days; and the proposed order preserves Respondent's full reply time, ensuring no prejudice.

Courts considering whether to permit withdrawal and amendment of briefs apply principles analogous to those governing amendment of pleadings: leave should be freely granted in the absence of undue delay, bad faith, dilatory motive, prejudice, or futility. Here, none of these factors weigh against granting leave. Mr. Gharavi seeks only to present his complete arguments to the Court while protecting Respondent's procedural rights. This request does not stem from missed deadlines or dilatory conduct, but from an honest attempt to correct inadvertent omissions made under challenging circumstances. Granting this unopposed motion serves judicial economy by ensuring the Court has a complete record and avoids any risk of later procedural complications.

For these reasons, Mr. Gharavi respectfully requests that the Court grant this unopposed motion and permit him to withdraw and file his amended opposition.

Dated: October 17, 2025

Respectfully submitted,

/s/ Nima Gharavi
Nima Gharavi

Movant, *Pro Se*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2025, I electronically filed the foregoing Unopposed Motion for Leave to Withdraw and File Amended Opposition Instanter, supporting Declaration of Nima Gharavi in Support of Motion for Leave to Amend, and Proposed Order using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: October 17, 2025

/s/ Nima Gharavi
Nima Gharavi

Movant, *Pro Se*