NIMA GHARAVI
4610 North Clark St. #1098
Chicago, IL 60640
+1 (773) 899-4688
dmca@midwestwrestle.com

Movant, *Pro Se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE DMCA 512(h) SUBPOENA TO GOOGLE LLC | Case No.: 3:25-mc-80164-WHO<br><br>DECLARATION OF NIMA GHARAVI IN SUPPORT OF MOTION FOR LEAVE TO AMEND<br><br>**Judge:** Hon. William H. Orrick<br>**Date:** December 3, 2025<br>**Time:** 2:00<br>**Courtroom:** Courtroom 2 – 17th Floor |

I, Nima Gharavi, declare as follows:

1. I am the Movant in this action. I make this declaration based on personal knowledge and am competent to testify to these matters.

## BACKGROUND

2. I am a pro se party with no formal legal education. I run a solo business and am representing myself in this matter against Respondent Google LLC, which is represented by Perkins Coie LLP, a firm with approximately 1,200 attorneys.

## RESPONDENT'S NON-OPPOSITION

3. On October 15, 2025, after reviewing my opposition with fresh eyes after resting, I identified significant omissions in the brief I drafted overnight. I contacted Respondent's counsel regarding their position on amendment. On October 16, 2025, at 8:12 AM Pacific Time, Todd M. Hinnen of Perkins Coie LLP responded via email stating: "if you choose to amend your opposition Google will take no position and will not object to you doing so."

4. On October 16, 2025, at 8:25 AM Pacific Time, I sent a follow-up email asking whether "unopposed" was an accurate characterization of Respondent's position. Mr. Hinnen confirmed via email at 1:48 PM Pacific Time: "Yes, that's an accurate characterization of our position. And we would expect to file any reply a week from the date you file your Amended Opposition."

## CIRCUMSTANCES OF OVERNIGHT DRAFTING

2
DECLARATION OF NIMA GHARAVI IN SUPPORT OF MOTION FOR LEAVE TO AMEND
CASE NO.: 3:25-mc-80164-WHO

5. On October 13, 2025, at 8:43 PM Central Time, Respondent filed its Motion to Strike my Motion to Compel Compliance with DMCA Subpoena.

6. I returned from dinner around 9:30 PM. I worked continuously on my opposition from approximately 9:30 PM on October 13 through approximately 10:00 AM on October 14—approximately 12.5 hours straight.

7. I had been awake since approximately 7:00 AM on October 13, 2025, meaning I worked on the opposition after being awake for approximately 27 hours total.

8. Although I had declined magistrate jurisdiction on October 2, 2025, the case had not yet been reassigned to a district judge as of October 13, 2025. Judge Ryu was still assigned to the case.

9. On October 1, 2025, the federal government entered a shutdown that created significant uncertainty about court operations and the timeline for judicial reassignments. As a pro se party with no legal education, I was uncertain whether Judge Ryu would consider Respondent's Motion to Strike before reassignment occurred, particularly given the operational disruptions caused by the shutdown. I decided to file my opposition promptly despite the late hour of Respondent's filing and my exhaustion to ensure the Court had both sides of the story.

10. On October 14, 2025, at approximately 10:00 AM Central Time, I filed my Opposition to Respondent's Motion to Strike ("**Mot.**"). (Dkt. 10.)

11. On October 15, 2025, Judge Orrick was assigned to the case.

**OMISSIONS IDENTIFIED AFTER RESTING**

12. After resting and reviewing my opposition with fresh eyes on October 15, 2025, I identified three significant omissions that materially weakened my response to Respondent's specific accusations.

13. First, the original opposition did not directly rebut Respondent's accusations (Mot. pp. 6-7) that I failed to meet and confer in good faith. The amended opposition adds a new Section D titled "Google's Meet-and-Confer Allegations Are Contradicted by the Record." This section addresses Respondent's allegations by detailing the following facts: (a) ignoring my August 5, 2025, request for a meet and confer; (b) only agreeing after I sent a formal Local Rule 37-1(a) demand on August 6, 2025; (c) canceling the August 12, 2025, meet and confer less than five hours before the scheduled time, stating "We apologise for the inconvenience but we are unable to take the meet and confer as scheduled on August 12th due to scheduling conflicts"; and (d) never responding to my August 25, 2025, email explicitly stating "it would seem we have a ripe, justiciable controversy" for over five weeks. This section also addresses Respondent's unperformed commitments to confirm email service authorization and user notification, neither of which were ever fulfilled despite my follow-up requests.

