PERKINS COIE LLP

Todd M. Hinnen (*pro hac vice*)
THinnen@perkinscoie.com
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

Elise Edlin, Bar No. 293756
EEdlin@perkinscoie.com
Torryn T. Rodgers, Bar No. 319126
TRodgers@perkinscoie.com
505 Howard Street, Suite 1000
San Francisco, California 94105-3204
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

Attorneys for Non-Party
Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE DMCA 512(h) SUBPOENA TO GOOGLE LLC, | Case No. 3:25-mc-80164-WHO<br><br>NON-PARTY GOOGLE LLC'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE MOVANT'S MOTION TO COMPEL COMPLIANCE WITH DMCA SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date: December 3, 2025<br>Time: 2:00 p.m.<br>Judge: William H. Orrick |

I.  **INTRODUCTION**

Google moves to strike Mr. Gharavi's Motion to Compel Compliance with DMCA Subpoena ("**Motion to Compel**") as improper because it is based on Mr. Gharavi's mistaken belief that he "unassigned" the matter from Magistrate Judge Ryu by submitting a declination of magistrate jurisdiction at the same time as his Motion. Of course, Mr. Gharavi can neither assign nor unassign a matter to a Judge of this Court. By its express terms, his declination was no more than a *request*, which did not alter judicial assignment in any way until the Court *acted* on his request by reassigning the matter to Judge Orrick. A matter is not *unassigned* when a party submits a declination and then *assigned* when the Clerk acts on the declination; it is *reassigned* directly from the Magistrate Judge to the District Court Judge when the Clerk acts on the declination (perhaps precisely to prevent a party from evading the Court's rules, as it appears Mr. Gharavi seeks to do here). As a result, this matter remained assigned to Magistrate Judge Ryu (and subject to her standing order) until the Court reassigned it to Judge Orrick (at which point it became subject to his standing order). When Mr. Gharavi filed his Motion to Compel, this matter was still assigned to Magistrate Judge Ryu and was subject to Magistrate Judge Ryu's standing order, which it violated in several respects. Accordingly, it should be stricken.

II. **ARGUMENT**

   **A.     Mr. Gharavi did not "unassign" the matter by submitting a declination; he requested that the Court reassign it.**

Mr. Gharavi's Opposition, and his argument that his Motion to Compel is proper, rests on a misunderstanding of the effect of his submission of a form declining Magistrate Judge jurisdiction and requesting that the case be reassigned. He argues that by submitting the form, he unilaterally unassigned the matter from Magistrate Judge Ryu and returned it to unassigned status subject to Local Rule 7-1(c). Mr. Gharavi's Motion to Compel does not meet either of the conditions that qualify a motion for treatment under Local Rule 7-1(c), however. Those conditions are:

(1) The assigned Judge is unavailable as defined in Civil L.R. 1-5(p) and an emergency requires prompt action; or

(2) An order is necessary before an action can be filed.

1  Local Rule 7-1(c). It is self-evident that neither of those conditions is met here.

2  It is clear from the plain language of the Court's rules and documentation that a party does not return a matter to unassigned status by declining magistrate judge jurisdiction. For example, General Order No. 44 – Assignment Plan notes: "If a party declines to consent to a United States magistrate judge, the Clerk shall *reassign* the case to a district judge on a random basis . . . ." (emphasis added). General Order No. 44 Assignment Plan (E)(1)(c). Likewise, the Court's Notice of Assignment of Case to a United States Magistrate Judge for Trial, and its Consent or Declination to Magistrate Judge Jurisdiction form, both indicate that matters will be reassigned, not unassigned. The Notice informs parties: "If any party declines, the case will be *reassigned* to a district judge." (emphasis added). The Consent or Declination form (which Mr. Gharavi signed) indicates that the declining party "hereby *request* that this case be *reassigned* to a United States district judge." (emphasis added).[1] ECF No. 5. A declination of Magistrate jurisdiction merely *requests* that *the Court reassign* the matter to a District Court Judge.

