NIMA GHARAVI
4610 North Clark St. #1098
Chicago, IL 60640
+1 (773) 899-4688
dmca@midwestwrestle.com

Movant, *Pro Se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE DMCA 512(h) SUBPOENA TO GOOGLE LLC | Case No.: 3:25-mc-80164-WHO<br><br>MOTION FOR SANCTIONS AGAINST ATTORNEY TORRYN T. RODGERS OF PERKINS COIE LLP BASED ON COURT'S INHERENT AUTHORITY<br><br>**Judge:** Hon. William H. Orrick<br>**Date:** December 17, 2025<br>**Time:** 2:00 p.m.<br>**Courtroom:** Courtroom 2 – 17th Floor |

## NOTICE OF MOTION AND MOTION

TO RESPONDENT GOOGLE LLC, ATTORNEY TORRYN T. RODGERS OF PERKINS COIE LLP, AND ALL PARTIES OF RECORD:

PLEASE TAKE NOTICE that on **December 17, 2025**, at **2:00 p.m.**, or as soon thereafter as the matter may be heard, in the above-entitled Court located at Phillip Burton Federal Building, 450 Golden Gate Avenue, San Francisco, CA 94102, Courtroom 2 – 17th Floor, before the Honorable William H. Orrick, Movant Nima Gharavi, appearing *pro se*, will and hereby does move the Court for an order imposing sanctions against Attorney Torryn T. Rodgers of Perkins Coie LLP pursuant to the Court's inherent authority under *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).

This motion is made pursuant to the Court's inherent authority and is based upon this Notice of Motion and Motion, the accompanying Declaration of Nima Gharavi and supporting exhibits, all papers and pleadings on file herein, and such oral argument and evidence as may be presented at the hearing.

Dated: November 6, 2025

                                                                                            Respectfully submitted,

                                                                                           /s/ Nima Gharavi
                                                                                           Nima Gharavi

                                                                                           Movant, *Pro Se*

## I. INTRODUCTION

Movant Nima Gharavi ("**Mr. Gharavi**") respectfully requests the Court impose monetary sanctions against Attorney Torryn T. Rodgers ("**Attorney Rodgers**") of Perkins Coie LLP pursuant to the Court's inherent authority. On November 3, 2025, Attorney Rodgers filed a declaration under penalty of perjury, Dkt. 22-1, in support of Google LLC's reply to Mr. Gharavi's opposition to Google's Motion to Strike. In that *sworn declaration*, Attorney Rodgers asserted that Mr. Gharavi "represented himself *pro se*" in a criminal case—"County of Racine vs. Nima Gharavi, No. 2018TR008316 (Wis. Cir. Ct. Apr 23, 2018." Dkt. 22-1 at 2. Mr. Gharavi has never litigated any case in Wisconsin, *pro se* or otherwise.

A search of Wisconsin Circuit Court records by Mr. Gharavi's name returns no results. A search by the case number Attorney Rodgers cited—2018TR008316—returns a case involving defendant Tyrone Deshawn Kennedy for "Operating [a Motor Vehicle] While Suspended," not Mr. Gharavi. Gharavi Decl. ¶¶ 4-7, Exs. 1-2. Attorney Rodgers' false sworn statement was strategically designed to establish that Mr. Gharavi is an experienced litigant with extensive *pro se* litigation history, thereby defeating Mr. Gharavi's procedural arguments and gaining tactical advantage in Google's Motion to Strike.

This reckless submission of false sworn testimony for an improper purpose constitutes "conduct tantamount to bad faith" sanctionable under this Court's inherent authority. *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). Mr. Gharavi seeks compensatory sanctions of $5,625 (22.5 hours at $250/hour) (Gharavi Decl. ¶¶ 18-19), representing the reasonable value of time necessarily expended investigating Attorney Rodgers' false claim, researching sanctions law, and preparing this motion—time that would not have been incurred but for her misconduct. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 (2017).

