NIMA GHARAVI
4610 North Clark St. #1098
Chicago, IL 60640
+1 (773) 899-4688
dmca@midwestwrestle.com

Movant, *Pro Se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE DMCA 512(h) SUBPOENA TO GOOGLE LLC | Case No.: 3:25-mc-80164-WHO<br><br>DECLARATION OF NIMA GHARAVI IN SUPPORT OF MOTION FOR SANCTIONS AGAINST ATTORNEY TORRYN T. RODGERS OF PERKINS COIE LLP BASED ON COURT'S INHERENT AUTHORITY<br><br>**Judge:** Hon. William H. Orrick<br>**Date:** December 17, 2025<br>**Time:** 2:00 p.m.<br>**Courtroom:** Courtroom 2 – 17th Floor |

---

1

DECLARATION OF NIMA GHARAVI ISO MOTION FOR SANCTIONS AGAINST TORRYN T. RODGERS
CASE NO.: 3:25-mc-80164-WHO

I, Nima Gharavi, declare as follows:

**PERSONAL KNOWLEDGE AND BACKGROUND**

1. I am the movant in this action, appearing *pro se*. I hold a Bachelor of Business Administration and a Master of Science in Interdisciplinary Telecommunications from the University of Colorado at Boulder, but have no formal legal education. I am over 18 years of age and competent to testify to the matters set forth in this declaration.

2. I am appearing *pro se* in this DMCA § 512(h) subpoena enforcement proceeding against Google LLC.

**NO WISCONSIN LITIGATION HISTORY**

3. I have never litigated any case in Wisconsin, whether *pro se* or represented by counsel.

**VERIFICATION OF ATTORNEY RODGERS' FALSE CLAIM**

4. On or about November 3, 2025, after reviewing Attorney Torryn T. Rodgers' ("**Attorney Rodgers**") declaration filed at Docket 22-1, I conducted a search of the Wisconsin Circuit Court Access ("WCCA") public records database to verify her claim that I litigated "County of Racine vs. Nima Gharavi, No. 2018TR008316 (Wis. Cir. Ct. Apr 23, 2018." I conducted this search at the WCCA website maintained by the Wisconsin Court System.

5. I first searched the WCCA database using my last name "Gharavi" as the party name. The search returned zero results. A true and correct copy of the search results showing "No records found" is attached as Exhibit 1.

6. I then searched the WCCA database using the specific case number cited by Attorney Rodgers: "2018TR008316." The search returned one case: Milwaukee, County of v. Tyrone Deshawn Kennedy, Milwaukee County Case No. 2018TR008316. The defendant in that case is Tyrone Deshawn Kennedy, not me. The charge was "Operating While Suspended," and the case disposition shows Kennedy was found guilty. I am not Tyrone Deshawn Kennedy, and I was not involved in that case in any capacity. A true and correct copy of the case details for Case No. 2018TR008316 is attached as Exhibit 2.

7. The case Attorney Rodgers cited under oath—Case No. 2018TR008316—does not involve me and never has involved me.

**ANALYSIS OF MATTERS CITED BY ATTORNEY RODGERS**

8. Attorney Rodgers' declaration lists fifteen purported cases in which I allegedly represented myself *pro se*. Excluding the false Wisconsin case (Case No. 2018TR008316), there are fourteen legitimate matters in which I have been involved.

9. Of the remaining matters, only one is an actual lawsuit requiring adversarial litigation: *Gharavi v. Kumar*, No. 3:25-cv-08873 (N.D. Cal.). I filed that case on October 16, 2025.

10. As of the date Attorney Rodgers filed her declaration (November 3, 2025), the *Kumar* case was only 18 days old. The defendant had not yet filed an answer. No discovery had occurred. No motions had been filed or ruled upon. The case remained at the initial pleading stage. I had not yet experienced any of the complexities of adversarial civil litigation as a *pro se* party in that case.

11. The remaining thirteen matters cited by Attorney Rodgers pertain to DMCA § 512(h) subpoenas, which are ancillary, ministerial proceedings rather than adversarial lawsuits.

12. Of these thirteen DMCA proceedings, six involved no judicial action whatsoever beyond ministerial clerk functions. Specifically, in those six matters, the court clerk issued the requested subpoena without any hearing, motion practice, or judicial involvement.

13. One of the DMCA matters cited by Attorney Rodgers is this case (Civ. No. 3:25-mc-80164-WHO), which was filed on June 23, 2025, and remains pending as of the date of this declaration.

14. The case Attorney Rodgers cited—Case No. 2018TR008316—is a criminal case. I was not the defendant in that case and had no involvement in it. Upon reading

Attorney Rodgers' sworn assertion that I litigated this criminal case in Wisconsin, I was concerned that I might have a criminal indictment in another state of which I was unaware. I immediately conducted the searches described in paragraphs 4-7 to verify that no such case existed involving me.

