NIMA GHARAVI
4610 North Clark St. #1098
Chicago, IL 60640
+1 (773) 899-4688
dmca@midwestwrestle.com

Movant, *Pro Se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE DMCA 512(h) SUBPOENA TO GOOGLE LLC | Case No.: 3:25-mc-80164-WHO<br><br>[PROPOSED] ORDER GRANTING [23] MOTION FOR SANCTIONS AGAINST ATTORNEY TORRYN T. RODGERS OF PERKINS COIE LLP BASED ON COURT'S INHERENT AUTHORITY<br><br>**Judge:** Hon. William H. Orrick |

Having considered Movant Nima Gharavi's Motion for Sanctions Against Attorney Torryn T. Rodgers of Perkins Coie LLP Based on Court's Inherent Authority, the supporting declaration and exhibits, any opposition filed, and oral argument, the Court makes the following findings and orders:

**FINDINGS**

1. On November 3, 2025, Attorney Torryn T. Rodgers of Perkins Coie LLP filed a declaration under penalty of perjury (Dkt. 22-1) asserting that Movant Nima Gharavi "represented himself *pro se*" in fifteen separate cases, including "County of Racine vs. Nima Gharavi, No. 2018TR008316 (Wis. Cir. Ct. Apr 23, 2018."

2. Mr. Gharavi has never litigated any case in Wisconsin. The case Attorney Rodgers cited—Case No. 2018TR008316—involves defendant Tyrone Deshawn Kennedy, not Mr. Gharavi, as is readily verifiable through publicly accessible Wisconsin court records.

3. Attorney Rodgers' submission of a false sworn statement asserting Mr. Gharavi litigated a criminal case in Wisconsin, when readily accessible public records prove otherwise, constitutes reckless conduct—a conscious disregard of the risk that her sworn statement was false.

4. Attorney Rodgers' false sworn statement served the improper purpose of establishing a false factual predicate to support Google LLC's argument that Mr. Gharavi is an "experienced litigant" who should receive no procedural leniency, as evidenced by Google's reliance on this false assertion in footnote 1 of its Reply in Support of Motion to Strike (Dkt. 22 at 2).

5. The combination of recklessness and improper purpose constitutes conduct tantamount to bad faith sanctionable under this Court's inherent authority. *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).

6. Mr. Gharavi incurred **22.5** hours of time investigating Attorney Rodgers' false claim, researching applicable sanctions law, and preparing the instant motion—time he would not

have incurred but for Attorney Rodgers' false sworn statement. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 103-104 (2017).

7. The reasonable value of Mr. Gharavi's time is $250 per hour, representing the 2018 market rate for paralegal-level work in this district, **not** adjusted for inflation. *Johnson v. Fujitsu Tech. & Bus. of Am., Inc.*, No. 16-CV-03698-NC, 2018 WL 2183253, at *7 (N.D. Cal. May 11, 2018).

8. Compensatory sanctions in the amount of $5,625 (22.5 hours × $250/hour) are necessary to make Mr. Gharavi whole and are proportionate to the harm caused by Attorney Rodgers' misconduct.

**ORDER**

IT IS HEREBY ORDERED that:

1. Movant's Motion for Sanctions Against Attorney Torryn T. Rodgers of Perkins Coie LLP Based on Court's Inherent Authority is **GRANTED**.

2. Attorney Torryn T. Rodgers of Perkins Coie LLP shall pay compensatory sanctions to Nima Gharavi in the amount of $5,625, representing 22.5 hours at $250 per hour.

3. Payment shall be made within thirty (30) days of the date of this Order by check or wire transfer payable to Nima Gharavi at the address listed on the motion.

4. Within five (5) days of making payment, Attorney Rodgers shall file a notice with the Court confirming that payment has been made in full, including the date and method of payment.

5. This Order is without prejudice to any other sanctions or disciplinary proceedings that may be warranted.

**IT IS SO ORDERED.**

Dated: _____, 2025

_____
William H. Orrick
United States District Judge