PERKINS COIE LLP

Todd M. Hinnen (*pro hac vice*)
THinnen@perkinscoie.com
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: +1.206.359.8000
Facsimile:  +1.206.359.9000

Elise Edlin, Bar No. 293756
EEdlin@perkinscoie.com
Torryn T. Rodgers, Bar No. 319126
TRodgers@perkinscoie.com
505 Howard Street, Suite 1000
San Francisco, California 94105-3204
Telephone: +1.415.344.7000
Facsimile:  +1.415.344.7050

Attorneys for Non-Party
Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE DMCA 512(h) SUBPOENA TO GOOGLE LLC, | Case No. 3:25-mc-80164-WHO<br><br>NON-PARTY GOOGLE LLC'S OPPOSITION TO NIMA GHARAVI'S MOTION FOR SANCTIONS AGAINST ATTORNEY TORRYN T. RODGERS OF PERKINS COIE LLP BASED ON COURT'S INHERENT AUTHORITY<br><br>Date:   December 3, 2025<br>Time:   2:00 p.m.<br>Judge:  William H. Orrick |

## I. INTRODUCTION

Respondent Google LLC ("**Google**") respectfully opposes Mr. Gharavi's motion for sanctions. The motion seeks to sanction counsel for including within its briefing in support of its motion to strike a list of cases in which Mr. Gharavi has appeared *pro se*, including a Wisconsin matter identified in error by a Bloomberg Law search. Contrary to the results produced by the widely-used legal research tool, Mr. Gharavi was not a party to the case in question. The list, however, was submitted in good faith reliance on the Bloomberg legal research platform and the error is not material to the point for which the list was submitted: that Mr. Gharavi is an experienced litigant—demonstrated as ably by a list of 14 matters in which he has represented himself *pro se* as it by a list of 15 matters. Having been alerted to the error by Mr. Gharavi's motion, counsel has investigated the Bloomberg results further, confirmed that one result was returned in error, and submits herewith a declaration including a revised list that removes the erroneous entry. Sanctions are unwarranted.

## II. FACTUAL CLARIFICATION AND CORRECTION

In support of Google's statement in its Reply that Mr. Gharavi is an experienced litigant who has litigated several matters *pro se*, Counsel submitted a declaration (ECF No. 22-1) that relied on results from Bloomberg Law, a widely used and reputable legal research platform. The Bloomberg results were faithfully reproduced in the body of counsel's declaration following the removal of two erroneous entries and consolidation of two entries that appeared duplicative, bringing the total to 15 cases, including the Wisconsin matter. Declaration of Torryn T. Rodgers in Support of Opposition to Motion for Sanctions ("**Rodgers Decl.**") ¶¶ 2–3; 5–7. Once Mr. Gharavi's motion called the accuracy of that entry into question, counsel cross-checked the Wisconsin court's public docket to confirm that the Bloomberg results were accurate. Rodgers Decl. ¶ 5. Despite Bloomberg including Case # 2018TR008316 in the search results and linking to a docket confirming his information, the Wisconsin court's docket revealed that Mr. Gharavi was not a party in the matter. Rodgers Decl. ¶¶ 3–5, Exs. 1, 2. Now aware of the error, counsel submits herewith an amended declaration that corrects the record. Rodgers Decl. Ex. 3.

This was simple error. Counsel believed that the research tool upon which she relied was

accurate. It was not. As a result, Counsel's declaration contained an error. Counsel has corrected that error in the amended declaration submitted herewith.

The error was not material to the point in support of which the declaration was submitted. Google alleged Mr. Gharavi is an experienced litigant who had represented himself in several matters *pro se*. He does not dispute that he is. It is not material whether he has appeared *pro se* in 15 matters or 14. Google's Motion to Strike Mr. Gharavi's Motion to Compel Compliance with DMCA Subpoena (ECF Nos. 9 (Motion); 22 (Reply)).

The broader point for which the list was offered—that Mr. Gharavi has engaged in multiple prior proceedings in this Court and elsewhere—is amply supported by the remaining undisputed subpoena and civil docket activity. *See* ECF No. 22 at 3 n.1; 22-1 at ¶ 2.

### III.     LEGAL STANDARD

Sanctions under the Court's inherent authority require conduct "tantamount to bad faith." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). That standard is not met by mere mistake; it typically demands at least recklessness coupled with an improper purpose. *Id.*; *see also Zambrano v. City of Tustin*, 885 F.2d 1473, 1484–85 (9th Cir. 1989) (sanctions warranted for "lawyers who willfully, repeatedly, or recklessly disregard court rules or orders," not for "perceived or minor slights" resulting from "inadvertent" conduct); *Yagman v. Republic Ins.*, 987 F.2d 622, 628–29 (9th Cir. 1993) (sanctions unwarranted where no indication that counsel "acted in bad faith or intended to mislead the court.").

### IV.     ARGUMENT

**There was no recklessness.** Counsel followed ordinary research protocols and reasonably relied on a reputable search tool and database. The single misattribution reflects a false positive or indexing error, not a disregard for the truth. There were no red flags that the result was erroneous at the time of filing, and counsel acted promptly to verify and correct the record once informed that it contained an error. The declaration was not intended to and did not introduce new merits arguments; it simply catalogued docket activity to demonstrate Mr. Gharavi's experience as a litigant.

**There was no improper purpose.** The reference was not intended to malign Mr. Gharavi

or to trade on any "criminal" insinuation. The point regarding Mr. Gharavi's familiarity with court procedures is adequately supported by the remaining undisputed subpoena matters and other proceedings. Google did not hinge any request for relief on the Wisconsin entry, and its arguments stand without it. The record contains no evidence of a tactical plan to harass or mislead the Court; to the contrary, Google agrees the entry should be withdrawn and corrected.

**Any prejudice is minimal and fully curable.** Striking the Wisconsin reference and filing a corrected declaration completely remedies the issue. The procedural posture and legal analysis before the Court remain unchanged. Mr. Gharavi's claimed hours for sanctions research and briefing were discretionary litigation choices far beyond what would have been necessary to request a simple correction or stipulation to strike. Those efforts are not fairly attributable, on a but-for basis, to an inadvertent research error and do not warrant fee shifting.

Even if the Court were to find fault, a corrective filing would ordinarily be a sufficient remedy. The absence of bad faith, the limited significance of the entry, and the immediate willingness to correct the record all weigh strongly against sanctions.

## V.  CONCLUSION

For the foregoing reasons, Google respectfully requests the Court deny Mr. Gharavi's Motion for Sanctions against attorney Torryn T. Rodgers of Perkins Coie LLP Based on Court's Inherent Authority.

Dated: November 13, 2025                **PERKINS COIE LLP**

By: */s/ Elise Edlin*
Todd M. Hinnen (*pro hac vice*)
Elise Edlin, Bar No. 293756
Torryn T. Rodgers, Bar No. 319126

Attorneys for Non-Party
Google LLC