NIMA GHARAVI
4610 North Clark St. #1098
Chicago, IL 60640
+1 (773) 899-4688
dmca@midwestwrestle.com

Movant, *pro se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE DMCA 512(h) SUBPOENA TO GOOGLE LLC | Case No. 3:25-mc-80164-WHO<br><br>**REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST ATTORNEY TORRYN T. RODGERS OF PERKINS COIE LLP BASED ON COURT'S INHERENT AUTHORITY**<br><br>Re: Dkt. No. 23<br><br>Judge: Hon. William H. Orrick<br>Date: December 17, 2025<br>Time: 2:00 p.m.<br>Courtroom: Courtroom 2 – 17th Floor |

## I. INTRODUCTION

Google's opposition rests on selective quotation and mischaracterization of the very cases it cites. By isolating favorable phrases while ignoring the actual holdings of *Fink v. Gomez*, *Zambrano v. City of Tustin*, and *Yagman v. Republic Insurance*, Google attempts to obscure a fundamental truth: Attorney Torryn T. Rodgers ("Attorney Rodgers") swore under penalty of perjury that Movant Nima Gharavi ("Mr. Gharavi") "represented himself *pro se*" in "County of Racine vs. Nima Gharavi, No. 2018TR008316 (Wis. Cir. Ct. Apr 23, 2018[*sic*]" when Mr. Gharavi was not a party to that case. Declaration of Torryn Rodgers ("Rodgers Decl.") [Dkt. No. 22-1] ¶ 2; Declaration of Nima Gharavi ("Gharavi Decl.") [Dkt. No. 23-1], Ex. 2 [Dkt. No. 23-3] at 2-5 (showing actual defendant was Tyrone Deshawn Kennedy).[1] Google then used this false "fifteen separate cases" assertion to argue Mr. Gharavi should receive no procedural leniency as "an experienced litigant before this Court who is well aware of its Rules." Google's Reply in Support of Its Motion to Strike ("Google's MTS Reply") [Dkt. No. 22] at 3 n.1 (citing Rodgers Decl. ¶ 2).

This is precisely the conduct *Fink* prohibits. The Ninth Circuit held that "reckless misstatements of law and fact, when coupled with an improper purpose, such as an attempt to influence or manipulate proceedings in one case in order to gain tactical advantage in another case, are sanctionable under a court's inherent power." 239 F.3d 989, 994 (9th Cir. 2001). Both elements are satisfied here. Attorney Rodgers made a reckless factual assertion—swearing under penalty of perjury that Mr. Gharavi "represented himself *pro se*" in a case without verifying the defendant's identity—for the improper purpose of gaining tactical advantage in Google's Motion to Strike. [Dkt. No. 9].

Google offers three defenses, all of which fail when the cases are properly understood. As demonstrated below, *Fink*, *Zambrano*, and *Yagman*—properly read—support sanctions, not immunity.

Under *Goodyear Tire & Rubber Co. v. Haeger*, Mr. Gharavi is entitled to compensation for costs that he "would not have incurred but for the bad faith." 581 U.S. 101, 103-04 (2017). Mr. Gharavi seeks $5,625 (22.5 hours at $250/hour)—modest, compensatory damages for time necessarily expended investigating and responding to the false sworn statement. Gharavi Decl. ¶ 18-19. Google's opposition—

---

[1] All page numbers referenced herein are to the ECF page number at the top of the page, except that slip opinion citations refer to the opinion's original pagination.

which itself contains additional verification failures—demonstrates no commitment to implementing procedures to prevent similar recklessness in future sworn filings.

## II. ARGUMENT

### A. Attorney Rodgers' Conduct Satisfies Both Elements of *Fink v. Gomez*

### 1. Recklessness: Swearing to False Facts Without Verification

Google acknowledges the legal standard that *Fink* establishes: "conduct 'tantamount to bad faith,'" which "typically demands at least recklessness coupled with an improper purpose." Google's Opposition to Motion for Sanctions ("Oppo.") [Dkt. No. 25] at 2:12-14. But Google mischaracterizes Attorney Rodgers' conduct as "inadvertent" to avoid this standard. *Id.* at 4:11. The question under *Fink* is not whether Attorney Rodgers *subjectively* believed Bloomberg Law—it is whether her conduct *objectively* constituted recklessness combined with an improper purpose. Both elements are satisfied.

