NIMA GHARAVI, *pro se*
4610 North Clark St. #1098
Chicago, IL 60640
+1 (773) 899-4688
dmca@midwestwrestle.com

Movant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE DMCA 512(h) SUBPOENA TO GOOGLE LLC | Case No. 3:25-mc-80164-WHO<br><br>**MOTION TO STRIKE PARAGRAPH 6 OF THE DECLARATION OF TORRYN RODGERS**<br><br>Re: Dkt. No. 25-1<br><br>Judge: Hon. William H. Orrick<br>Date: January 7, 2026<br>Time: 2:00 p.m.<br>Courtroom: Courtroom 2 – 17th Floor |

# NOTICE OF MOTION AND MOTION

TO RESPONDENT GOOGLE LLC AND ALL PARTIES OF RECORD:

PLEASE TAKE NOTICE that on January 7, 2026, at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 2, 17th Floor of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, Movant Nima Gharavi will and hereby does move the Court for an order striking paragraph 6 of the Declaration of Torryn Rodgers filed by Respondent Google LLC ("Google"). [Dkt. No. 25-1].

This motion seeks an order striking paragraph 6 because it violates Civil Local Rule 7-5(b) by containing legal conclusions and argument instead of facts.

This motion is made pursuant to Civil Local Rule 7-5(b) and is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all papers and pleadings on file herein, and such oral argument and evidence as may be presented at the hearing.

Dated: December 1, 2025

Respectfully submitted,

/s/ Nima Gharavi
Nima Gharavi, *pro se*

Movant

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. ISSUE PRESENTED**

Should paragraph 6 of the Declaration of Torryn Rodgers ("Rodgers Decl." [Dkt. No. 25-1]) be stricken where it contains three legal conclusions on ultimate issues in the sanctions motion: (1) whether her reliance was "reasonabl[e]," (2) whether the error was "inadvertent," and (3) whether it was "not made in bad faith"?

**II. RELEVANT FACTS**

Attorney Torryn T. Rodgers' ("Attorney Rodgers") declaration establishes her qualifications (Rodgers Decl. ¶ 1), describes directing a Bloomberg Law search (*Id.* ¶ 2), attaches search results (*Id.* ¶ 3), attaches a Bloomberg docket page (*Id.* ¶ 4), and describes the subsequent verification (*Id.* ¶ 5). These paragraphs contain facts.

Paragraph 6 states: "I reasonably relied on Bloomberg's search results, which appear to have been incorrect. This error was inadvertent, as a result of Bloomberg's reporting, and not made in bad faith." *Id.* ¶ 6.

**III. LEGAL STANDARD**

"An affidavit or declaration may contain only facts, must conform as much as possible to the requirements of Fed. R. Civ. P. 56(e), and must avoid conclusions and argument." Civ. L.R. 7-5(b). A declaration "not in compliance with this rule may be stricken in whole or in part." *Id.*

The Court strictly enforces this requirement. In *Primus Group, Inc. v. Institute for Environmental Health, Inc.*, the Court struck paragraphs 2-14 of an attorney declaration, holding: "Argument in a declaration, by Primus's counsel no less, violates Civil Local Rule 7-5(b)." No. 18-cv-00005-WHO, 395 F. Supp. 3d 1243, 1254 (N.D. Cal. 2019). "Accordingly, I strike paragraphs 2-14 of the Allen Reply Decl[aration]." *Id.*

**IV. ARGUMENT**

**A. Courts in This District Have Repeatedly Struck Similar Violations**

In *Celgard, LLC v. Shenzhen Senior Tech. Material Co. (US) Rsch. Inst.*, the Court granted a motion to strike where an attorney declaration "include[d] arguments, such as that [the expert's] testimony 'has varied and is inconsistent regarding critical terms.'" No. 19-CV-05784-JST, 2021 WL 12104534, at

*4 (N.D. Cal. Aug. 6, 2021). The court explained: "This is akin to the Daubert motion embedded in a declaration supporting summary judgment stricken in *Primus*." *Id.*

Here, Google embedded its entire legal defense in paragraph 6: that reliance was reasonable, the error inadvertent, and bad faith absent. This violates Civil Local Rule 7-5(b) for the same reason *Primus* and *Celgard* did—it attempts to argue through testimony rather than through proper briefing.

The Court in *Fomby v. CSC ServiceWorks, Inc.* reached the same conclusion: "The court sustains Defendant's objections to the portions of the Varlack Declaration listed in the reply." No. 23-CV-05317-DMR, 2024 WL 3580824, at *5 (N.D. Cal. July 29, 2024). The problem in *Fomby*—testimony containing "conclusory" statements that "amount to improper legal opinions"—is identical to the problem here. *Id.*

In reaching its decision, the *Fomby* Court relied on *Lopez v. HMS Host, Inc.*, No. 09-CV-04930-SI, 2010 WL 199716, at *2 (N.D. Cal. Jan. 13, 2010) ("striking a declaration for consisting mostly of 'conclusory and argumentative' statements") and *Dytch v. Lazy Dog Restaurants, LLC*, No. 16-CV-03358-EDL, 2019 WL 3928752, at *8 (N.D. Cal. Aug. 16, 2019) ("striking a declaration 'because it functions as a legal opinion that improperly instructs the fact-finder as to how to decide certain issues'").

