1    NIMA GHARAVI, *pro se*
2    4610 North Clark St. #1098
     Chicago, IL 60640
3    +1 (773) 899-4688
     dmca@midwestwrestle.com
4
5    Movant
6
7
8                    UNITED STATES DISTRICT COURT
9                   NORTHERN DISTRICT OF CALIFORNIA
10                     SAN FRANCISCO DIVISION
11
12                                          Case No. 3:25-mc-80164-WHO
13   IN RE DMCA 512(h) SUBPOENA TO
     GOOGLE LLC                             SECOND SUPPLEMENTAL
14                                          DECLARATION OF NIMA GHARAVI IN
                                            SUPPORT OF AMENDED OPPOSITION TO
15                                          GOOGLE LLC'S MOTION TO STRIKE
                                            MOVANT'S MOTION TO COMPEL
16                                          COMPLIANCE WITH DMCA SUBPOENA
17
                                            Re: Dkt. Nos. 9, 28
18
19                                          Judge: Hon. William H. Orrick
                                            Date: December 17, 2025
20                                          Time: 2:00 p.m.
                                            Courtroom: Courtroom 2 – 17th Floor
21
22
23
24
25
26
27
28

I, Nima Gharavi, declare as follows:

**PERSONAL KNOWLEDGE AND FOUNDATION**

1. I am the movant in this action, appearing *pro se*. I previously submitted a Declaration in Support of Motion to Compel Compliance with DMCA Subpoena [Dkt. No. 3-1] and a Supplemental Declaration in Support of Opposition to Respondent's Motion to Strike Mr. Gharavi's Motion to Compel Compliance with DMCA Subpoena [Dkt. No. 10-1]. I submit this Second Supplemental Declaration to provide additional information regarding my August 22, 2025 meet-and-confer discussion with Google LLC's counsel.

2. I have personal knowledge of the facts set forth in this declaration and am competent to testify to them. If called as a witness, I could and would testify competently to the matters stated herein.

**AUGUST 22, 2025 MEET-AND-CONFER: JURISDICTIONAL DISCUSSION**

3. During the August 22, 2025 meet-and-confer telephone call with Google's counsel Todd Hinnen and Elise Edlin, I explained my concern about magistrate jurisdiction over this matter. The DMCA subpoena at issue seeks subscriber information for eight separate YouTube accounts, meaning eight separate unknown users are potentially subject to the subpoena's disclosure requirements. I explained that I could not contact these eight unknown users to obtain their consent to magistrate jurisdiction, and that filing the motion before a magistrate judge risked that if even one of the eight users later surfaced and contested jurisdiction, the Court's work would need to be repeated through *de novo* review as happened in *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875 (N.D. Cal. 2020).

4. I stated my intention to decline magistrate jurisdiction to prevent this potential waste of judicial resources.

5. During the call, I asked Todd Hinnen whether he was familiar with *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875 (N.D. Cal. 2020). He stated that he was familiar with that case. Elise Edlin did not claim familiarity with *Reddit*. Todd Hinnen stated he was uncertain whether magistrate standing orders regarding joint discovery letter briefs apply to free-standing miscellaneous DMCA subpoena proceedings as opposed to traditional civil proceedings. I informed him that based on my own recent research into the procedures applicable to my case,

magistrate standing orders do apply to such proceedings when parties consent to magistrate jurisdiction. Todd Hinnen asked whether I would send him precedent supporting this.

6. I agreed to send the precedent Todd Hinnen had requested. I then informed him of my intention to decline magistrate jurisdiction based on the *Reddit* jurisdictional concern, and explained that magistrate standing orders would therefore no longer be applicable to our current matter. I offered to send the precedent anyway as a professional courtesy, so that Google's counsel would have it available for future cases. Neither Todd Hinnen nor Elise Edlin objected to my stated intention to decline magistrate jurisdiction or to my explanation that magistrate standing orders would not apply after such declination.

**AUGUST 22, 2025 EMAIL TO TODD HINNEN AND ELISE EDLIN**

7. The August 22, 2025 meet-and-confer was scheduled from 2:00 to 2:30 p.m. Pacific Time. At 3:01 p.m. Pacific Time—31 minutes after the scheduled call ended—I sent an email to Todd Hinnen and Elise Edlin.

