1  PERKINS COIE LLP

2  Todd M. Hinnen (*pro hac vice*)
   THinnen@perkinscoie.com
3  1301 Second Avenue, Suite 4200
   Seattle, Washington 98101-3804
4  Telephone: +1.206.359.8000
   Facsimile:  +1.206.359.9000
5
   Elise Edlin, Bar No. 293756
6  EEdlin@perkinscoie.com
   Torryn T. Rodgers, Bar No. 319126
7  TRodgers@perkinscoie.com
   505 Howard Street, Suite 1000
8  San Francisco, California 94105-3204
   Telephone: +1.415.344.7000
9  Facsimile:  +1.415.344.7050

10
   Attorneys for Non-Party
11 Google LLC

12
13              UNITED STATES DISTRICT COURT

                NORTHERN DISTRICT OF CALIFORNIA
14
                     SAN FRANCISCO DIVISION
15

16  IN RE DMCA 512(h) SUBPOENA TO          Case No. 3:25-mc-80164-WHO
    GOOGLE LLC,
17                                          NON-PARTY GOOGLE LLC'S
                                            OPPOSITION TO MOVANT'S MOTION TO
18                                          STRIKE PARAGRAPH 6 OF THE
                                            DECLARATION OF TORRYN RODGERS
19
                                            Date:    January 7, 2026
20                                          Time:    2:00 p.m.
                                            Judge:   William H. Orrick
21                                          Courtroom 2, 17th Fl.

22
23
24
25
26
27
28

## I.   INTRODUCTION

Mr. Gharavi moves to strike a single paragraph ("**Paragraph 6**") from the Declaration of Torryn Rodgers (ECF No. 25-1) made in support of Google's opposition to Mr. Gharavi's motion for sanctions against attorney Torryn T. Rodgers. Mr. Gharavi erroneously argues that Paragraph 6 improperly "embed[s] [Google's] entire legal defense" and should be stricken because it constitutes testimony regarding issues of law that are the exclusive province of the Court. *See* ECF No. 27 at 4. Paragraph 6 is comprised of two sentences of counsel's testimony regarding issues of fact, i.e., her own mental state and subjective intent and understanding when she offered the declaration which is the subject of Mr. Gharavi's underlying motion for sanctions. *See* ECF No. 23. Ms. Rodgers is uniquely competent to testify as to these facts and it is appropriate for her to do so. Accordingly, the Court should deny Mr. Gharavi's motion.

## II.   ARGUMENT

In Paragraph 6, counsel simply testifies as to her own mental state at the time she reviewed the Bloomberg search results: "I reasonably relied on Bloomberg's search results, which appear to have been incorrect. This error was inadvertent, as a result of Bloomberg's reporting, and not made in bad faith." ECF No. 25-1 at ¶ 6. It is a fact that Ms. Rodgers relied on the Bloomberg search results and that she felt it was reasonable to do so. It is a fact that they were incorrect and included an erroneous entry. It is a fact that her inclusion of that entry was inadvertent—she did not include an inaccurate result intentionally. And it is a fact that she was acting in good faith, i.e., trying to provide relevant, accurate information to the Court, at the time. These facts regarding Ms. Rodgers' subjective understanding, intent, and mental state are directly relevant to Mr. Gharavi's (speculative and unsubstantiated) allegations that she acted recklessly, "tantamount to bad faith," with the "purpose" of "establishing a false factual predicate," to "fabricate[]" Mr. Gharavi's litigation history, and with "an improper purpose." ECF No. 23 (Motion for Sanctions) at 2, 3, and 4.

It is commonplace for a witness to testify regarding her subjective understanding, intent, or mental state—so commonplace that there is a hearsay exception dedicated to such testimony. *See* Federal Rule of Evidence 803(3) (recognizing as appropriate factual testimony "[a] statement of the declarant's then-existing state of mind (such as motive, intent, or plan)"). In Paragraph 6, Ms.

-1-

Rodgers merely offers evidence of her own subjective understanding, intent, and mental state at the time she executed her declaration. *See e.g.*, *United States v. Pham*, 815 F. Supp. 1325, 1330 (N.D. Cal. 1993) (admitting factual testimony regarding agent's subjective understanding of events and explanation of his procedure). Her testimony as to these facts does not usurp the Court's sole authority to make the legal determinations to which they pertain. *C.f. Dytch v. Lazy Dog Rest., LLC*, No. 16-cv-03358-EDL, 2019 WL 3928752, at *8 (N.D. Cal. Aug. 16, 2019) (striking testimony that "improperly instruct[ed] the fact-finder as to how to decide certain issues.").

The cases Mr. Gharavi cites in his motion are clearly distinguishable. For example, in *Fomby v. CSC ServiceWorks, Inc.*, the Court held that counsel's statement that the plaintiff was "engaged in interstate commerce" and that the plaintiff's "employment as a delivery driver is critical to the completion of the interstate commercial process" were conclusory and amounted to improper legal opinions because—unlike the testimony here—they were not supported by personal knowledge or a factual foundation. No. 23-cv-05317-DMR, 2024 WL 3580824, at *5 (N.D. Cal. July 29, 2024).

Similarly, in *Primus Grp., Inc. v. Inst. for Env't Health, Inc.*, cited by Mr. Gharavi as a parallel circumstance and "similar violation," ECF No. 27 at 3–4, the Court struck paragraphs of plaintiff's counsel's declaration because he "attempted to exceed [the] reply brief page limit" by underhandedly "embedding a *Daubert* motion" within his declaration. *Primus Grp., Inc*. 395 F. Supp. 3d 1243, 1254 (N.D. Cal. 2019). Here, counsel's declaration is not "full of legal argument," does not include criticism of expert testimony, and is not an attempt to exceed the allotted page limits. *Id.* Indeed, the Ninth Circuit has acknowledged the appropriateness of lay opinion testimony offered to explain why a witness believed what he did and what led him to formulate that opinion, testimony far more similar to Ms. Rodgers' than that addressed in the cases cited by Mr. Gharavi. *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1059–60 (9th Cir. 2008) (no abuse of discretion where district court permitted testimony regarding "why [witness] believed [the defendant] acted improperly and why he believed it was reasonable to rescind" the agreement at issue).

Finally, and to the extent Mr. Gharavi seeks to strike Ms. Rodgers' use of certain terms because they have both everyday lay and legal meanings, that argument is not a valid basis for striking them. The fact that a word or phrase may sometimes be used as a legal term of art does not mean that a declarant cannot use it in its ordinary lay sense. Using such words in their everyday sense is neither improper nor prejudicial.

The testimony in Paragraph 6 of Ms. Rodgers' declaration is competent factual testimony appropriate for the Court to consider. Accordingly, Mr. Gharavi's motion to strike it should be denied.

### III. CONCLUSION

For the foregoing reasons, Google respectfully requests the Court deny Mr. Gharavi's motion to strike paragraph 6 of the declaration of Torryn Rodgers.

Dated: December 9, 2025

**PERKINS COIE LLP**

By: */s/ Elise Edlin*
    Todd M. Hinnen (*pro hac vice*)
    Elise Edlin, Bar No. 293756
    Torryn T. Rodgers, Bar No. 319126

Attorneys for Non-Party
Google LLC