NIMA GHARAVI, *pro se*
4610 North Clark St. #1098
Chicago, IL 60640
+1 (773) 899-4688
dmca@midwestwrestle.com

Movant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE DMCA 512(h) SUBPOENA TO GOOGLE LLC | Case No. 3:25-mc-80164-WHO<br><br>**REPLY IN SUPPORT OF MOTION TO STRIKE PARAGRAPH 6 OF THE DECLARATION OF TORRYN RODGERS**<br><br>Re: Dkt. Nos. 27, 32<br><br>Judge: Hon. William H. Orrick<br>Hearing: Vacated per Clerk's Notice [Dkt. No. 33] |

**INTRODUCTION**

Google's Opposition defeats itself through two remarkable admissions. First, Google confesses that Attorney Torryn Rodgers "felt it was reasonable" to swear under penalty of perjury to facts she never verified—admitting she believes this conduct acceptable and would do it again. Second, Google claims Paragraph 6 might use "everyday lay . . . meanings" rather than legal terminology, but refuses to identify which terms or what those lay meanings are. A law firm that distinguishes "accurate" from "not inaccurate" in routine email correspondence did not accidentally use three legal terms of art ("reasonably relied," "inadvertent," "not made in bad faith") in a sworn declaration. These admissions, combined with Google's systematic mischaracterization of every case it cites—including citing *Nationwide* backwards for a holding that actually supports striking legal characterizations—prove Paragraph 6 must be struck.

**ARGUMENT**

**I. GOOGLE ADMITS ATTORNEY TORRYN RODGERS BELIEVES SWEARING TO UNVERIFIED FACTS IS REASONABLE**

Google states: "It is a fact that Ms. Rodgers relied on the Bloomberg search results and that she felt it was reasonable to do so." Oppo. at 2:16-17.[1] This is *not* a defense—it is a confession. Attorney Torryn T. Rodgers ("Attorney Rodgers") saw a Bloomberg docket result showing a "Nima Gharavi" defendant, did not verify it was Movant Nima Gharavi ("Mr. Gharavi"), swore under penalty of perjury she was making statements "based on my personal knowledge," and declared Mr. Gharavi "represented himself *pro se*" in an apparent Wisconsin criminal case. Declaration of Torryn Rodgers ("Rodgers Decl.") [Dkt. No. 22-1] ¶¶ 1-2. Google now *admits* she "felt it was reasonable" to do this without verification.

If Attorney Rodgers feels it is reasonable to swear to unverified facts, she lacks the judgment to avoid future violations. Her subjective feeling does not satisfy the objective standard of reasonableness courts must apply. *Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993) ("courts must apply an objective test"). If this was truly inadvertent error, Attorney Rodgers would now recognize it was unreasonable. Instead, she continues to believe it was reasonable—meaning she sees nothing wrong with

---

[1] Unless otherwise noted, all page numbers herein refer to the ECF headers at the top of the page. "Oppo." refers to Google's Opposition to Motion to Strike Paragraph 6 [Dkt. No. 32]. "Sanctions Opp." refers to Google's Opposition to Motion for Sanctions [Dkt. No. 25].

the conduct and would repeat it. This proves both the need for sanctions and that Paragraph 6 violates Civil L.R. 7-5(b) by having Attorney Rodgers characterize her own conduct as meeting the objective legal standard.

Google's defenses collapse under this admission. Google argues this was "simple error," "inadvertent," and counsel "reasonably relied on a reputable search tool." Sanctions Opp. at 2:28, 4:11, 3:21-22. But if Attorney Rodgers "felt it was reasonable" to swear without verification, her protocols are deficient—a reasonable protocol requires verification before swearing under penalty of perjury. Google claims "absence of bad faith," *id.* at 4:13, but believing it reasonable to swear to unverified facts shows reckless disregard for verification duties, which is "tantamount to bad faith." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).

