UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIMA GHARAVI,<br><br>   Petitioner,<br><br> v.<br><br>GOOGLE LLC,<br><br>   Respondent. | Case No. 25-mc-80164-WHO<br><br>**ORDER RE MOTIONS TO COMPEL AND STRIKE AND MOTION FOR SANCTIONS**<br><br>Re: Dkt. Nos. 3, 9, 10, 14, 17, 19, 21, 22, 23, 24, 25, 26, 27, 31, 32, 34 |

   Before the Court are numerous discovery-related motions filed by petitioner Nima Gharavi ("Gharavi") and respondent Google, LLC ("Google"), including a motion to compel, a motion for sanctions and a motion to strike from Gharavi, and a motion to strike from Google. Each of the motions relate to Google's alleged noncompliance with a subpoena issued by this Court under Section 512(h) of the Digital Millenium Copyright Act (the "DMCA").

   Gharavi's motion to compel violates several standing orders shared by both me and Magistrate Judge Ryu. This matters because we both designed our discovery dispute protocol to require the parties to discuss each other's positions and, if at an impasse, succinctly present their argument to the court in a joint letter of no more than five pages. This protocol saves time and money, often resolves the dispute before bringing it to court, and allows an expeditious response from the Court if the letter is ultimately sent. And no matter whether the parties think it's a worthwhile protocol, it is required by Court order. Accordingly, Google's motion to strike is GRANTED, and Gharavi's motion to compel is DENIED. Gharavi must raise his concerns as established by my standing orders.

   Gharavi's motion for sanctions against Perkins Coie attorney Torryn T. Rodgers

1  ("Rodgers") is similarly DENIED.  While Rodgers incorrectly identified Gharavi as a defendant in
2  a criminal case in Wisconsin, this error was neither reckless nor done in bad faith, and Rodgers
3  quickly rectified the issue.  And Gharavi's motion to strike portions of Rodgers's testimony is
4  DENIED, as her testimony reasonably constitutes issues of fact, rather than conclusions of law.

## BACKGROUND

On June 25, 2025, Gharavi served a DMCA subpoena on Google, seeking "basic subscriber information for eight YouTube accounts engaged in alleged copyright infringement." Motion to Compel Compliance with Subpoena ("Compel Mot.") [Dkt. No. 3] at 2.  Google produced information identifying the YouTube subscribers corresponding to the eight accounts on July 18, 2025, two days past its deadline under Federal Rule of Civil Procedure 45.  *See* Non-Party Google LLC's Motion to Strike ("Google Strike Mot.") [Dkt. No. 9] at 2.  The parties continued to correspond for two weeks, and Google produced additional subscriber information for each account.  *Id.*  On August 4, 2025, Gharavi requested more information from Google, including "AdSense ID(s), physical mailing address(es), linked YouTube channels, and MCN affiliation information" from the accounts.  *See id.* (citing Compel Mot. Ex. A (Declaration of Nima Gharavi ("Gharavi Decl."))).  Google raised objections to this request on August 5, 2025.  *See* Opposition to Respondent's Motion to Strike ("Google Strike Oppo.") [Dkt. No. 10] at 2.

On August 12, 2025, counsel for Google contacted Gharavi to request a meet and confer to discuss the applicability of DMCA Section 512(h) to his information requests.  *Id.*  The parties met and conferred on August 15 and August 22, reaching an impasse at both meetings.  *See id.*  During their August 22 meeting, Gharavi indicated that he would be declining magistrate jurisdiction, as the case had been assigned to Magistrate Judge Ryu in the Oakland District of the Northern District.  *Id.*  Counsel for Google did not object.  *See id.*  The parties also discussed whether Google would accept service of any filing Gharavi would make in connection with the matter.  *See* Google Strike Mot. at 2.  After the August 22 meeting, the parties did not communicate until October 2, 2025, when Gharavi filed his Motion to Compel.  *See* Compel Mot.  His motion was twenty-six pages and included over 100 pages of various exhibits.  *See id.*; Google Strike Mot. at 3.  That same day, Gharavi declined jurisdiction by a magistrate judge.  *See id.* at 2;

