UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NIMA GHARAVI,

          Petitioner,

    v.

GOOGLE LLC,

          Respondent.

Case No.  25-mc-80164-WHO

**ORDER RE DISCOVERY DISPUTE**

Re: Dkt. No. 37

The parties raise a discovery dispute on how Section 512(h) of the Digital Millenium Copyright Act ("DMCA") may apply to this case.  Petitioner Nima Gharavi ("Gharavi") seeks to compel respondent Google, LLC ("Google") to "conduct a search of all systems containing subscriber information for the YouTube accounts identified in [his] subpoena, including YouTube, Google Account, and AdSense databases."  Joint Discovery Dispute ("Dispute") [Dkt. No. 37] at 3.  Google, in turn, maintains that a Section 512(h) subpoena "cannot compel a service like AdSense, which does not store the allegedly infringing information, to disclose information."  *Id.* at 5.

Section 512(h) of the DMCA provides a "streamlined procedure through which copyright holders may subpoena internet service providers . . . for information identifying an alleged copyright infringer."  *In re DMCA § 512(h) Subpoena to Twitter, Inc.* ("*Twitter*"), 608 F. Supp. 3d 868, 877 (N.D. Cal. 2022) (Chhabria, J.); *see* 17 U.S.C. § 512(h).  "'Service providers' generally include entities that maintain websites, deliver network access, or host content on their servers." *In re Subpoena of Internet Subscribers of Cox Comms., LLC* ("*Cox*"), 148 F.4th 1056, 1058 (9th Cir. 2025); 17 U.S.C. § 512(k).

Gharavi's position appears to be this: Google's systems, including YouTube and AdSense,

United States District Court
Northern District of California

are "functional[ly] integrat[ed]," with each system falling under the broad umbrella of Google. *See* Dispute at 1. Google then "propagates user account information across YouTube, Google Account, and AdSense systems through integrated databases that synchronize automatically." *Id.* This structure is similarly reflected in Google's certificate of interested entities, Gharavi argues, as Google does not list YouTube or AdSense as independent service providers. *Id.* In his view, "YouTube and AdSense [therefore] are internal product names for services operated by Google LLC, not separate entities that can fragment disclosure obligations." *Id.* To the extent that "information is unavailable in YouTube databases but available in integrated Google Account and AdSense databases," Gharavi concludes that Section 512(h) "requires searching those . . . integrated solutions." *Id.* at 2.

While Gharavi maintains that Google is trying to "render[] § 512(h) meaningless" by claiming "legal entity separation [to] permit[] selective disclosure searches," Google argues otherwise. *Id.* In its view, Section 512(h) is a "narrow, limited authority" that allows for subpoena requests against a service provider "storing allegedly infringing material" to disclose information identifying the alleged infringer. *Id.* at 3. Here, because the allegedly infringing material was "hosted on YouTube," Google argues that a Section 512(h) subpoena cannot reach a service provider like AdSense who "does not store the infringing material." *Id.* And it does not seem to oppose Mr. Gharavi using a "broader authority, like a Rule 45 subpoena, that is subject to full judicial oversight and other safeguards such as protective orders." *Id.* Accordingly, "to the extent the subpoena purports to compel Google to disclose AdSense identifying information," Google seeks for the subpoena to be squashed. *Id.*

There is very little caselaw to guide my decision in this dispute. I conclude, however, that while Gharavi may be permitted to seek information about AdSense, it may not do so through a 512(h) subpoena. As Google argues, AdSense is a distinct entity from YouTube—users may "form a separate relationship . . . by agreeing to AdSense Terms and Policies and can submit different information when registering for AdSense." *Id.* And individuals may use YouTube without AdSense, and vice versa. *See id.* AdSense also does not appear to perform any storage function, as Google asserts, which would place it outside the scope of a Section 512(h) subpoena

2

power under Section 512(a). *See Cox*, 148 F.4th at 1067 (holding that a DMCA subpoena cannot be issued on an internet service provider who merely transmits the alleged infringing material).

Generally, the types of subpoenas that may be issued prior to the filing of a complaint are quite limited. Section 512(h) is one of them. A Rule 45 subpoena is an option for Gharavi, but not until he files a complaint against a party. Fed. R. Civ. P. 45. There may be other ways to acquire this information. But a Section 512(h) subpoena is the wrong vehicle for Gharavi's goals. His request to compel is DENIED.

**IT IS SO ORDERED.**

Dated: April 8, 2026

William H. Orrick
United States District Judge