14. Second, the original opposition did not systematically compare Respondent's characterizations of communications with the actual email text. The amended

opposition adds a new Section E titled "Google Systematically Mischaracterizes Communications to Mislead the Court." This section includes: (a) a detailed comparison table showing the differences between Respondent's characterizations (such as using "demanded" and "refused") and the actual email language (such as "please provide" and "respectfully decline"); (b) documentation showing that Respondent claims I submitted "more than 100 pages of exhibits" when the actual count is 92 pages (ECF pages 17-108 of Docket No. 3-1); (c) identification of multiple instances where Respondent omits context, such as failing to mention that during the August 22 meet and confer, I stated Judge Ryu's 5-day rule would not apply after I declined magistrate jurisdiction; and (d) a request that the Court apply heightened scrutiny to Respondent's factual representations.

15. Third, the original opposition included only one example (*In re hey, inc v. Twitter,* No. 3:22-mc-80034-DMR, Dkt. No. 6 (N.D. Cal. May 23, 2022)) of a 25-page brief filed under Local Rule 7-2(b). The amended opposition adds four additional examples of 20-22 page briefs accepted in analogous miscellaneous proceedings: (a) *In re Ex Parte Application of NC Dengen Kaihatsu KK*, No. 4:18-mc-80208-DMR, Dkt. 9 (N.D. Cal. Apr. 11, 2019) (22-page motion to quash subpoenas); (b) *Woori Bank v. Kwang Seok Kwon*, No. 4:21-mc-80084-DMR, Dkt. 9 (N.D. Cal. Aug. 5, 2021) (20-page motion to quash subpoena); (c)

*Woori Bank v. Kwang Seok Kwon*, No. 4:21-mc-80084-DMR, Dkt. 12 (N.D. Cal. Sep. 3, 2021) (21-page opposition to motion to quash); and (d) *J. Doe v. United States Department of Homeland Security*, No. 3:25-mc-80325, Dkt. 1 (N.D. Cal. Oct. 16, 2025) (20-page motion to quash filed by the American Civil Liberties Union Foundation of Northern California, Inc., the American Civil Liberties Union of Pennsylvania, and Kairys, Rudovsky, Messing, Feinberg & Lin, LLP in a miscellaneous proceeding before Magistrate Judge Peter H. Kang involving administrative summonses to Meta Platforms, Inc. for user information). These additional examples directly counter Respondent's claim that my Motion "does not comply with the standing orders of any of the eight possible Magistrate or District Judges." (Mot. 3.)

16. These are substantive additions directly responsive to Respondent's specific accusations in its Motion to Strike, not cosmetic improvements or general enhancements. Each addition addresses a particular argument or accusation that Respondent made, and each strengthens my response with specific factual detail and legal authority. The amended opposition remains well under Local Rule 7-2(b)'s 25-page limit.

**TIMING AND GOOD FAITH**

17. I filed my original opposition on October 14, 2025, and identified these omissions on October 15, 2025—only one day later. I immediately contacted Respondent's counsel to discuss amendment rather than proceeding unilaterally.

18. The opposition deadline under Local Rule 7-3(a) is October 27, 2025. As of the filing of this motion, that deadline remains open.

19. I am proposing a briefing schedule that preserves Respondent's full reply time. If the Court grants leave to amend on or before October 27, 2025, I respectfully request that the existing briefing schedule remain intact, with Respondent's reply due November 3, 2025. If the Court grants leave after October 27, 2025, I respectfully request that Respondent receive at least one week from the date of the amended filing to submit its reply. This approach ensures Respondent suffers no prejudice from my request to amend.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 17, 2025 at Chicago, Illinois.

/s/ Nima Gharavi
Nima Gharavi

Movant, *Pro Se*