Mr. Gharavi's argument that he need not comply with *any* standing order relies entirely on his supposition that when he submitted his declination form he unilaterally unassigned the case from Magistrate Judge Ryu and returned it to unassigned status (where, conveniently, none of the restrictions and limitations he seems to wants to ignore would exist). But that is clearly and simply not the case. This case was assigned to Magistrate Judge Ryu (and therefore subject to her standing order) until *the Court reassigned* it to Judge Orrick, by virtue of which this case became subject to his standing order. Mr. Gharavi's Motion to Compel, which violates both of these standing orders in several respects, is improper, imposes an undue burden on the Court and on Google, and should

---

[1] Mr. Gharavi suggests several times that he should not be required strictly to comply with the Court's rules because he is appearing *pro se*. *See* ECF No. 10 at 4, 7; ECF No. 19-2 at 8, 17–18. Despite Mr. Gharavi's attempts to both wield as sword and raise as shield his *pro se* status, he is an experienced litigant before this Court who is well aware of its Rules. An online search reveals Mr. Gharavi has litigated or is litigating at least 15 different matters—9 of which are in the Northern District of California—all while representing himself *pro se*. Declaration of Torryn Rodgers in Support of Google's Reply in Support of its Motion to Strike, ¶ 2. Moreover, and regardless, just "as lawyers must, *pro se* litigants must become familiar, and comply, with both the Rules of Civil Procedure and the Local Rules." *Kinstley v. City & Cnty. of S.F.*, No. C 07-2323-SBA, 2009 WL 1974607, at *1 (N.D. Cal. July 8, 2009).

be stricken.[2]

None of the authority Mr. Gharavi cites supports his position. He turns first to Local Rule 7-2(b), which he asserts "governs after simultaneous declination." ECF No. 10 at 3. It is not clear why he thinks that is the case. He does not cite a single rule or case supporting the proposition, and Google has been able to find none.[3]

Mr. Gharavi next cites *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 880 (N.D. Cal. 2020) ("***Reddit***") to support his argument that when he "simultaneously filed his motion and declined magistrate jurisdiction . . . the matter became subject to reassignment because magistrate judges lack jurisdiction over dispositive miscellaneous matters absent consent." ECF No. 10 at 2; *see also* ECF No. 19-2 (Amended Opposition) at 6. But as discussed above, reassignment is different than unassignment. That difference is fatal to Mr. Gharavi's Motion. Only if a matter is unassigned does no standing order apply. At the time Mr. Gharavi filed his Motion this matter was assigned to Magistrate Judge Ryu and subject to her standing order. It remained so until the Court acted on his request and reassigned it to Judge Orrick and it became subject to his standing order. Mr. Gharavi's Motion to Compel (and failure to meet and confer regarding all the issues it raises) violates both standing orders.

The *Reddit* case also does not support Mr. Gharavi's contention that once a party submits a declination, a Magistrate Judge cannot have anything further to do with the matter. Rather, it says: "In the absence of consent by all the parties, a magistrate judge may hear all pretrial matters but

---

[2] Mr. Gharavi characterizes Google's Motion to Strike as a "delay tactic." ECF No. 10 at 7; *See also* ECF No. 19-2 at 20. That is manifestly not the case, as evidenced by Google's timely Opposition (ECF No. 17) to Mr. Gharavi's Motion to Compel. Only Mr. Gharavi has delayed proceedings in this matter. Google has produced information responsive to Mr. Gharavi's subpoena. A single, discrete discovery dispute remains regarding whether Google can be compelled to produce more. Had Mr. Gharavi proceeded promptly and complied with the standing orders of either judge assigned to this matter, a 5-page joint letter brief regarding this dispute would have been submitted to the Court more than a month ago. *See Civ. Standing Order for Mag. Donna M. Ryu*, § 14; *see also Civ. Standing Order for Mag. Judge William Orrick* § 4.