## II. BACKGROUND

Mr. Gharavi's Motion to Compel Compliance with DMCA Subpoena, Dkt. 3, is set for hearing on December 3, 2025. Google's Motion to Strike Mr. Gharavi's Motion to Compel, Dkt. 9, is also noticed for December 3, 2025. On November 3, 2025, Google filed its Reply in Support of its Motion to Strike, Dkt. 22, accompanied by the Declaration of Torryn Rodgers. Dkt. 22-1 ("**Rodgers Decl.**").

Attorney Rodgers' declaration contains only two paragraphs. The first establishes her credentials

and personal knowledge foundation. Dkt. 22-1 ¶ 1. The second—and only substantive paragraph—asserts under "penalty and [*sic*] perjury"[1] that Mr. Gharavi "has represented himself *pro se* in fifteen separate cases." *Id.* ¶ 2. To support this assertion, she provides a bulleted list of purported cases, the last of which states: "County of Racine vs. Nima Gharavi, No. 2018TR008316 (Wis. Cir. Ct. Apr 23, 2018." *Id.* Note the missing closing parenthesis. Attorney Rodgers added that she made these assertions "on information and belief," which is based on research conducted by the "legal research staff at [her] firm" that "[she] directed." *Id.*

### III. THE FALSE STATEMENT

Attorney Rodgers' sworn assertion that Mr. Gharavi litigated a criminal case *pro se* is false. Mr. Gharavi has never litigated any case in Wisconsin, *pro se* or otherwise, and has no recollection of ever appearing in a Wisconsin court. Gharavi Decl. ¶ 3.

To verify Attorney Rodgers' claim, Mr. Gharavi conducted a search of the Wisconsin Circuit Court's publicly accessible online database. A search by Mr. Gharavi's name returned no results. *Id.* ¶¶ 4-5, Ex. 1. A search by the specific case number Attorney Rodgers cited—2018TR008316—returned a case involving defendant Tyrone Deshawn Kennedy, who was found guilty of "Operating [a Motor Vehicle] While Suspended." *Id.* ¶ 6, Ex. 2. The case Attorney Rodgers cited under oath does not involve Mr. Gharavi.

The only apparent purpose of Attorney Rodgers' false assertion was to establish a misleading factual predicate for denying Mr. Gharavi procedural leniency, which Google immediately deployed in footnote 1 of its Reply to argue that Mr. Gharavi is "an experienced litigant before this Court who is well aware of its Rules." Dkt. 22 at 2 n.1; Gharavi Decl. ¶¶ 23-24. The criminal case Attorney Rodgers failed to verify was inserted into a list of otherwise primarily ministerial matters to inflate Mr. Gharavi's litigation history.

Of the remaining matters cited, only one is an actual lawsuit—*Gharavi v. Kumar*, No. 3:25-cv-08873 (N.D. Cal. Oct. 16, 2025). *Id.* ¶ 9. The rest are ancillary DMCA subpoena proceedings. *Id.* ¶ 11. Six involved zero judicial action beyond ministerial clerk functions. *Id.* ¶ 12. One is this very case, which

---

[1] Attorney Rodgers' declaration states "I declare under penalty *and* perjury that the foregoing is true and correct," Dkt. 22-1 at 3 (emphasis added), rather than the standard "penalty of perjury."

cannot demonstrate litigation "experience" because it remains pending. *Id.* ¶ 13. The sole actual lawsuit—Mr. Gharavi's first and only *pro se* litigation—was filed on October 16, 2025, mere weeks before Attorney Rodgers' declaration. *Id.* ¶ 9-10. That case remains at the pleading stage; no answer has been filed, no discovery has occurred, and Mr. Gharavi has not yet experienced the complexities of adversarial litigation as a *pro se* party. *Id.* ¶ 10.

By adding the criminal case that Attorney Rodgers failed to verify, she transformed a list of primarily freestanding DMCA subpoena matters into "fifteen separate cases" of *pro se* litigation, creating the false impression of extensive adversarial litigation experience. This misleading factual record served as the predicate for Google's legal argument that Mr. Gharavi should receive no procedural leniency. Attorney Rodgers' false sworn statement was designed to gain tactical advantage through a credibility attack based on fabricated litigation history. The false citation to a criminal case is particularly prejudicial. By falsely asserting under oath that Mr. Gharavi litigated a criminal offense *pro se*, Attorney Rodgers created an official court record falsely portraying Mr. Gharavi as a criminal litigant.