## TIME EXPENDED DUE TO ATTORNEY RODGERS' FALSE SWORN STATEMENT

15. I would not have conducted the Wisconsin court records searches described in paragraphs 4-7 above but for Attorney Rodgers' false sworn statement that I litigated a criminal case in Wisconsin.

16. I would not have researched the applicable law regarding sanctions for false sworn statements but for Attorney Rodgers' misconduct.

17. I would not have prepared this Motion for Sanctions, supporting declaration and attached exhibits, and proposed order but for Attorney Rodgers' submission of a false sworn statement under penalty of perjury.

18. The time I necessarily expended as a direct result of Attorney Rodgers' false sworn statement includes:

   a. Approximately **0.3** hours searching Wisconsin court records to verify that I never litigated in Wisconsin and to obtain documentation proving the falsity of Attorney Rodgers' claim;

b. Approximately **7.2** hours researching federal and Ninth Circuit case law regarding sanctions under the court's inherent authority, including researching the standards in:

1. *Anheuser-Busch, Inc. v. Nat. Beverage Distributors*, 69 F.3d 337 (9th Cir. 1995)

2. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)

3. *Fed. Trade Comm'n v. Amazon.com, Inc.*, No. 2-23-CV-00932-JHC, 2025 WL 1907413 (W.D. Wash. July 10, 2025)

4. *Fink v. Gomez*, 239 F.3d 989 (9th Cir. 2001)

5. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 137 S. Ct. 1178, 197 L. Ed. 2d 585 (2017)

6. *In re Dyer, 322 F.3d 1178* (9th Cir. 2003)

7. *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, 655 F. Supp. 3d 899 (N.D. Cal. 2023)

8. *In re StubHub Refund Litig.*, No. 20-MD-02951-HSG (TSH), 2024 WL 2305604 (N.D. Cal. May 20, 2024)

9. *Lahiri v. Universal Music & Video Distribution Corp.*, 606 F.3d 1216 (9th Cir. 2010)

10. *Leon v. IDX Sys. Corp.*, 464 F.3d 951 (9th Cir. 2006)

11. *Noland v. Land of the Free, L.P.*, 114 Cal. App. 5th 426, 336 Cal. Rptr. 3d 897 (2025)

   c. Approximately **11.3** hours preparing this Motion for Sanctions, analyzing the legal standards, drafting the memorandum of points and authorities, and preparing this declaration and exhibits, and proposed order; and

   d. Approximately **3.7** hours reviewing and revising the motion and declaration.

19. The total time I expended directly as a result of Attorney Rodgers' false sworn statement is approximately **22.5** hours.

20. I performed all of the work described in paragraph 18 myself. I did not retain counsel or hire any assistants.

21. But for Attorney Rodgers' false sworn statement, I would not have incurred any of this time. Every hour of time described in paragraph 18 was made necessary solely by Attorney Rodgers' submission of a false sworn statement asserting that I litigated a criminal case in Wisconsin when I never did.

**ATTORNEY RODGERS' OATH LANGUAGE ERROR**

22. I have reviewed Attorney Rodgers' declaration at Docket 22-1. On page 2 of that declaration, Attorney Rodgers states: "I declare under penalty *and* perjury that the foregoing is true and correct." The standard oath language is "penalty *of* perjury," not "penalty *and* perjury."

**GOOGLE'S RELIANCE ON THE FALSE STATEMENT**

23. I have reviewed Google's Reply in Support of Motion to Strike, filed at Docket 22. In footnote 1 on page 2, Google cites Attorney Rodgers' declaration and argues: "despite Mr. Gharavi's attempts to both wield as sword and raise as shield his pro se status, he is an experienced litigant before this Court who is well aware of its Rules."

24. Google's Reply argues in footnote 1 that I have extensive *pro se* litigation experience. This argument cites Attorney Rodgers' declaration, which lists Case No. 2018TR008316 as a criminal case I litigated *pro se*. I never litigated that case.

**CASE TIMELINE**

25. On July 18, 2025, Google produced documents in response to the DMCA subpoena.

26. On August 4, 2025, I sent a deficiency notice emphasizing the absence of physical address data.

27. Rather than responding substantively to my request for physical address data, Google responded with procedural objections.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 6, 2025 at Chicago, Illinois.

/s/ Nima Gharavi
Nima Gharavi

Movant, *Pro Se*

**EXHIBIT LIST**

**Exhibit 1:** Wisconsin Circuit Court Access search results showing "No records found" for party name "Gharavi"

**Exhibit 2:** Wisconsin Circuit Court Access case details for Case No. 2018TR008316 (Milwaukee, County of v. Tyrone Deshawn Kennedy)