Attorney Rodgers' conduct meets any reasonable definition of recklessness. She swore "I, Torryn T. Rodgers" and "I make all statements herein based on my personal knowledge." Rodgers Decl. ¶ 1. She then swore "under penalty and [*sic*] perjury that the foregoing is true and correct." *Id.* at 3:4. These are personal oaths imposing a heightened duty to verify facts before attesting to them under penalty of perjury. Under Rule 11, attorneys have "an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991); *see also Mavy v. Comm'r of Soc. Sec. Admin.*, No. CV-25-00689-PHX-KML (ASB), 2025 WL 2355222, at *3 (D. Ariz. Aug. 14, 2025) (reaffirming *Bus. Guides* standard). The "applicable standard is one of reasonableness under the circumstances," *Bus. Guides*, 498 U.S. at 551, and "courts must apply an objective test," *Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993); *see also Mavy*, 2025 WL 2355222, at *3 (applying both standards). While this motion proceeds under the Court's inherent authority rather than Rule 11, the parallel duty to verify facts before swearing to them under penalty of perjury is even more exacting.

Attorney Rodgers bore this duty and failed to discharge it. She directed her firm's research staff to identify *pro se* cases on October 29, 2025. Rodgers Decl. ¶ 2; Amended Declaration of Torryn Rodgers ("Amended Rodgers Decl.") [Dkt. No. 25-1] ¶ 2. Five days later—on November 3, 2025—she filed her sworn declaration. Rodgers Decl. Yet when Mr. Gharavi challenged the false assertion on November 6,

2025, Google "investigated" and determined the error within one day. Amended Rodgers Decl. ¶ 5. That Attorney Rodgers had five days between directing the research and filing the declaration, yet completed verification within one day after being challenged, proves the original verification was inadequate.

Critically, verification was straightforward and readily available. Bloomberg Law's search results showed "Nima Gharavi" as the defendant in Case No. 2018TR008316. Amended Rodgers Decl., Ex. 1 at 4. But the Wisconsin Circuit Court Portal—the authoritative source—reveals the actual defendant was Tyrone Deshawn Kennedy. Gharavi Decl., Ex. 2 at 2-5. The Wisconsin Circuit Court Portal is publicly accessible and free to use. A search by Mr. Gharavi's name returned zero results. *Id*., Ex. 1 [Dkt. No. 23-2] at 2. A search by the case number revealed the actual defendant. *Id.*, Ex. 2 at 2-5. Bloomberg Law listed the completely wrong person—an entirely different defendant.

But the recklessness goes deeper. Attorney Rodgers swore Mr. Gharavi "represented himself *pro se*" in this case. Rodgers Decl. ¶ 2. Not only was Mr. Gharavi not a party, but the actual defendant, Tyrone Deshawn Kennedy, did not represent himself *pro se* either. He failed to appear, and the court entered a default judgment against him. Gharavi Decl., Ex. 2 at 5. The false declaration was wrong on multiple levels: wrong defendant, wrong representation status—*truly* reckless conduct.

Attorney Rodgers cannot escape responsibility by pointing to Bloomberg Law's error. The Northern District of Illinois recently confronted an identical defense and rejected it. In *Guangzhou Youlan Technology Co. v. Onbrill World*, counsel swore to facts based on his paralegal's representations without independent verification. No. 1:25-cv-11051, slip op. at 3-5 (N.D. Ill. Nov. 12, 2025) (attached as Ex. 1). The court imposed sanctions, holding that "the focus here remains on whether plaintiff's counsel conducted a reasonable inquiry under the circumstances and whether plaintiff's counsel made factual contentions that lacked evidentiary support." *Id.* at 4 n.3. The court noted counsel had adequate time to investigate and the information was publicly verifiable, yet counsel chose not to verify. *Id.* at 4-5. All these factors apply here: Attorney Rodgers had five days to verify, the Wisconsin Circuit Court Portal was publicly accessible, and Attorney Rodgers chose not to verify despite having the means to do so.