**B. Each Phrase in Paragraph 6 Is a Legal Conclusion on an Ultimate Issue**

**1. "I reasonably relied"**

Whether reliance is reasonable is an objective legal standard the Court must determine based on the facts—not a fact Attorney Rodgers can establish through her own testimony. *See Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991) ("the applicable standard is one of reasonableness under the circumstances"); *Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993) ("courts must apply an objective test").

This is the factual foundation of Google's defense. *See* Oppo. [Dkt. No. 25] at 3:21-22 ("Counsel followed ordinary research protocols and *reasonably relied* on a reputable search tool and database") (emphasis added).[1] Attorney Rodgers cannot satisfy her burden by testifying that her own conduct was "reasonabl[e]" any more than a defendant in a negligence case can testify "I exercised reasonable care" or a party in a contract dispute can testify "I did not breach." These are legal conclusions the Court must draw from the facts—not facts a witness can assert.

---

[1] For clarity, all page numbers referenced herein are to the ECF page number at the top of the page.

The proper factual statement would be: "I relied on Bloomberg's search results." Whether that reliance was "reasonable[] under the circumstances" is for the Court to decide. *Bus. Guides*, 498 U.S. at 551.

**2. "This error was inadvertent"**

Whether conduct constitutes "inadvertent" error or "reckless" disregard is a legal characterization the Court must make. This characterization is critical to Google's defense. *See* Oppo. at 2:28 ("This was simple error"); *id.* at 3:15-17 (discussing *Zambrano*'s "'inadvertent' conduct").

In *Fomby*, the Court emphasized that "[a]n attorney's declaration must be made upon personal knowledge." 2024 WL 3580824, at *5. The same principle applies here: whether Attorney Rodgers' failure to verify the defendant's identity before swearing under penalty of perjury constitutes "inadvertent" error or "reckless" disregard is precisely what the Court must determine based on the facts.

**3. "not made in bad faith"**

This is the ultimate issue the Court must decide under *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). Attorney Rodgers cannot testify on the ultimate legal question any more than a tort defendant can testify "I was not negligent" or a criminal defendant can testify "I am innocent."

**C. Paragraph 6 Adds No Facts Beyond Paragraphs 2-5**

Stripping the legal conclusions from paragraph 6 leaves only: "I relied on Bloomberg's search results, which appear to have been incorrect."

But paragraphs 2-5 already establish these facts:

- Paragraph 2: Attorney Rodgers directed a Bloomberg search
- Paragraph 3: Bloomberg returned certain results (with screenshot)
- Paragraph 4: Bloomberg showed a docket page (with screenshot)
- Paragraph 5: The Wisconsin Portal shows different information

The single factual assertion in paragraph 6—that Attorney Rodgers relied on Bloomberg—is redundant. Everything else is legal argument.

**D. Paragraph 6's Legal Conclusions Mirror the Opposition Brief**

Paragraph 6's legal conclusions duplicate Google's brief nearly verbatim. *Compare* Rodgers Decl. ¶ 6 ("reasonably relied on Bloomberg's search results") *with* Oppo. at 3:21-22 ("reasonably relied on a

reputable search tool"); Rodgers Decl. ¶ 6 ("error was inadvertent") *with* Oppo. at 2:28 ("simple error"), 3:17 ("'inadvertent' conduct"); Rodgers Decl. ¶ 6 ("not made in bad faith") *with* Oppo. at 4:13 ("absence of bad faith").

This duplication demonstrates that paragraph 6 contains argument, not testimony. If paragraph 6 provided factual support for legal arguments, it would state facts that the brief then characterizes legally. Instead, paragraph 6 states the same legal characterizations as the brief. The proper vehicle for these legal conclusions is the brief, not a sworn declaration.

**V. CONCLUSION**

Paragraph 6 violates Civil Local Rule 7-5(b). It contains three legal conclusions bearing on the ultimate issue: whether reliance was reasonable, whether the error was inadvertent, and whether it was made in bad faith. It provides no admissible facts beyond paragraphs 2-5. By packaging these legal conclusions as sworn testimony, Google attempts to give legal argument the weight of evidence—precisely what the rule prohibits.[2]

The Court should strike paragraph 6 in its entirety.

Dated: December 1, 2025

                                                                                                      Respectfully submitted,

                                                                                                      /s/ Nima Gharavi
                                                                                                       Nima Gharavi, *pro se*

                                                                                                       Movant

---

[2] This violation is particularly troubling given that Google filed this declaration in opposition to a motion for sanctions based on Attorney Rodgers' failure to verify facts before swearing to them. *See* Motion for Sanctions [Dkt. No. 23]. The declaration opposing that motion contains not only the L.R. 7-5(b) violation at issue here, but also an incorrect hearing date (December 3, 2025) that appears nowhere in the record. *See* Oppo. [Dkt. No. 25] at 1; Rodgers Decl. [Dkt. No. 25-1] at 1; *cf.* Motion for Sanctions [Dkt. No. 23] at 1 (stating December 17, 2025); ECF Docket (confirming "Motion Hearing set for 12/17/2025 02:00 PM").