8. The email stated:

> Thank you for your time this afternoon. Even though it's technically no longer applicable to our current matter, you mentioned you would like me to send you precedent regarding the applicability of magistrate standing orders pertaining to joint discovery letter briefs when a matter is a free-standing miscellaneous proceeding rather than a traditional civil proceeding: (1) Docket: In re DMCA Subpoena to X Corp. dba Twitter, 3:23-mc-80294 – CourtListener.com; (2) Initial Discovery Letter Brief – #7 in In re DMCA Subpoena to X Corp. dba Twitter (N.D. Cal., 3:23-mc-80294) – CourtListener.com; (3) Supplemental Discovery Letter Brief – #17 in In re DMCA Subpoena to X Corp. dba Twitter (N.D. Cal., 3:23-mc-80294) – CourtListener.com. Granted, this was a different magistrate (Peter H. Kang), but I imagine [the Court] would have ordered an alternative form of briefing if a rule deemed discovery letter briefs improper for free-standing miscellaneous subpoena proceedings.

A true and correct copy of this email appears in the record at Exhibit A to my Declaration in Support of Motion to Compel [Dkt. No. 3-1] at ECF page 20.

9. In that email, I provided links to the complete docket for *In re DMCA Subpoena to X Corp. dba Twitter*, No. 3:23-mc-80294 (N.D. Cal.), as well as links to the Initial Discovery Letter Brief at Docket No. 7 and the Supplemental Discovery Letter Brief at Docket No. 17, demonstrating

magistrate standing order procedures in DMCA subpoena enforcement matters. Todd Hinnen replied to my email: "Thank you, Nima – I appreciate the professional courtesy. Have a good weekend, Todd." A true and correct copy of Todd Hinnen's reply appears in the record at Exhibit A to my Declaration in Support of Motion to Compel [Dkt. No. 3-1] at ECF pages 19-20.

**AUGUST 23, 2025 FOLLOW-UP EMAIL TO ELISE EDLIN**

10. On August 23, 2025, I sent a follow-up email to Elise Edlin (who had not claimed familiarity with *In re DMCA Subpoena to Reddit, Inc.* during the August 22 call). In that email, I stated:

> Todd: You're more than welcome. Elise: It just occurred to me that an order from [the magistrate judge] in the same case I referenced below does a better job of eloquently articulating what I was attempting to communicate on our call yesterday with regard to magistrate jurisdiction over dispositive matters: Order – #9 in In re DMCA Subpoena to X Corp. dba Twitter (N.D. Cal., 3:23-mc-80294) – CourtListener.com.

A true and correct copy of this email appears in the record at Exhibit A to my Declaration in Support of Motion to Compel [Dkt. No. 3-1] at ECF page 19.

11. In that email, I provided a link to an order in *In re DMCA Subpoena to X Corp. dba Twitter*, No. 3:23-mc-80294-PHK, Dkt. No. 9 (N.D. Cal. Jan. 17, 2024), which addresses magistrate jurisdiction over dispositive DMCA enforcement matters and cites *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 880 (N.D. Cal. 2020).

**GOOGLE'S UNFULFILLED COMMITMENT**

12. During the August 22, 2025 meet-and-confer call, Google's counsel committed to confirming whether Google had notified the eight YouTube account holders about the DMCA subpoena and whether any of them had objected to disclosure of their subscriber information.

13. As of December 8, 2025—108 days after Google's counsel made this commitment—Google has not fulfilled it. Google has not confirmed whether the eight users were notified, whether any objected, or whether any would consent to magistrate jurisdiction over this matter.

14. During the August 22, 2025 meet-and-confer call, Google's counsel stated they would confirm whether email service of the motion would be acceptable. As of December 8, 2025—108 days after Google's counsel made this commitment—Google has not provided any such confirmation. Despite their August 22 commitment and my August 25 email requesting it, Google never

authorized email service, then complained in its Motion to Strike that I failed to email them the motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 8, 2025.

By: /s/ Nima Gharavi
Nima Gharavi