The admission also exposes Paragraph 6's improper function. Google conflates permissible testimony ("I believed Bloomberg was accurate") with impermissible legal conclusions ("I reasonably relied on Bloomberg"). The first describes mental state; the second applies an objective legal standard to that belief. Attorney Rodgers' continued belief that her conduct was reasonable proves she is testifying to a legal characterization, not merely describing subjective intent.

**II. THE LAY VERSUS LEGAL MEANING SHELL GAME**

Google argues: "The fact that a word or phrase may sometimes be used as a legal term of art does not mean that a declarant cannot use it in its ordinary lay sense." Oppo. at 4:3-4. This is incredible for three reasons.

**First**, Google refuses to specify which terms—"reasonably relied," "inadvertent," or "not made in bad faith"—supposedly have "lay meanings" or what those meanings are. This forces the Court to guess whether Attorney Rodgers meant legal standards or lay descriptions.

**Second**, each term is drawn directly from the legal standards governing sanctions. "Reasonably" invokes the objective reasonableness standard from *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991). "Inadvertent" applies the standard from *Zambrano v. City of Tustin*, 885 F.2d 1473 (9th Cir. 1989), distinguishing inadvertent conduct from reckless disregard. "Not made in bad faith" addresses the ultimate issue under *Fink*, 239 F.3d at 994. Google uses identical terminology in its brief with unmistakably legal meaning. *Compare* Rodgers Decl. ¶ 6 *with* Sanctions Opp. at 3:21-22

("reasonably relied on a reputable search tool"), 3:14-17 (discussing *Zambrano's* "'inadvertent' conduct"), and 4:13-14 ("absence of bad faith"). Each term appears in both Paragraph 6 and Google's brief establishing the same legal defenses to sanctions.

**Third**, Perkins Coie's documented linguistic precision makes accidental legal terminology implausible. When Mr. Gharavi asked Attorney Rodgers' co-counsel Todd Hinnen whether certain characterizations were "accurate," Mr. Hinnen responded: "Those characterizations are not inaccurate and Google has no objection to them." Ex. 1 at 2.[2] Mr. Hinnen could have said "Yes" or "Accurate." Instead, he distinguished between "accurate" and "not inaccurate"—demonstrating *surgical* precision in word choice. That a firm exercising such precision in routine email correspondence accidentally used *three* legal terms of art in a single sentence in a sworn declaration opposing sanctions strains credulity. If Attorney Rodgers meant lay meanings, she would have used lay language: "I trusted Bloomberg" (not "reasonably relied"); "I made a mistake" (not "error was inadvertent"); "I had good intentions" (not "not made in bad faith"). The deliberate use of precise legal terminology—identical to terminology in Google's brief and the governing cases—proves the usage was legal, not lay.

### III. GOOGLE MISCHARACTERIZES CONTROLLING PRECEDENT

**A.** *Nationwide Transport Finance*: Google claims *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1059-60 (9th Cir. 2008), supports testimony "explain[ing] why a witness believed what he did." Oppo. at 3:21-23. In fact, *Nationwide* held the district court properly excluded expert testimony characterizing conduct with legal standards: "an expert witness cannot give an opinion as to her *legal conclusion,* i.e., an opinion on an ultimate issue of law." 523 F.3d at 1058. The expert testified payment service Cass "must pay" based on UCC obligations—the Ninth Circuit upheld striking this as an improper legal conclusion invading the court's province. This is directly analogous to Attorney Rodgers testifying her reliance was "reasonable" and conduct "not made in bad faith." Google cites *Nationwide* for the opposite of what it holds.

**B.** *United States v. Pham*, 815 F. Supp. 1325, 1330 (N.D. Cal. 1993): Google claims *Pham* permits

---

[2] This email exchange occurred on December 2, 2025—one day after filing the Motion to Strike—and became directly relevant only when Google argued in Opposition that Paragraph 6's terms might have "everyday lay . . . meanings." Oppo. at 4:1-3. The email demonstrates Perkins Coie's documented linguistic precision, directly rebutting Google's accidental terminology defense.