1    Consent or Declination to Magistrate Judge Jurisdiction [Dkt. No. 5].

2    What followed next could only be described as a cacophony of motion filings. On October 13, 2025, Google filed a motion to strike Gharavi's motion to compel, claiming that the motion violated the standing orders of Judge Ryu and was made in bad faith. *See* Google Strike Mot. at 1. By October 15, 2025, the case had been reassigned to me. *See* Dkt. No. 13. The parties then continued to brief the motions to strike and compel over the course of the following week. *See* Respondent Google LLC's Opposition to Motion to Compel ("Compel Oppo.") [Dkt. No. 17]; Reply in Support of Motion to Compel Compliance ("Compel Repl.") [Dkt. No. 21]; Non-Party Google LLC's Reply in Support of its Motion to Strike ("Google Strike Repl.") [Dkt. No. 22].

In Google's motion to strike reply, Rodgers submitted a declaration that indicated that on October 29, 2025, she "directed legal research staff at [her] firm to identify cases in which Mr. Gharavi appears to have represented himself *pro se*." *See* Declaration of Torryn Rodgers in Support of Google LLC's Reply ("Rodgers Strike Decl.") [Dkt. No. 22-1] at ¶ 2. Rodgers declared that on "information and belief, based on a review of Bloomberg Law's search results, it appears Mr. Gharavi ha[d] represented himself *pro se* in fifteen separate cases, nine of which were in the Northern District of California." *Id.* Rodgers then listed the names of the cases, including "*County of Racine vs. Nima Gharavi*, No. 2018TR008316 (Wis. Cir. Ct. Apr 23, 2018 *(sic)*." *Id.* While Bloomberg indicated Gharavi was a party to the *County of Racine* case, this ended up being untrue; as a result, Gharavi filed a motion for compensatory sanctions against Rodgers, arguing that she acted recklessly and in bad faith in including this case in her declaration under penalty of perjury. *See* Motion for Sanction Against Attorney Torryn T. Rodgers of Perkins Coie LLP ("Sanctions Mot.") [Dkt. No. 23] at 1. Google filed an opposition on November 13, 2025, *see* Non-Party Google LLC's Opposition to Nima Gharavi's Motion for Sanctions ("Sanctions Oppo.") [Dkt. No. 25], and Gharavi replied on November 28, 2025. *See* Reply in Support of Motion for Sanctions ("Sanctions Repl.") [Dkt. No. 26].

In support of its opposition to Gharavi's motion for sanctions, Google submitted an additional declaration from Rodgers clarifying her conduct when performing the Bloomberg search. *See* Declaration of Torryn Rodgers in Support of Google's Opposition to Mr. Gharavi's

3

1  Motion for Sanctions ("Rodgers Sanctions Decl.") [Dkt. No. 25-1]. Rodgers indicated that she
2  "reasonably relied on Bloomberg's search results, which appear to have been incorrect." *Id.* at ¶
3  6. She asserted that "[t]his error was inadvertent, as a result of Bloomberg's reporting, and not
4  made in bad faith." *Id.* Gharavi took issue with these declarations, finding them to be legal
5  conclusions rather than fact, and filed a motion to strike Paragraph 6 from the Rodgers Sanctions
6  Declaration. *See* Motion to Strike Paragraph 6 of the Declaration of Torryn Rodgers ("Gharavi
7  Strike Mot.") [Dkt. No. 27]. Google filed its opposition on December 9, 2025, *see* Non-Party
8  Google LLC's Opposition to Movant's Motion to Strike ("Gharavi Strike Oppo.") [Dkt. No. 32],
9  and Gharavi replied on December 12, 2025. *See* Reply in Support of Motion to Strike ("Gharavi
10 Strike Repl.") [Dkt. No. 34].