[3] The cases cited for the first time in Mr. Gharavi's proposed Amended Opposition also do not support his argument that simultaneously submission of a declination form and a motion mean that a matter is unassigned and the motion is not subject to any standing order. *See* ECF No. 19-2 at 9–10. In fact, neither of the cases Mr. Gharavi contends are analogous involve declination of Magistrate jurisdiction at all, simultaneous or otherwise. *See In re Ex Parte Application of NC Dengen Kaihatsu KK*, No. 4:18-mc-80208-DMR (N.D. Cal. Apr. 11, 2019), ECF No. 9; *Woori Bank v. Kwang Seok Kwon*, No. 4:21-mc-80084-DMR (N.D. Cal. 2021), ECF Nos. 9, 12.

may address dispositive issues only in the form of a report and recommendation to a district judge, and not in a final order or judgment." *Reddit*, 441 F. Supp. 3d at 881. The court ultimately concluded that because *the party targeted by the subpoena* had not consented to Magistrate jurisdiction "the [magistrate judge's] order on the motion to quash is best treated as a report and recommendation under 28 U.S.C. § 636(b)(1)(B)." *Id.* at 882. Not only does the *Reddit* court *not* hold that the matter was "unassigned" or would proceed under Local Rule 7-1(c), the matter *was* heard by the Magistrate Judge, whose order the District Court judge treated as a report and recommendation. This case offers no support for Mr. Gharavi's position.

Mr. Gharavi then argues that he must be allowed to file a full motion notwithstanding the rules of this Court because in a *different*, *unrelated* matter the law firm of undersigned counsel, Perkins Coie, opposed by similar motion a *different* kind of subpoena authorized by a *different* statutory provision. ECF No. 10 at 1, 3, 7 (pointing out that Perkins Coie had submitted a motion in *In re hey, inc. v. Twitter*, No. 3:22-mc-80034-DMR (N.D. Cal. May 23, 2022) ("***In re hey***")). That is true as far as it goes. That case, however, bears no resemblance to this one, either in substance or in procedural posture. First, the subpoena in question was not a DMCA subpoena, but rather a subpoena issued in connection with a foreign judicial proceeding under 28 U.S.C. § 1782. Second, the party that obtained the subpoena did not simultaneously decline Magistrate jurisdiction and file an improper motion—in fact, that case proceeded before the Magistrate Judge. Third, and most importantly, Perkins Coie proceeded by motion in that case *because Magistrate Judge Ryu expressly ordered it to do so*. *See In re hey*, ECF No. 3 (Order on Ex Parte Application for Issuance of an Order Under 28 U.S.C. § 1782 at 6) (ordering Twitter "to file any motions in this court to contest the subpoena"). Perkins Coie's conduct in that case was entirely consistent with the rules and Magistrate Judge Ryu's order; Mr. Gharavi's conduct is not.

Mr. Gharavi also argues that *In re Dynadot* supports his position that by simultaneously submitting his declination and Motion to Compel he unilaterally unassigned the matter such that no standing order applies. *In re Dynadot* neither raises nor resolves that issue. *See* ECF No. 10 at 4–5. No simultaneous declination and motion were filed in that case. *See generally In re DMCA 512(h) Subpoena to Dynadot Inc.*, No. 25-mc-80138-TLT (N.D. Cal. 2025). No respondent

appeared to meet and confer or oppose petitioner's motion. *See id.* The Court granted the motion because it was unopposed. *See id.* at ECF No. 19 (Order Granting Unopposed Motion to Compel Compliance with Subpoena). *In re Dynadot* does not address the issue for which Mr. Gharavi cites it, let alone support his position.

If a party declines Magistrate Judge jurisdiction, *the Court* will *reassign* the matter to a District Court Judge to determine dispositive issues. This arrangement prevents parties from manipulating the rules and empowers judges to manage their dockets, preventing undue burden on them and the parties. Mr. Gharavi's Motion to Compel violates the applicable standing order and should be stricken.

### B. Mr. Gharavi's manipulation of the rules provides an independent basis to strike under the Court's inherent authority to manage its docket.

Mr. Gharavi's apparent manipulation of the Court's rules in order to skirt the Court's procedures and page limits of its standing orders governing discovery provides an independent basis upon which to strike his Motion to Compel under the Court's inherent authority to manage its docket. *See e.g.*, *Muldoon v. DePuy Orthopaedics, Inc.*, 3:15-cv-02723-JSC at 2 (N.D. Cal. Apr 30, 2024), ECF No. 77 ("The excessively-long filing at over double the page limit is truly egregious, and the court cannot countenance such a flagrant rules violation, especially when unaccompanied by a request to exceed the page limit or even an acknowledgment that a violation has been committed.").