**IV. LEGAL STANDARD**

This Court possesses inherent authority to sanction attorney misconduct that threatens the integrity of judicial proceedings. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). Unlike Rule 11 sanctions, which require a 21-day safe harbor period, the Court may exercise its inherent power immediately to address false sworn statements. *Id.*

The Ninth Circuit requires a finding of conduct "tantamount to bad faith" before imposing sanctions under inherent authority. *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). While mere recklessness alone does not suffice, the *Fink* court held that "an attorney's reckless misstatements of law and fact, when coupled with an improper purpose, such as an attempt to influence or manipulate proceedings in one case in order to gain tactical advantage in another case, are sanctionable under a court's inherent power." *Id.* This standard is satisfied when recklessness combines with an additional factor such as improper purpose, frivolousness, or harassment. *Id.*; *see also In re Dyer*, 322 F.3d 1178, 1196 (9th Cir. 2003) (sanctionable conduct must be "more egregious than mere negligence").

The burden of proof is clear and convincing evidence. *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010). Recent Ninth Circuit authority confirms this standard applies

when attorneys make reckless misstatements for tactical advantage. In *Fed. Trade Comm'n v. Amazon.com, Inc.*, the Western District of Washington found conduct "tantamount to bad faith" where "the desire to gain a tactical advantage" led to withholding documents, noting that "similar conduct may lead to more serious sanctions." No. 2:23-CV-00932-JHC, 2025 WL 1907413, at *4 (W.D. Wash. July 10, 2025). Similarly, this district has held that bad faith exists when a party "misrepresents the law or the facts to the court" or "acts for an improper purpose." *In re Facebook, Inc. Consumer Privacy User Profile Litig.*, 655 F. Supp. 3d 899, 925 (N.D. Cal. Feb. 9, 2023).

Compensatory sanctions under inherent authority are limited by a but-for causation test: the court may award only those fees and costs the innocent party incurred "solely because of the misconduct—or put another way, to the fees that party would not have incurred but for the bad faith." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 103-104 (2017). This includes fees incurred in moving for sanctions themselves, since "were there no sanctionable conduct, there would have been no proceeding to impose sanctions." *In re Facebook*, 655 F. Supp. 3d at 926.

**V. ARGUMENT**

Attorney Rodgers' conduct satisfies both elements required for sanctions under *Fink*: recklessness and improper purpose. Her submission of a false sworn statement asserting Mr. Gharavi litigated a Wisconsin criminal case *pro se*—when Mr. Gharavi has never litigated any case in Wisconsin—combined with the strategic purpose of establishing a false factual predicate for Google's procedural arguments, constitutes conduct tantamount to bad faith.

**A. Recklessness**

Attorney Rodgers acted recklessly by swearing to specific, objectively verifiable facts without conducting even minimal verification. She provided a specific case number (2018TR008316), a specific court (Wis. Cir. Ct.), and a specific date (Apr. 23, 2018)—the type of factual assertions that demand verification before an attorney swears to them under penalty of perjury.

Wisconsin Circuit Court records are publicly accessible online. A simple search reveals that Case No. 2018TR008316 involves Tyrone Deshawn Kennedy, not Mr. Gharavi, and that a search by Mr. Gharavi's name returns no results. Gharavi Decl. ¶¶ 4-7, Ex. 1-2. Attorney Rodgers either conducted no verification or conducted verification and ignored the results. The most charitable interpretation is

recklessness; any alternative interpretation only strengthens the case for sanctions.

Attorney Rodgers' declaration itself demonstrates a pattern of careless, rushed preparation. She misstated the oath language as "penalty *and* perjury" rather than "penalty *of* perjury." Dkt. 22-1 at 2; Gharavi Decl. ¶ 22. She failed to close the parenthesis in her criminal case citation. *Id.* Most critically, she failed to verify her assertion that Mr. Gharavi was a *pro se* criminal litigant before swearing under oath that he was. This pattern shows Attorney Rodgers was in such haste to file new reply evidence that she did not exercise the care required for sworn submissions.