Here, as in *Guangzhou*, Attorney Rodgers relied entirely on information from others (her firm's research staff and Bloomberg Law) without conducting any independent verification. Attorney Rodgers—only after being challenged—"investigated the case in question and determined that the

Wisconsin Circuit Court Portal does not associate this case number with Mr. Gharavi." Amended Rodgers Decl. ¶ 5. If that investigation could be completed in one day when challenged, it should have been completed before swearing under penalty of perjury that Mr. Gharavi "represented himself *pro se*" in the case.

This conduct meets the definition of recklessness: the conscious decision to swear to facts under penalty of perjury without conducting the simple verification that any reasonable attorney would have.

**2. Improper Purpose: Gaining Tactical Advantage in Google's Motion to Strike**

Google's opposition fails to rebut the "improper purpose" prong that *Fink* identifies as the additional factor that renders recklessness sanctionable. This silence is telling, because the improper purpose here is manifest.

Google explicitly used Attorney Rodgers' false "fifteen separate cases" assertion to argue that "despite Mr. Gharavi's attempts to both wield as sword and raise as shield his *pro se* status, he is an experienced litigant before this Court who is well aware of its Rules." Google's MTS Reply at 3 n.1 (citing Rodgers Decl. ¶ 2). The false case was strategically necessary to this argument. Of the fourteen legitimate matters cited by Attorney Rodgers, thirteen are ministerial DMCA § 512(h) subpoena proceedings. Gharavi Decl. ¶¶ 8-11. Six of these involved zero judicial action whatsoever beyond ministerial clerk functions. *Id.* ¶ 12. One matter is this pending case. *Id.* ¶ 13. The sole actual lawsuit—*Gharavi v. Kumar*, No. 3:25-cv-08873 (N.D. Cal.)—was filed on October 16, 2025, a mere eighteen days before Attorney Rodgers filed her declaration on November 3, 2025. *Id.* ¶¶ 9-10. As of that date, that case remained at the initial pleading stage. *Id.* ¶ 10.

By inserting the false case—which appeared to be a 2018 criminal matter—Attorney Rodgers transformed Mr. Gharavi's eleven-month litigation history into an apparent seven-and-a-half-year record, carrying the prejudicial implication of apparent criminal conduct. Google did not cite this case to inform the Court; it cited it to prejudice the Court against a *pro se* movant. Without the false case, the record shows Mr. Gharavi had minimal *adversarial* litigation experience—precisely the opposite of Google's characterization. The false case was not merely cumulative; it was strategically necessary to create the appearance of extensive, long-standing litigiousness.

This conduct falls squarely within *Fink*'s prohibition against "reckless misstatements of law and

fact, when coupled with an improper purpose." 239 F.3d at 994. Here, the need to bolster a procedurally weak Motion to Strike by inflating Mr. Gharavi's apparent litigiousness led Attorney Rodgers to file a sworn declaration without adequate verification.

**B. Google's Defenses Rest on Selective Quotation and Mischaracterization**

**1. Claimed Reliance on Bloomberg Law Is No Defense**

Google's central defense—that Attorney Rodgers "reasonably relied on Bloomberg's search results," Amended Rodgers Decl. ¶ 6; *see also* Oppo. at 2:7 ("good faith reliance on the Bloomberg legal research platform")—fundamentally misunderstands the legal standard for recklessness. Google appears to argue that because Attorney Rodgers subjectively believed Bloomberg Law was reliable, her conduct cannot be reckless. This conflates the objective standard that *Fink* requires with a subjective inquiry into Attorney Rodgers' mental state.

The Ninth Circuit requires bad faith for sanctions under inherent powers, but such bad faith may be established through objective conduct rather than subjective intent. *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001); *Pac. Gas & Elec. Co. v. SEIU Local 247*, 585 F. App'x 565, 565 (9th Cir. 2014) (citing *Fink*). *Fink* expressly rejected the requirement of *subjective* bad faith, holding the district court had "misapprehended the scope of its inherent authority" by requiring such intent. 239 F.3d at 994. Sanctions are available for "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Id.* The court need not find malicious motive, only conduct *objectively* manifesting bad faith. Even assuming Attorney Rodgers subjectively believed Bloomberg Law was reliable, her objective conduct remains sanctionable: she filed a sworn declaration asserting Mr. Gharavi "represented himself *pro se*" without verifying the defendant's identity, and Google then used this false assertion to gain tactical advantage. Google's MTS Reply at 3 n.1 (citing Rodgers Decl. ¶ 2).