"testimony regarding agent's subjective understanding of events and explanation of his procedure." Oppo. at 3:2-4. In *Pham*, Investigator Nguyen testified about his procedure for reading Miranda warnings and what the defendant said. 815 F. Supp. at 1327-28. He did not testify his warnings were "adequate" or procedure "reasonable"—the court made those legal determinations based on factual testimony. Similarly, Attorney Rodgers should testify to facts (what she did, what Bloomberg showed), and the Court should determine whether that conduct was reasonable.

      **C.** *Fomby v. CSC ServiceWorks, Inc.*, 2024 WL 3580824, at *5 (N.D. Cal. July 29, 2024): Google attempts to distinguish *Fomby* by arguing the statements there "were not supported by personal knowledge or a factual foundation" unlike Attorney Rodgers' testimony. Oppo. at 3:8-13. But the court struck the statements in *Fomby* precisely because they "amount[ed] to improper legal opinions." 2024 WL 3580824, at *5. The lack of personal knowledge was one problem; the fundamental problem was that counsel testified to legal characterizations—that plaintiff was "engaged in interstate commerce" and this "is critical to the completion of the interstate commercial process." *Id.* These are legal conclusions about what facts establish, just as "reasonably relied," "inadvertent," and "not made in bad faith" are legal conclusions about what Attorney Rodgers' conduct establishes. Personal knowledge of underlying facts does not authorize testimony to legal characterizations of those facts.

      **D.** *Primus Grp., Inc. v. Inst. for Env't Health, Inc.*, No. 18-cv-00005-WHO, 395 F. Supp. 3d 1243, 1254 (N.D. Cal. 2019): Google dismisses *Primus* by focusing on page limits. Oppo. at 3:15-21. But the Court held: "Argument in a declaration, by Primus's counsel no less, violates Civil Local Rule 7-5(b)." 395 F. Supp. 3d at 1254. Whether argument serves to exceed page limits or to establish legal conclusions, the violation remains: declarations "must avoid conclusions and argument."

      **E.** *Dytch v. Lazy Dog Restaurants, LLC*, 2019 WL 3928752, at *8 (N.D. Cal. Aug. 16, 2019): Google uses "*C.f.*" to suggest *Dytch* is distinguishable. Oppo. at 3:5-7. The case is directly on point. The court struck an attorney's declaration because it "function[ed] as a legal opinion that improperly instruct[ed] the fact-finder as to how to decide certain issues." 2019 WL 3928752, at *8. When Attorney Rodgers testifies her reliance was "reasonabl[e]," her error "inadvertent," and her conduct "not made in bad faith," she instructs the Court on precisely the issues it must independently determine in the sanctions motion.

**F.** Federal Rule of Evidence 803(3): Google invokes FRE 803(3) for the proposition that mental state testimony is "commonplace." Oppo. at 2:25-28. FRE 803(3) addresses hearsay—whether out-of-court statements about mental state are admissible. It does not authorize witnesses to testify to legal conclusions about their conduct. Attorney Rodgers may testify she "believed Bloomberg was accurate" (mental state fact) but cannot testify her reliance was "reasonabl[e]" (legal conclusion applying objective standard to that belief).

**CONCLUSION**

Google defeats its own opposition. The "felt it was reasonable" admission proves Attorney Rodgers believes swearing to unverified facts is acceptable, showing both that Paragraph 6 improperly has Attorney Rodgers testify to legal conclusions and that sanctions are necessary to deter future violations. The lay versus legal meaning argument is incredible given each term is drawn from established legal standards, Google uses identical terminology in its brief with legal meaning, and Perkins Coie's documented precision makes accidental legal terminology usage implausible. Every case Google cites either supports striking legal conclusions (*Nationwide*, *Dytch*, *Primus*, *Fomby*) or involved purely factual testimony (*Pham*). Paragraph 6 attempts to convert legal argument into evidence by having Attorney Rodgers testify to the precise legal conclusions Google must establish through briefing. The Court should strike Paragraph 6 in its entirety.

Dated: December 15, 2025

Respectfully submitted,

/s/ Nima Gharavi
Nima Gharavi, *pro se*

Movant