**LEGAL STANDARD**

**Motion to Compel**

Section 512(h) of the DMCA sets forth the procedures of issuance of a subpoena to an internet "service provider [to] expeditiously disclose to the copyright owner or person authorized by the copyright owner the information required by the subpoena, notwithstanding any other provision of law and regardless of whether the service provider responds to the notification." 17 U.S.C. § 512(h)(5). This framework requires disclose of all "information sufficient to identify the alleged infringer." 17 U.S.C. § 512(h)(3). Section 512(h)(6) indicates that "the remedies for noncompliance with the subpoena, shall be governed to the greatest extent practicable by those provisions of the Federal Rules of Civil Procedure governing the issuance, service, and enforcement of a subpoena duces tecum." 17 U.S.C. § 512(h)(6). "Rule 45 in particular governs the enforcement of a subpoena *duces tecum* and provides for a motion to compel and for a motion to quash, as well as remedies available for both types of motions." *Cognosphere Pte. Ltd. v. X Corp.*, No. 23-mc-80294-PHK, 2024 WL 4227594, at *2 (N.D. Cal. Sept. 18, 2024) (Kang, M.J.) (citing Fed. R. Civ. P. 45).

District courts maintain "broad discretion and authority to manage discovery." *Id.* (citing *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011)). "The Court's discretion extends to crafting discovery orders that may expand, limit, or differ from the

4

relief requested, particularly with regard to subpoenas." *Id.* (citing Fed. R. Civ. P. 45(d)(3); *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)). A recipient of a DMCA subpoena "may object to the subpoena on the basis that issuing the subpoena: (1) would require disclose of material protected by the First Amendment; and (2) would conflict with the Federal Rules of Civil Procedure." *Id.* (citing *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 876–77 (N.D. Cal. 2022)).

**Motion for Sanctions**

Gharavi seeks sanctions under the Court's inherent authority to impose sanctions, rather than under Rule 11 of the Federal Rules of Civil Procedure. "A court may impose sanctions under its inherent powers 'when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *In re Facebook, Inc. Consumer Privacy User Profile Litig.* ("*In re Facebook*"), 655 F. Supp. 3d 899, 924 (N.D. Cal. 2023) (Chhabria, J.) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (internal citations omitted)). "Before imposing sanctions, the court must find that the conduct 'constituted or was tantamount to bad faith.'" *Id.* at 924–25 (quoting *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997)). "That standard may be met when a party misrepresents the law or the facts to the court," or "when a party acts for an improper purpose—even if the act consists of making a truthful statement or a non-frivolous argument or objection." *Id.* (quoting *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001)).

"To protect against abuse and to ensure parties receive due process, individuals subject to sanction are afforded procedural protections, the nature of which varies depending upon the violation, and the type and magnitude of the sanction." *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1137 (9th Cir. 2001). The Ninth Circuit has distinguished between issuing punitive and compensatory sanctions. *See In re Facebook*, 655 F. Supp. 3d at 925. While the Ninth Circuit "has not addressed the burden of proof required for compensatory sanctions . . . a finding of bad faith by clear and convincing evidence is sufficient." *Id.* (citing *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010). The amount of compensatory sanctions "is limited to fees and costs 'incurred solely because of the misconduct' at issue, meaning 'fees that party would not have incurred but for the bad faith.'" *Id.*

5

1   (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 104 (2017)).  District courts

2   maintain "broad discretion" in calculating such sanctions.  *See id.*

3   **Motion to Strike**

4       Federal Rule of Civil Procedure 12(f) allows the Court to strike from a pleading an

5   insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  FED. R. CIV.

6   P. 12(f).  "The function of a 12(f) motion to strike is to avoid the expenditure of time and money

7   that must arise from litigating spurious issues by dispensing with those issues prior to trial."

8   *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation and alteration

9   omitted).  Motions to strike, however, "are generally disfavored by courts because the motions

10  may be used as delaying tactics and because of the strong policy favoring resolution on the

11  merits."  *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167,

12  1170 (N.D. Cal. 2010) (citation omitted).  Such motions should only be granted if "the matter has

13  no logical connection to the controversy at issue and may prejudice one or more of the parties to

14  the suit."  *New York City Employees' Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal.