After brief mention of his intent to decline magistrate judge jurisdiction, Mr. Gharavi withheld submission of his declination form for six weeks. He also ignored Google's counsel's precaution that the Judges and Magistrate Judges of this Court generally have standing orders that govern and impose strict limits on discovery disputes such as this. *See* ECF 9-1 (Declaration of Elise Edlin in Support of Google's Motion to Strike ("**Edlin Decl.**"), ¶ 3) (explaining to Mr. Gharavi the applicability of the assigned Magistrate or Judge's standing order to any discovery dispute briefing).

Laboring under the misimpression, which he did not share with Google's counsel, that he could evade the limitations of *any* standing order and submit a 25-page motion with roughly 100

pages of exhibits addressing arguments and issues upon which he had never met and conferred with Google's counsel, he apparently spent the next six weeks drafting his Motion. There can be no question that Mr. Gharavi intended to delay the timing of his declination to avoid a standing order that would have limited him to a few pages with specific, limited exhibits. He can hardly complain if—having ignored Google's counsel's advice, misread the applicable rules, and kept his intention from Google's counsel—he has expended effort drafting a Motion that violates the applicable standing order and should be stricken.[4] His efforts are not wasted; they will surely assist him in drafting a short letter brief that complies with this Court's standing order.

Finally, Mr. Gharavi leans heavily on the parties' discussion of the fact that once the Court acted on his declination and reassigned the matter, the procedures set forth in Magistrate Judge Ryu's Standing Order would no longer apply.[5] Of course that is the case. Mr. Gharavi did not inform counsel that he intended to delay submission of his declination so he could file it simultaneously with his Motion or that, in his view, under such circumstances, *no* standing order would apply. Had he done so, Google's counsel would have objected and informed Mr. Gharavi that doing so would be improper (as Google's counsel did, once Mr. Gharavi's plan was revealed).[6]

---

[4] Mr. Gharavi argues that Google's Motion to Strike should be denied because such motions are disfavored. *See* ECF No. 10 at 4; *see also* ECF No. 19-2 at 8. Motions to strike are appropriate when a motion is filed in clear violation of the applicable rules and will result in undue prejudice to the Court and the opposing party. *See e.g.*, *Omega v. Wells Fargo & Co.*, No. 3:11-cv-02621-JSW (N.D. Cal. Oct. 24, 2011), ECF No. 35 (order striking overlength brief in violation of court's standing order).

[5] Adding to the confusion, in his proposed Amended Opposition, Mr. Gharavi asserts—contrary to his prior representations to counsel and his own prior briefing—that Magistrate Judge Ryu's standing order was "never applicable" to this matter. *See* ECF No. 19-2 at 9. It is unclear whether this argument applies only to Magistrates, or whether Mr. Gharavi believes that this Court's standing order also cannot govern these proceedings. But nothing in Section 512 exempts a dispute regarding the scope of a DMCA subpoena from otherwise applicable court rules, and Mr. Gharavi cites no case law to support his new position. *See id.* In fact, the efficient process set forth in judges' standing orders is more consistent with the "expedited subpoena process" provided for in Section 512(h) than Mr. Gharavi's alternative. *In re Subpoena of Internet Subscribers of Cox Commc'ns, LLC*, 148 F.4th 1056, 1058 (9th Cir. 2025) (noting that Congress established in the DMCA an expedited process intended to be less burdensome than formal litigation).

[6] Mr. Gharavi advances his interpretation of Google's counsel's demeanor and facial expression as principle evidence. Mr. Gharavi's speculation is plainly not competent evidence and should be disregarded by the Court.

### III. CONCLUSION

For the foregoing reasons, Google respectfully requests the Court strike Mr. Gharavi's Motion to Compel Compliance with DMCA Subpoena, without prejudice to Mr. Gharavi's ability to seek to compel compliance consistent with the Local Rules and Judge Orrick's Standing Order. In the alternative, Google requests that the Court grant it two weeks from the date of this Court's order with respect to its Motion to Strike to provide a full response to Mr. Gharavi's Motion to Compel.

Dated: November 3, 2025

**PERKINS COIE LLP**

By: */s/ Elise Edlin*
    Todd M. Hinnen (*pro hac vice*)
    Elise Edlin, Bar No. 293756
    Torryn T. Rodgers, Bar No. 319126

Attorneys for Non-Party
Google LLC