Attorney Rodgers' reliance on "information and belief" and her direction of "legal research staff" does not excuse her recklessness. Dkt. 22-1 at 1. When an attorney submits a declaration under oath, she personally certifies the truth of the facts stated. "Information and belief" may be appropriate for allegations in a complaint, but not for sworn factual assertions about specific, verifiable public records. Attorney Rodgers had a duty to verify that Mr. Gharavi was a *pro se* criminal litigant before swearing to it under oath.

In its Response in Opposition to Mr. Gharavi's Motion to Compel (Dkt. 17 at 8), Google cited *Noland v. Land of the Free, L.P.*, 336 Cal. Rptr. 3d 897 (2025), emphasizing that the California Court of Appeal imposed a $10,000 sanction on an attorney who filed a brief containing AI-generated hallucinated cases. *Id.* at 910-11. The court held that "it is a fundamental duty of attorneys to *read* the legal authorities they cite" in court filings and that attorneys cannot "fundamentally abdicate [their] responsibility to the court." *Id.* at 912. If an attorney cannot delegate the duty to verify legal citations in an *unsworn brief*, they certainly cannot delegate the duty to verify factual assertions in a *sworn declaration*. When Attorney Rodgers signed her declaration under penalty of perjury, she personally certified accuracy regardless of who conducted the underlying research.

The recklessness here is particularly egregious because Google itself cited *Noland* to warn that submitting false cases to the court results in sanctions. Dkt. 17 at 8. Having put themselves on notice through their own briefing that such conduct warrants a $10,000 sanction, Attorney Rodgers then filed a sworn declaration containing a false factual assertion. She cannot claim ignorance of the consequences when her client's own opposition specifically cited *Noland* as authority that false case submissions are sanctionable. Moreover, Attorney Rodgers' conduct is objectively more egregious than *Noland*—she

submitted a false factual assertion not in an unsworn brief, but in a sworn declaration filed under penalty of perjury. If *Noland* warranted $10,000 for hallucinated cases in an unsworn brief, Attorney Rodgers' false sworn statement certainly warrants compensatory damages for the actual harm caused.

**B. Improper Purpose**

The improper purpose element of *Fink* is equally clear. Attorney Rodgers made a false sworn assertion that Mr. Gharavi litigated a criminal case *pro se* to establish that he is experienced and therefore not entitled to procedural leniency. Google explicitly relied on this false factual foundation to argue that "despite Mr. Gharavi's attempts to both wield as sword and raise as shield his *pro se* status, he is an experienced litigant before this Court who is well aware of its Rules." Dkt. 22 at 2 n.1.

The criminal case was strategically necessary to Attorney Rodgers' scheme. The criminal nature of the case serves dual improper purposes: (1) inflating Mr. Gharavi's litigation history, and (2) prejudicing the court by falsely suggesting Mr. Gharavi is a criminal litigant. Gharavi Decl. ¶ 14. By attributing a criminal indictment to Mr. Gharavi under penalty of perjury, Attorney Rodgers went beyond mere case-count inflation to create an official record falsely associating him with adversarial criminal proceedings—conduct that serves no legitimate purpose and constitutes harassment of an opposing party.

The remaining items of alleged litigation experience cited in Attorney Rodgers' sworn statement are predominantly ministerial DMCA subpoena proceedings—approximately half involved zero judicial action beyond clerk functions, and one is this pending case. *Id.* ¶¶ 11-12. The sole *actual* lawsuit was filed mere weeks before Attorney Rodgers' declaration and remains at the pleading stage. *Id.* ¶ 9-10. By inserting the criminal case that Attorney Rodgers failed to verify, she inflated this modest record into "fifteen separate cases" of *pro se* litigation to create the impression of extensive adversarial experience. This false factual predicate directly supported Google's legal argument that Mr. Gharavi should receive no leniency for procedural defects.