Google cites no authority supporting the proposition that attorneys may outsource their verification duties to commercial databases when swearing to facts under penalty of perjury. Indeed, courts consistently reject such defenses. *Guangzhou* is directly on point. There, as here, counsel swore to facts without independent verification, then declared he "reasonably relied" on information—the identical language Attorney Rodgers uses here. *Compare Guangzhou*, 1:25-cv-11051, slip op. at 5 *with* Amended Rodgers Decl. ¶ 6. The court rejected this defense and imposed monetary sanctions, holding that the duty

to conduct reasonable inquiry cannot be delegated. *Guangzhou*, 1:25-cv-11051, slip op. at 4 n.3, 5.

Google put itself on notice that false case submissions warrant substantial sanctions. In opposing Mr. Gharavi's Motion to Compel [Dkt. No. 3], Google cited *Noland v. Land of the Free, L.P.*, 336 Cal. Rptr. 3d 897 (2025), as authority that submitting false cases results in sanctions. Google's Response in Opposition to Motion to Compel [Dkt. No. 17] at 9. In *Noland*, the California Court of Appeal imposed a $10,000 sanction for AI-generated hallucinated cases in an *unsworn* brief. 336 Cal. Rptr. 3d at 914-15. Attorney Rodgers then proceeded to file a *sworn* declaration containing a false case citation. She cannot now claim her reliance was reasonable when Google's own briefing specifically warned that such conduct is sanctionable.

### 2. "Inadvertence" Is Irrelevant Under *Fink*'s Objective Standard

Google's reliance on *Zambrano v. City of Tustin* suffers from the same selective quotation problem. Google quotes *Zambrano* for the proposition that sanctions are unwarranted for "inadvertent" conduct. Oppo. at 3:14-17. But *Zambrano* does not hold that all errors characterized as "inadvertent" escape sanction. Rather, *Zambrano* draws a clear line: "absent grossly negligent, *reckless*, or willful conduct, monetary penalties such as jury costs or judicial sanctions cannot be fairly levied against counsel for a violation of the local rules." 885 F.2d 1473, 1480 (9th Cir. 1989) (emphasis added).

The Ninth Circuit vacated sanctions in *Zambrano* only because "nothing in the record indicates that their failure to request admission to the district bar was anything more than an oversight or ordinary negligence on their part." *Id.* at 1483. The court found no evidence of recklessness—the attorneys had genuinely misunderstood the local rule, and the error was a mere technical defect that could have been easily cured had the district court allowed it. *Id.* at 1476 n.4, 1483-84. Critically, their conduct was a *passive oversight* (failing to file a form), not an *active misrepresentation* (swearing to false facts).

Here, by contrast, the record establishes recklessness. Attorney Rodgers affirmatively swore under penalty of perjury that Mr. Gharavi "represented himself *pro se*" in a case he never litigated. This is not a passive oversight like failing to join a bar; it is an active assertion of false facts under oath. Moreover, Attorney Rodgers' own admissions establish the recklessness: she relied on Bloomberg Law without verification, then conducted verification within one day after being challenged. Rodgers Decl. ¶ 2; Amended Rodgers Decl. ¶ 5. If verification could be completed in one day, it should have been

completed before swearing to the facts.

*Zambrano* expressly permits sanctions for "grossly negligent, reckless, or willful conduct." 885 F.2d at 1480. Attorney Rodgers' conduct—swearing to false facts under penalty of perjury without simple verification—falls squarely within this category. *Zambrano* does not immunize her conduct; it authorizes sanctions for it.

### 3. *Yagman* Is Distinguishable: Self-Correcting Legal Characterization vs. Hidden Factual Falsehood

Google's citation to *Yagman v. Republic Insurance* is equally misplaced. In *Yagman*, the attorney made a "careless characterization" of a legal proceeding in his recusal motion—calling Judge Real's certiorari petition a "lawsuit" and stating the judge "sued me personally." 987 F.2d at 628. The Ninth Circuit held this was non-sanctionable because (1) the correct citation to the certiorari petition appeared in the same document, rendering the error transparent and self-correcting; (2) the error was a semantic misdescription of the nature of a legal proceeding rather than a fabrication of historical fact; and (3) there was no indication counsel "acted in bad faith or intended to mislead the court." *Id.* at 628-29.