15  2009).  "Where the moving party cannot adequately demonstrate such prejudice, courts frequently

16  deny motions to strike even though the offending matter literally was within one or more of the

17  categories set forth in Rule 12(f)."  *Id.* (citation and quotation marks omitted).  "Ultimately,

18  whether to grant a motion to strike lies within the sound discretion of the district court."  *Cruz v.*

19  *Bank of New York Mellon*, No. 12–00846, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012)

20  (citing *Whittlestone*, 618 F.3d at 973).

21                                              **DISCUSSION**

22  **I.     GOOGLE'S MOTION TO STRIKE**

23      A.     **My Standing Orders Govern this Dispute.**

24      As a threshold matter, I must first decide whether Google's Motion to Strike correctly

25  asserts that Gharavi's Motion to Compel is procedurally deficient.  Gharavi filed his Motion to

26  Compel on October 2, 2025.  *See* Motion to Compel ("Compel Mot.") [Dkt. No. 3].  At that time,

27  jurisdiction was with Magistrate Judge Ryu in the Oakland Division of the Northern District.  *See*

28  *id.*  However, that same day, Gharavi declined consent to have a magistrate judge hear the matter.

*United States District Court*
*Northern District of California*

*See* Dkt. No. 5. The parties now dispute whether Gharavi's Motion to Compel is governed by Judge Ryu's standing orders.

Google maintains that Judge Ryu's standing orders govern this dispute, as it is "undisputed that Judge Ryu maintained jurisdiction *at least* through Mr. Gharavi's filing of the [motion to compel] on October 2, 2025." Non-Party Google LLC's Motion to Strike ("Google Strike Mot.") [Dkt. No. 9] at 5. Gharavi disagrees, arguing that his decision to decline jurisdiction "required reassignment to a district judge," and that "magistrate judges may handle dispositive miscellaneous matters only with the parties' consent." Google Strike Oppo. at 3 (citing *In re DMCA Subpoena to X Corp.*, No. 3:23-mc-80294-PHK, 2024 WL 4227594 (N.D. Cal. Sept. 18, 2024)). In his view, when a party simultaneously files a motion and declines consent before a magistrate judge, that party need not comply with the magistrate judge's standing orders, as the case will inevitably be transferred to a district judge.

Much of the parties' concerns are now moot, as this case has since been reassigned to me, and my standing orders govern this dispute. My standing orders note the following with respect to discovery disputes:

> In the event of a discovery dispute, lead trial counsel for the parties shall meet and confer in person or by videoconference to attempt to resolve their dispute informally. A mere exchange of letters, e-mails, telephone calls, or facsimile transmissions does not satisfy the requirement to meet and confer.
>
> If, after a good faith effort, the parties have not resolved their dispute, they shall prepare a concise joint statement of five pages or less, stating the nature and status of all pending disputes and certifying that they have met the meet-and-confer requirement. Absent an order of this Court, parties shall not file affidavits or exhibits other than copies of the written requests for discovery and the answers or objections thereto.
>
> If a joint statement is not possible, each side may submit a brief individual statement of two pages or less. In addition to the certification of compliance with the meet-and-confer requirement, the individual statement shall include an explanation of why a joint statement was not possible. The joint statement or individual statements shall be e-filed in the Civil Events category of Motions and Related Filings > Motions-General > Discovery Letter Brief.
>
> The Court will advise the parties of the need, if any, for more formal briefing or a hearing, pursuant to Civil Local Rule 7-1(b). The Court may also elect to refer the matter to a magistrate judge or special

7

> master. If a magistrate judge is assigned to a case for discovery, that judge shall handle any future discovery disputes in that case and the parties shall comply with the procedures set by that judge for discovery.

J. Orrick Civ. Standing Orders Sec. 4 ("Standing Orders"). As explained below, Gharavi's motion to compel fails to satisfy several of my standing order requirements.

### B. Meet and Confer Requirements

My standing orders require that, in the event of a discovery dispute, the parties "meet and confer in person or by videoconference to attempt to resolve their dispute informally." *Id.* Only when "after a good faith effort, the parties have not resolved their dispute" should the parties file a discovery dispute. *Id.* Google argues that Gharavi failed to adhere to Judge Ryu's (and, subsequently my) standing orders requiring the parties to meet and confer in good faith. I agree.