Google's Motion to Strike represents procedural gamesmanship rather than substantive engagement with Mr. Gharavi's Motion to Compel. Google produced documents on July 18, 2025, Mr. Gharavi sent a deficiency notice emphasizing the absence of physical address data August 4, 2025, and Google then pivoted to procedural objections. Gharavi Decl. ¶¶ 25-27. *Fink* holds that conduct undertaken "in order to gain tactical advantage" satisfies the improper purpose requirement. 239 F.3d at 994. Here,

as in *FTC v. Amazon*, "it appears that the desire to gain a tactical advantage led to such conduct." 2025 WL 1907413, at *4. Attorney Rodgers' false assertion was designed to establish a misleading factual predicate for denying Mr. Gharavi procedural leniency in the Motion to Strike hearing—a paradigmatic improper purpose.

## VI. DAMAGES

Mr. Gharavi seeks compensatory sanctions of $5,625 based on 22.5 hours of time at $250 per hour[2]—the 2018 market rate for paralegal-level work in this district. Gharavi Decl. ¶¶ 18-19. This represents the reasonable value of time necessarily expended: (1) investigating whether Mr. Gharavi ever litigated in Wisconsin by searching court records; (2) researching applicable sanctions law; and (3) preparing this motion, supporting declaration and attached exhibits, and proposed order. *Id.*

This investigation was particularly urgent given Attorney Rodgers' assertion of a criminal case, which caused Mr. Gharavi grave concern regarding a potential unknown indictment that, if unaddressed through nonappearance, could have resulted in a bench warrant for his arrest, requiring immediate attention. *Id.* ¶ 14.

Under *Goodyear*'s but-for causation standard, every hour claimed satisfies the requirement that Mr. Gharavi "would not have incurred [these costs] but for the bad faith." 581 U.S. at 103-104. Mr. Gharavi would not have searched Wisconsin court records but for Attorney Rodgers' false assertion that he litigated there *pro se*. Mr. Gharavi would not have researched sanctions law but for Attorney Rodgers' false sworn statement. Mr. Gharavi would not have prepared this motion but for the sanctionable conduct. *In re Facebook* confirms that "fees and costs incurred in moving for sanctions" are recoverable because "were there no sanctionable conduct, there would have been no proceeding to impose sanctions." 655 F. Supp. 3d at 917.

This modest sum represents the minimum compensation necessary to make Mr. Gharavi whole.

---

[2] *See J & J Sports Prods., Inc. v. Campos*, No. 5-13-CV-04257-BLF, 2014 WL 3593591, at *5 (N.D. Cal. July 18, 2014) (finding $200 per hour reasonable for paralegal work in 2014); *Johnson v. Fujitsu Tech. & Bus. of Am., Inc.*, No. 16-CV-03698-NC, 2018 WL 2183253, at *7 (N.D. Cal. May 11, 2018) (awarding $250 per hour for paralegals in 2018). The $250 rate reflects the 2018 market rate, not current rates adjusted for the significant inflation experienced since 2018. Mr. Gharavi does not request compensation at current market rates; rather, as a *pro se* litigant, he requests the historical 2018 benchmark as a conservative measure that accounts for inflation without claiming professional paralegal status.

It includes no punitive component, no attorney-rate premium, and no time related to the underlying Motion to Compel.

### VII. CONCLUSION

Attorney Rodgers declared under penalty of perjury that Mr. Gharavi represented himself *pro se* in a criminal case. A search of Wisconsin court records proves this assertion false. Her failure to verify objectively verifiable facts before swearing to them under oath, combined with the tactical purpose of undermining Mr. Gharavi's credibility to gain advantage in the Motion to Strike, constitutes reckless conduct undertaken for an improper purpose—sanctionable under *Fink v. Gomez*.

Mr. Gharavi respectfully requests this Court impose sanctions in the amount of $5,625 (22.5 hours at $250/hour) (Gharavi Decl. ¶¶ 18-19), payable directly to Mr. Gharavi as compensation for time that would not have been incurred but for Attorney Rodgers' misconduct.

Dated: November 6, 2025

Respectfully submitted,

/s/ Nima Gharavi
Nima Gharavi

Movant, *Pro Se*