Attorney Rodgers' conduct is materially distinguishable on all three points. First, her declaration did not reveal the error on its face—it simply swore that Mr. Gharavi "represented himself *pro se*" in Case No. 2018TR008316, when he was not a party. Rodgers Decl. ¶ 2; Amended Rodgers Decl. ¶ 5. The falsehood was not discoverable from the face of the declaration; it required independent investigation of court records to expose. This is the opposite of *Yagman*, where the error was apparent on the face of the document because the correct citation appeared alongside the careless characterization. *Id.* at 628.

Second, Attorney Rodgers swore to a false historical fact, not a semantic legal characterization. She did not merely mislabel the nature of a proceeding; she swore under penalty of perjury to the existence of a case involving Mr. Gharavi that never occurred. This is a false statement of fact—the wrong defendant entirely—not a debatable characterization of legal procedure. Moreover, the false declaration was wrong on multiple levels: not only was Mr. Gharavi not a party, but the actual defendant, Tyrone Deshawn Kennedy, did not "represent[] himself *pro se*" either—he failed to appear and the court entered a default judgment against him. Gharavi Decl., Ex. 2 at 5. This compounding error demonstrates reckless disregard for factual accuracy.

Third, Attorney Rodgers' falsehood was material to the purpose of the declaration. The list of cases was submitted to establish Mr. Gharavi is an "experienced litigant" warranting higher procedural standards. Google's MTS Reply at 3 n.1. Including an apparent criminal case (especially one Mr. Gharavi was not party to) inflates that characterization and carries the prejudicial implication of apparent criminal conduct. Unlike *Yagman*, where the semantic error did not affect the substance of the argument, here the false case was strategically necessary to Google's position.

Finally, the nature of the violation differs. The *Yagman* court analyzed the error as careless legal advocacy under Rule 11—"careless and slovenly legal work" that nonetheless "plainly identified the controversy" and was "not actually misleading." *Id.* at 628. Attorney Rodgers violated the duty of testimonial integrity by swearing under penalty of perjury to a *factual* assertion that was objectively false and required only simple verification to discover. The duty to verify historical facts before swearing to them under oath is categorically different than the duty to use precise legal terminology when characterizing proceedings. *Yagman* excuses imprecise legal characterization where the underlying facts are transparent; it does not immunize false sworn testimony about historical events.

**C. Modest Compensatory Sanctions Are Warranted**

Under *Goodyear*'s but-for causation standard, these costs are compensable because they "would not have [been] incurred but for the bad faith." 581 U.S. at 103-04. Mr. Gharavi seeks modest compensation: $5,625, representing 22.5 hours at $250 per hour for: (1) searching court records (0.3 hours); (2) researching applicable sanctions law (7.2 hours); (3) preparing the Motion for Sanctions [Dkt. No. 23], supporting declaration, exhibits, and proposed order (11.3 hours); and (4) reviewing and revising materials (3.7 hours). Gharavi Decl. ¶¶ 18-19. This is purely compensatory—no punitive component, no attorney-rate premium, no time spent on the underlying Motion to Compel. Every hour satisfies *Goodyear*'s but-for causation requirement. *See In re Facebook, Inc. Consumer Privacy User Profile Litig.*, 655 F. Supp. 3d 899, 926 (N.D. Cal. 2023) ("fees and costs incurred in moving for sanctions" are recoverable) (citing *Blixseth v. Yellowstone Mountain Club, LLC*, 854 F.3d 626, 631 (9th Cir. 2017)).

The amended declaration filed on November 13, 2025, does not cure the harm. Amended Rodgers Decl. It came ten days after Attorney Rodgers filed the false declaration and seven days after Mr. Gharavi filed this motion. By November 13, 2025, Mr. Gharavi had already incurred these costs. The amended

declaration does not restore this lost time, nor does it eliminate the tactical advantage Google gained by citing the false "fifteen separate cases" count in its reply brief. Google's MTS Reply at 3 n.1 (citing Rodgers Decl. ¶ 2).