The good faith requirement has been interpreted by district courts as requiring a "genuine two-way communication wherein both parties engage[] in meaningfully dialogue to resolve each specific discovery dispute without judicial intervention." *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 173 (D. Nev. 1996). It is undisputed that the parties met and conferred twice, with the "second and final" meeting occurring on August 22, 2025. *See* Gharavi Decl. ¶ 21. At these meetings, the parties discussed Judge Ryu's standing orders as well as service of filings in connection with the matter. Google Strike Mot. at 2. On August 25, 2025, Gharavi sent an email to counsel for Google, asking again if they would accept service of any forthcoming motions. *See id.* The parties then did not communicate until October 2, 2025, when Gharavi filed his motion to compel. *See id.* at 6–7.

Google maintains that Gharavi's failure to notify Google's attorneys about his October 2 motion, "combined with [his] repeated refusal to allow Google a reasonable extension to oppose the Motion (given Google's significant delay in receiving it due to lack of notice) reveals no attempt to resolve the outstanding issue in good faith." *Id.* at 7; *see* Gharavi Decl. Ex. A (Gharavi indicating in his August 25 email that he "will, of course, let [Google] know as soon as [a motion is] filed."). Gharavi, in response, urges me to liberally construe his filing as a *pro se* party, and that any "format concerns" could be resolved by "case management alternatives" to avoid "striking a comprehensive brief addressing genuine substantive issues about Rule 45 waiver and §

8

512(k)(1) interpretation." Google Strike Oppo. at 7.

While I agree with Google that certain facts—such as Gharavi's inclusion of new arguments that were not discussed at the parties' meet and confers—suggests bad faith on the part of Gharavi, I do not think such a finding is necessary to resolve this motion. Rather, as described below, the simple fact that the motion to compel exceeds my requirements for such discovery disputes is enough for Google's motion to strike to be granted.

### C. The Length and Format of the Motion Violates Standing Orders.

My standing orders also maintain clear requirements for the length and format for discovery disputes. Specifically, they say that the parties "shall prepare a concise joint statement of five pages or less, stating the nature and status of all pending disputes and certifying that they have met the meet-and-confer requirement." If a joint statement is not possible, "each side may submit a brief individual statement of two pages or less . . . [and] shall include an explanation of why a joint statement was not possible."

Gharavi's motion fails to meet either requirement. His motion to compel was not jointly filed with Google. And while his individual motion does explain why in his view a joint statement was not possible, it quite significantly exceeds my two-page requirement. Gharavi attempts to counter this fact by pointing to Local Rule 7-2(b), which says that all motions shall be contained in "one filed document not exceeding 25 pages in length." N.D. Cal. Civ. L.R. 7-2(b). But, as explained above, Gharavi's argument presumes that this rule applies for "motions filed before assignment to the judge who will hear the matter." Google Strike Oppo. at 3. I now have jurisdiction over this dispute, and my standing rules govern. Local Rule 7-2(b) does not change the fact that Gharavi's motion violates my standing rules.

Because Gharavi's Motion to Compel exceeds the page limit and formatting requirements for discovery disputes, Google's Motion to Strike is GRANTED. I encourage the parties to meet and confer once more to attempt to resolve the disputes mentioned in Gharavi's motion; if this is not possible, then the parties should file a discovery dispute that meets the format and length requirements as outlined by my standing orders.

9

## II. GHARAVI'S MOTIONS

### A. Motion to Compel

As explained above, finding that Gharavi's Motion to Compel is procedurally defective, I decline to address the merits of the motion until the parties have met and conferred again to discuss the issues presented.