Google's opposition reveals: (1) no acceptance of responsibility, (2) no expression of contrition, and (3) no commitment to preventing similar conduct in the future. Attorney Rodgers characterizes her false sworn statement as merely "inadvertent, as a result of Bloomberg's reporting, and not made in bad faith." Amended Rodgers Decl. ¶ 6. Nowhere does she acknowledge that attorneys bear personal responsibility for verifying facts before swearing to them. Google's opposition *deflects* responsibility entirely to Bloomberg Law.

More troubling, Google's opposition to this sanctions motion demonstrates the same lack of attention to verification. Both the opposition and supporting declaration list the hearing date as "December 3, 2025." Oppo. at 1; Amended Rodgers Decl. at 1. This date appears nowhere: not in Mr. Gharavi's motion (which states December 17, 2025), not on the ECF docket (which confirms "Motion Hearing set for 12/17/2025 02:00 PM"), and not on Judge Orrick's public calendar (which lists "Wednesday, Dec 17 2025" at "02:00PM"). Had December 3 been correct, it would have violated Local Rule 7-2(a)'s requirement that motions be noticed "not less than 35 days after filing"—November 6 to December 3 is only 27 days. That Google committed this verification failure in its very opposition to a sanctions motion based on a verification failure proves its recklessness is systemic, not accidental.

Without meaningful sanctions, there is no deterrence. As the Northern District of Illinois recently explained in imposing sanctions for similar conduct: "The monetary fine is necessary to deter repetition of this conduct by . . . counsel and by others similarly situated." *Guangzhou*, 1:25-cv-11051, slip op. at 6. The *Guangzhou* court imposed a $500 sanction under Rule 11—a *sua sponte* disciplinary sanction distinct from the compensatory damages framework under *Goodyear* that applies to sanctions under the Court's inherent authority. *Id.*

The next litigant—whether *pro se* or represented—may face the same false accusations. Compensatory sanctions serve both to make Mr. Gharavi whole and to ensure adequate verification procedures for future sworn statements.

### III. CONCLUSION

      Google's opposition rests on selective quotation and mischaracterization. When *Fink*, *Zambrano*, and *Yagman* are properly understood, they support sanctions, not immunity. Attorney Rodgers swore under "penalty and [*sic*] perjury" that Mr. Gharavi "represented himself *pro se*" in "County of Racine vs. Nima Gharavi, No. 2018TR008316 (Wis. Cir. Ct. Apr 23, 2018[*sic*]" to establish he was an experienced litigant not entitled to procedural leniency. Rodgers Decl. ¶ 2. That statement was false. Mr. Gharavi never litigated that case. The actual defendant was Tyrone Deshawn Kennedy, and he did not "represent[] himself *pro se*" either. *Id.*; Gharavi Decl., Ex. 2 at 5. Google used this false assertion for tactical advantage arguing Mr. Gharavi is "an experienced litigant before this Court who is well aware of its Rules." Google's MTS Reply at 3 n.1.

      This is reckless conduct coupled with improper purpose—precisely what *Fink v. Gomez* condemns. Attorney Rodgers bore personal responsibility for verifying facts before swearing to them. Her claimed reliance on a database error does not excuse this fundamental duty, as *Guangzhou Youlan* and other recent decisions confirm. Her *subjective* intent is irrelevant under *Fink*'s objective standard requiring "conduct tantamount to bad faith." And the amended declaration does not cure the harm Mr. Gharavi necessarily incurred.

      Adding to this irony, Google is simultaneously seeking to strike Mr. Gharavi's filings for alleged procedural non-compliance while arguing here that its own sworn declarations should be excused for what it characterizes as an inadvertent factual fabrication. This asymmetry—heightened standards for *pro se* parties, leniency for corporate counsel—contradicts Google's fundamental legal argument that procedural precision matters.

      The pattern—(1) a false case inserted to gain tactical advantage, (2) unequal standards applied to *pro se* parties, and (3) repeated verification failures even after notice—establishes that Google's misconduct is neither inadvertent nor isolated. Sanctions are warranted.

Dated: November 28, 2025

Respectfully submitted,

/s/ Nima Gharavi
Nima Gharavi

Movant, *pro se*