### B. Motion for Sanctions

Gharavi also seeks to impose monetary sanctions on Torryn T. Rodgers ("Rodgers"), counsel for Google, in the amount of $5,625. *See* Sanctions Mot. at 1. Gharavi believes sanctions are warranted because Rodgers filed a declaration in support of Google's Reply in Support of its Motion to Strike, in which she asserted that Gharavi "has represented himself *pro se* in fifteen separate cases." *See* Rodgers Strike Decl. at ¶ 2. Rodgers then provided a list of cases pulled from Bloomberg Law, the last being "County of Racine v. Nima Gharavi, No. 2018TR008316 (Wis. Cir. Ct. Apr. 23, 2018." *Id.* Gharavi maintains that he "has never litigated any case in Wisconsin, *pro se* or otherwise, and has no recollection of ever appearing in a Wisconsin court." Gharavi Sanctions Decl. at ¶ 3. As a result, Gharavi contends that "Rodgers' false sworn statement was strategically designed to establish that Mr. Gharavi is an experienced litigant with extensive *pro se* litigation history, thereby defeating Mr. Gharavi's procedural arguments and gaining tactical advantage in Google's Motion to Strike." Sanctions Mot. at 1.

In response, Rodgers contends that this was "simple error" made by her firm's legal research team, and that she "believed that the research tool upon which she relied was accurate." Sanctions Oppo. at 1–2. Counsel for Google then provided a corrected declaration removing the false citation. *Id.* at 2. In Google's view, this error was "not material to the point in support of which the declaration was submitted," which was to show that "Gharavi has engaged in multiple prior proceedings in this Court and elsewhere." *Id.*

Both parties agree that the standard for sanctions in this case is set out in *Fink v. Gomez*, 239 F.3d 989 (9th Cir. 2001). In *Fink*, the Ninth Circuit clarified that courts have the inherent power to issue sanctions when an attorney engages in "reckless misstatements of law and fact, when coupled with an improper purpose, such as an attempt to influence or manipulate

10

1    proceedings in one case in order to gain tactical advantage in another case." *Id.* at 994. In other
2    words, to levy sanctions on an attorney for misconduct under its inherent authority, a court must
3    find that (1) the attorney acted recklessly and (2) with an improper purpose.
4        Neither of those factors are met. With respect to recklessness, Gharavi maintains that
5    Rodgers "bore [a] duty" to ensure that her representations in her declaration were correct, and that
6    she "failed to discharge" such duties. Sanctions Repl. at 2. He also argues that verification
7    through the Wisconsin Circuit Court Portal—a publicly accessible website tracking Wisconsin
8    state cases—was "straightforward and readily available," but Rodgers decided not to use such
9    website. *Id.* at 3.
10       Gharavi primarily relies on *Guangzhou Youlan Technology Corporation v. Onbrill World*,
11   No. 1:25-cv-11051, slip op. at 3–5 (N.D. Ill. Nov. 12, 2025) ("*Guangzhou Youlan*"), to support his
12   motion for sanctions. In *Guangzhou Youlan*, plaintiffs sought to serve a defendant electronically,
13   rather than through traditional means, claiming that the defendant "provided a false name and
14   physical address" in China. *Id.* at 2. The court "expressed concern that the plaintiff was trying to
15   skip a step by forgoing any attempt at traditional service in favor of alternative service," especially
16   after counsel for plaintiff could not provide a "[g]ood faith basis that [the address was] false." *Id.*
17   The court then issued an order to show cause why plaintiff's counsel should not be sanctioned
18   under Rule 11(b). *Id.* Plaintiff's counsel response indicated that he "relied on his paralegal . . .
19   and his client for information about the defendant's name and address," as he did not speak
20   Chinese. *Id.* at 3. The court ultimately sanctioned plaintiff's counsel, finding that he "failed to
21   conduct a reasonable inquiry" into the whereabouts of the defendant, despite knowing that "the
22   location of the defendants provided by Plaintiff was unknown." *Id.* Additionally, plaintiff's
23   counsel had the resources and ability to conduct his own research on the issue, but instead "simply
24   took the information provided by his client" without second thought. *Id.* at 5.
25       *Guangzhou Youlan* is distinguishable on several grounds. In that case, the court was
26   concerned with counsel's failure to research an issue central to the case—how service would be
27   effectuated on a defendant. Here, Rodgers's reference to the cited cases is to support a matter "not
28   material to the point in support of which the declaration was submitted." Sanctions Oppo. at 2.

11

Additionally, unlike in *Guangzhou Youlan*, where plaintiff's counsel expressly acknowledged that he knew the defendant's address was in question, Rodgers relied on Bloomberg Law, a well-trusted database and legal search tool, and had no reason to believe that the information provided was false. *See* Rodgers Sanctions Decl. at ¶ 3. That Rodgers did not utilize a second, outside source to determine the veracity of the cases does not amount to recklessness under either an objective or subjective analysis.

I also agree with Rodgers that her conduct was not in bad faith. While Gharavi suggests that Rodgers included the false criminal case to "falsely associat[e] him with adversarial criminal proceedings," nothing in the record corroborates this conclusion. *See* Sanctions Mot. at 6. Even so, this is not a case where Rodgers attempted to "gain [a] tactical advantage"—rather, it is rooted in a harmless error that does not impact the outcome of the parties' motions. *See Fink*, 239 F.3d at 994. Gharavi's allegations of bad faith are premised entirely on speculation, and I will not impute bad faith on Rodgers absent evidence of bad faith.

Finding that Rodgers' conduct was neither reckless nor in bad faith, Gharavi's motion for compensatory sanctions is DENIED. Gharavi's "claimed hours for sanctions research and briefing were discretionary litigation choices far beyond what would have been necessary to request a simple correction or stipulation to strike." Sanctions Oppo. at 3.

### C.     Motion to Strike

Finally, Gharavi moves to strike Paragraph 6 of Rodgers' Sanctions Declaration as violating Federal Rule of Civil Procedure 56 and the Northern District's Local Rules. Under Local Rule 7-5(b), "[a]n affidavit or declaration may contain only facts, must conform as much as possible to the requirements of Fed. R. Civ. P. 56(e), and must avoid conclusions and argument." Civ. L.R. 7-5(b). Declarations "not in compliance with this rule may be stricken in whole or in part." *Id.*

Paragraph 6 of Rodgers' declaration states: "I reasonably relied on Bloomberg's search results, which appear to have been incorrect. This error was inadvertent, as a result of Bloomberg's reporting, and not made in bad faith." Rodgers Sanctions Decl. at ¶ 6. Gharavi argues that the phrases "[t]his error was inadvertent," "not made in bad faith," and "I reasonably

relied" are legal conclusions that should be stricken from Rodgers' declaration. *See* Gharavi Strike Mot. at 2. I disagree. The first two phrases represent testimony by Rodgers as to her mental state and subjective understanding of the facts relating to the Bloomberg search, a subject of which she is uniquely qualified to testify. And while these terms may have legal implications in other contexts, Rodgers' testimony does not attempt to provide the court with a legal conclusion on the motion for sanctions. Nor does Perkins Coie's "documented linguistic precision" provide a basis for concluding that Rodgers' declaration presented legal conclusions rather than facts. *See* Gharavi Strike Repl. at 3.

What is a closer call is whether the use of the word "reasonably" suggests a legal conclusion as a legal fact. But even if "reasonably" is interpreted as a legal conclusion, I find striking would be inappropriate. "[W]here a paragraph containing an improper legal conclusion is otherwise bookended by admissible statements, as is often the case . . . [courts] consider[] the admissible factual evidence but disregarded the improper legal conclusions and argumentative statements." *Persian Gulf Inc. v. BP West Coast Prods. LLC*, 632 F. Supp. 3d 1108, 1131 (S.D. Cal. 2022). Accordingly, Gharavi's motion to strike is DENIED, and I will not infer any reasonability in Rodgers' actions solely based on the language of Paragraph 6.

## CONCLUSION

A multiplicity of motions has sprung from a simple dispute. The parties should work together and comply with my standing orders governing discovery disputes. If they send a joint letter, I will address the merits of their arguments. Gharavi's motion to compel, motion to strike, and motion for sanctions are all DENIED; Google's motion to strike is GRANTED.

**IT IS SO ORDERED.**

Dated: January 12, 2026

William H. Orrick
United States District Judge